UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. and<br>COLUMBIA HOUSING SLP<br>CORPORATION, as limited partners in<br>2013 Travis Oak Creek, LP | §<br>§<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | Civil Action No. 3:17-cv-01521 |
| v. | §<br>§ | |
| 2013 TRAVIS OAK CREEK GP, LLC,<br>2013 TRAVIS OAK CREEK<br>DEVELOPER, INC.,<br>CHULA INVESTMENTS, LTD.,<br>and RENE O. CAMPOS | §<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

PNC BANK, N.A.'S AND COLUMBIA HOUSING SLP CORPORATION'S
ORIGINAL COMPLAINT

Plaintiffs PNC Bank, N.A. (the "**Investment Limited Partner**") and Columbia Housing

SLP Corporation ("**Columbia Housing**") (together, the "**Limited Partners**") file this Complaint

against 2013 Travis Oak Creek GP, LLC (the "**General Partner**"), 2013 Travis Oak Creek

Developer, Inc. ("**Developer**"), Chula Investments, Ltd. ("**Chula**"), and Rene O. Campos

("**Campos**") (collectively, "**Defendants**").

I.   PARTIES

1.      PNC Bank, N.A. is a federally chartered bank with its principal place of business

in Pittsburgh, Pennsylvania. It can be served with papers in this matter through its counsel of

record.

2.      Columbia Housing is an Oregon Corporation with its principal place of business

in Portland, Oregon. It can be served with papers in this matter through its counsel of record.

3.     2013 Travis Oak Creek GP, LLC is a Texas limited liability company. On information and belief, all its members are citizens and residents of Texas. It can be served with process through its registered agent for service of process, 2001 Agency Corporation, 14160 Dallas Parkway, Suite 800, Dallas, Texas 75254.

4.     2013 Travis Oak Creek Developer, Inc. is a Texas corporation with its principal place of business in Dallas, Texas. It can be served with process through its registered agent for service of process, 2001 Agency Corporation, 14160 Dallas Parkway, Suite 800, Dallas, Texas 75254.

5.     Chula Investments, Ltd. is a Texas limited partnership. Its sole general partner is Chula Management, LLC, a Texas limited liability company. On information and belief, all the limited partners in Chula and all the members in its general partner are Texas citizens and/or residents. Chula can be served with process through its registered agent for service of process, 2001 Agency Corporation, 14160 Dallas Parkway, Suite 800, Dallas, Texas 75254.

6.     Renee O. Campos is a Texas citizen and resident. He can be served with process at his home located at 3637 Binkley Ave., Dallas, Texas 75205 or wherever he may be found.

## II.     VENUE AND JURISDICTION

7.     The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because (i) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and (ii) there is complete diversity of citizenship between the Plaintiffs and the Defendants. For purposes of diversity, Plaintiffs are domiciled in Pennsylvania and Oregon, respectively, and Defendants are domiciled in Texas. As described more fully below, Plaintiff seeks damages of more than $75,000.00.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), in that one or more of the Defendants, including Rene O. Campos, reside in this District and pursuant to 28

U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.   BACKGROUND

### A.  Background of the Parties' Relationship and Dispute

9.      On or about May 23, 2014, PNC and Columbia Housing, as the Limited Partners, and 2013 Travis Oak Creek GP, LLC, as the General Partner, entered into that certain Amended and Restated Agreement of Limited Partnership of 2013 Travis Oak Creek, LP (the "**Partnership Agreement**"). The Partnership Agreement is the governing document of 2013 Travis Oak Creek, LP (the "**Partnership**"). A copy of the Partnership Agreement is attached as **Exhibit A**. The Developer also executed the Partnership Agreement and agreed to be bound by certain provisions.

10.      To guaranty the performance of the General Partner under the Partnership Agreement, the Developer, Chula, and Campos (the "**Guarantors**") executed that certain Agreement of Guaranty dated May 23, 2014 (the "**Guaranty**"), for the benefit of the Partnership and the Limited Partners. The Guaranty is attached as Exhibit 5 to the Partnership Agreement.

11.      The purpose of the Partnership is to acquire, construct, and/or rehabilitate as applicable, own, develop, operate, maintain, manage, lease, sell, mortgage, or otherwise dispose of an apartment complex and all other improvements constructed or rehabilitated on property (the "**Property**") located in Austin, Travis County, Texas, more commonly known as the Lucero Apartments (the "**Project**").

12.      The Partnership has several lenders. Among these, by far the largest is JPMorgan Chase Bank, N.A. (the "**Construction Lender**"), which provided a loan of $26 million (the "**Construction Loan**") for the construction of the Lucero Apartments complex. The

Construction Lender has a mortgage on the Property under a deed of trust that secures the Construction Loan. The Construction Loan had an original maturity date of May 23, 2017.

13.     The Construction Loan is a temporary funding arrangement. The Partnership Agreement provides that, on or before the Construction Loan's maturity, the General Partner is required to cause the Partnership to refinance the Construction Loan with a permanent loan to be made pursuant to that certain $27,300,000 Fannie Mae Forward Commitment for Fixed Rate Mortgage Loan dated May 21, 2014 (the "**Forward Commitment**") between the Partnership and PNC Bank, N.A. as a lender and not as a Limited Partner. However, the General Partner caused the Partnership to default under the Forward Commitment. The General Partner's actions were without justification or excuse and, on information and belief, were intended solely for its own benefit or that of its affiliates.

## B.  The General Partner Has Numerous Duties and Obligations to the Limited Partners Under the Partnership Agreement

14.     Under the Partnership Agreement, the General Partner agreed to undertake duties and obligations on behalf of the Partnership for the benefit of the Limited Partners. Among these, the General Partner is required to develop, construct, rehabilitate, and operate the Project. *See* Ex. A. § 6.7. Further, under the Partnership Agreement, the General Partner was required to obtain "**Final Construction Completion**" by no later than the "**Completion Date**" of March 1, 2016. Final Construction Completion was defined to mean the "construction and/or rehabilitation of the Project, as applicable, without lien (unless such liens have been bonded over to the satisfaction of the SLP) or defect in accordance with the Plans and Specifications" attached to the Partnership Agreement. *See* Ex. A at 7.

15.     Because of the importance of completing construction in a timely manner and in keeping the Project within its original budget, the General Partner unconditionally agreed to

guarantee and to promptly pay any "**Development Costs**" (as defined in the Partnership Agreement) when due to the extent that allocated Partnership funds were insufficient to cover such costs. *Id.* § 6.7(j).

16.     The General Partner also agreed to cause the Partnership to promptly pay all Partnership debts when they become due and to perform all other Partnership obligations under all agreements and legal requirements applicable to the Partnership. *Id.* § 6.5(a). The General Partner is also required to cause the Partnership to pay all its accounts payable within sixty (60) days of their respective due dates. *Id.*

17.     The Partnership Agreement provides that if the General Partner fails to fulfill any of its contractual duties and obligations, then an "**Event of Default**" occurs, which allows the Limited Partners to exercise, at their option, several remedies under the Partnership Agreement. Among these, the Limited Partners have the right to remove and replace the General Partner and to require the General Partner to repurchase their interests in the Partnership for a specified value determined under the Partnership Agreement.

**C.  The General Partner Has Defaulted Under the Partnership Agreement**

18.     The General Partner has not complied with its duties and obligations under the Partnership Agreement. In particular, the General Partner has allowed the Partnership to default on the Construction Loan. Although the Construction Loan originally matured on May 23, 2017, the Construction Lender temporarily refrained from declaring a default until June 1, 2017. Because of the General Partner's previous repudiation of the Forward Commitment, the Partnership was left without the ability to repay the Construction Loan by the extended maturity date. On June 2, 2017, the Construction Lender sent the Partnership a Notice of Default declaring the Partnership to be in formal default on the Construction Loan and reserving the right to

exercise any and all remedies against the Partnership, including against any collateral. A copy of that Notice of Default is attached as **Exhibit B**.

19.     Further, the General Partner has not completed construction of the Lucero Apartments as required under the Partnership Agreement. Instead, the General Partner has allowed the defective installation of stucco on the buildings on the Property. This has prevented the Project from achieving Final Construction Completion as required by the Partnership Agreement.

20.     The General Partner's failure with respect to the stucco installation has resulted in a continuing need for an extensive rehabilitation of the apartment buildings on the Property, which has yet to occur. The Partnership will likely incur substantial additional expenses for this remediation, which it may or may not be able to recover from Weis Builders, the Project's general contractor. The general contractor has brought claims against the Partnership for nonpayment (the "**Contractor Litigation**") related to the stucco installation. Additionally, Weis Builders has filed a substantial mechanic's lien against the Property.

21.     The General Partner's failure to comply with its duties and obligations under the Partnership Agreement has resulted in numerous Events of Default. These include the failure satisfy the following provisions of the Partnership Agreement:

(i)     § 7.7(a)(2): Failing to achieve Final Construction Completion by March 1, 2016;

(ii)    § 7.7(a)(5): Allowing multiple events to occur that entitle the Investment Limited Partner or Columbia Housing to exercise their right to require a repurchase of their interests in the Partnership, including:

a.   § 5.5(c)(1): The uncured declaration of default by the Construction Lender;

b.   § 5.5(c)(3): Default under and termination of the Forward Commitment;

    c. § 5.5(d)(3): Failure to achieve "Mortgage Loan Commencement" by the date required by the Forward Commitment or by 36 months after May 23, 2014; and

    d. § 5.5(f): Occurrence of other Event of Defaults under the Partnership Agreement;

(iii)    § 7.7(a)(6): The General Partner's breach of covenants, duties, obligations, representations, and warranties under the Partnership Agreement, including, but not limited to:

    a. § 6.7: Failing to take all action necessary or appropriate for the proper development, rehabilitation, maintenance and operation of the Project in accordance with the Partnership Agreement, the Project Documents and applicable laws and regulations;

    b. § 6.7(g): Failing to achieve Final Construction Completion by the Completion date with no physical or mechanical defects or deficiencies in the condition of the Project which would materially and adversely affect the Project or any portion thereof;

    c. § 6.7(j): Failing to guarantee and fund the payment of all Development Costs not otherwise covered by allocated funds;

    d. § 6.5(h): Allowing a default, Event of Default, and/or event which, with the giving of notice or passage of time or both, would constitute a default, has occurred and is continuing under the Partnership Agreement or any of the Project Documents; allowing a violation of any Lender or Agency requirement(s);

e.  § 6.5(k): Allowing the occurrence an event that would constitute an Event of Withdrawal with respect to the General Partner;

f.  § 6.5(w): Allowing a lien against the Project other than those created or permitted by the Project Documents or noted or excepted in the Title (as those terms are defined in the Partnership Agreement);

g.  § 6.5(x): Allowing a pending suit, the Construction Litigation, against the Partnership which foreseeably would materially or adversely affect the operation of the Partnership or the Project; and

h.  Other breaches under the provisions of the Partnership Agreement;

(iv)  § 7.7(a)(6): The Guarantors' failure to fully satisfy the General Partner's obligations under the Partnership Agreement as required by the Guaranty; and

(v)  § 7.7(a)(7): Allowing the Partnership to default on the Construction Loan and the Forward Commitment.

22.  These failures are direct violations of the General Partner's obligations, duties, representations, and warranties under the Partnership Agreement. The Limited Partners have previously notified the General Partner of its failures, breaches, and defaults. Copies of the Limited Partners' notices to the General Partner are attached as **Exhibits C** and **D**.

23.  Under Section 6.6(d) of the Partnership Agreement, the General Partner is also obligated to indemnify and hold the Limited Partners harmless for any losses, injuries, or damages of any kind whatsoever that the Limited Partners incur that arise out of or relate to any Event of Default or circumstances that would give rise to an Event of Default or to any negligence or misconduct of the General Partner or any of its affiliates that has an adverse effect on the Partnership. Similarly, Section 7.8 of the Partnership Agreement requires that the General

Partner must pay on demand any costs of the Limited Partners in enforcing their rights and remedies under the Partnership Agreement, including all attorneys' fees and expenses. As of the present time, despite demand, the General Partner has not fulfilled these indemnification obligations to the Limited Partners. This constitutes a breach of their covenants under the Partnership Agreement and is therefore an Event of Default.

**D.  General Partner's Failure to Repurchase**

24.     Pursuant to Section 5.1 of the Partnership Agreement, the Limited Partners have the right to require the General Partner to repurchase their respective interests in the Partnership upon the occurrence of any one of several enumerated events. Under Section 5.2, the amount of the repurchase price is equal to: all Capital Contributions (as defined in the Partnership Agreement) previously paid by the Limited Partners to the Partnership; plus interest on such Capital Contributions at an annual interest rate of 10% calculated from the date each Capital Contribution was paid through the payment date of the purchase price; plus a number of other repurchase price elements. In total, this amount substantially exceeds $10,000,000.

25.     Several events triggering the right to demand repurchase of the Limited Partner interests have occurred, including the following:

    i.    § 5.5(c)(1): Failure to cure the Partnership's default under the terms of the Forward Commitment;

    ii.    § 5.5(c)(3): Failure to cause the Partnership to cure the defaults set forth in that certain Notice of Reservation of Rights dated May 23, 2017, from the Construction Lender;

    iii.    § 5.5(d)(3): Failure to achieve "Mortgage Loan Commencement" by the date required by the Forward Commitment or by 36 months after May 23, 2014; and

      iv.    § 5.5(f): The occurrence of other Events of Default under the Partnership Agreement.

26.    On February 28, 2017, the Limited Partners sent a Notice of Default to the General Partner concerning the failures under the Forward Commitment. That letter included a reservation of the right to require a repurchase of the Limited Partners' interests in the Partnership based on that Event of Default. On June 7, 2017, the Limited Partners sent a Demand for Repurchase of their interests in the Partnership to the General Partner. *See* Ex. D. The General Partner has yet to comply with that demand.

**E.  The Guarantors' Defaults.**

27.    As discussed above, the General Partner's obligations are secured by the Guaranty executed by the Developer, Chula, and Campos. *See* Exhibit 5, § 2 to Ex. A. Under the Guaranty, the Guarantors "unconditionally guantee[d] to the Partnership and to the Limited Partners the full and prompt payment, performance, observance, compliance, and satisfaction of all obligations, covenants, representations, and warranties on the part of the General Partner" under the Partnership Agreement "as and when due." *Id.*

28.    Despite this Guaranty, the Guarantors have failed to pay and satisfy the General Partner's obligations under the Partnership Agreement. Specifically, they have failed to guarantee the General Partner's obligation to pay Development Costs that are not satisfied using allocated Partnership funds. Further, they have not remedied the General Partner's numerous breaches of the Partnership Agreement set forth above.

**F.  Columbia Housing Properly Removed the General Partner**

29.    Because of the General Partner's breaches of the Partnership Agreement, Columbia Housing elected to remove the General Partner as general partner of the Partnership.

*See* Ex. D. This was in full accord and compliance with the applicable provisions of the Partnership Agreement.

30.     The removal also constituted an Event of Withdrawal under the Partnership Agreement. Pursuant to Section 9.1 of the Agreement, upon the occurrence of that Event of Withdrawal, the General Partner automatically ceased to be a general partner of the Partnership, and Columbia Housing became the replacement general partner. Furthermore, the General Partner automatically relinquished to Columbia Housing (1) its entire economic interest in the Partnership and (2) all unpaid fees from the Partnership to the General Partner and its affiliates, including without limitation, any unpaid fees, deferred development fees, reimbursements of amounts advanced or other amounts distributions, profits, deferred fees and other amounts, whether earned or not.

## IV.    CAUSES OF ACTION

### COUNT I
### (Breach of Contract: Partnership Agreement Duties and Obligations)

31.     The Limited Partners hereby incorporate the allegations contained in paragraphs 1–30 above as if fully set forth herein.

32.     The Partnership Agreement is a valid, binding contract, between the Limited Partners and the General Partner.

33.     The General Partner breached the Partnership Agreement when it failed to perform in accordance with its terms, as set forth above. Specifically, the General Partner has breached the following provisions in the Partnership Agreement by failing, without legal excuse or justification, to perform according to their terms: Section 6.5(h), Section 6.5(k), Section 6.5(w), Section 6.5(x), Section 6.6(d), Section 6.7, Section 6.7(g), Section 6.7(j), Section 7.7(a)(2), Section 7.7(a)(5), Section 7.7(a)(6), Section 7.7(a)(7), and Section 7.8. As a direct

result of these breaches, the Limited Partners have suffered damages in an amount that well exceeds the minimum jurisdictional limits of this Court.

34.     Under the terms of the Partnership Agreement, the Limited Partners are entitled to recover such damages and their attorneys' fees through trial, appeal, and Supreme Court review.

35.     All conditions precedent for the Limited Partners to recover have occurred or have been performed or have been waived.

## COUNT II
### (Breach of Contract: Failure to Repurchase)

36.     The Limited Partners hereby incorporate the allegations contained in paragraphs 1–30 above as if fully set forth herein.

37.     The General Partner breached the Partnership Agreement by failing to repurchase the Limited Partners' interests in the Partnership upon demand as was required of it pursuant to Article V of the Partnership Agreement. As a direct result of these breaches, the Limited Partners have suffered damages in an amount that well exceeds the minimum jurisdictional limits of this Court.

38.     Under the terms of the Partnership Agreement, the Limited Partners are entitled to recover such damages and their attorneys' fees incurred in bringing this action (through trial, appeal, and Supreme Court review) and in taking other efforts to enforce their rights under the Partnership Agreement.

39.     All conditions precedent for the Limited Partners to recover have occurred or have been performed or have been waived.

## COUNT III
### (Suit on Guaranty)

40.     The Limited Partners hereby incorporate the allegations contained in paragraphs 1–30 above as if fully set forth herein.

41.     The Guarantors entered into the Guaranty for the benefit of the Partnership and the Limited Partners. The Guaranty is a valid and binding agreement of guaranty, and the Limited Partners are express, intended beneficiaries of the obligations contained therein. The Limited Partners are entitled to direct recourse against the Guarantors to the extent that the General Partner has not fulfilled any of its duties or obligations under the Partnership Agreement.

42.     The Guarantors breached the Guaranty when they failed to perform the obligations required of the General Partner under the Partnership Agreement and/or by failing to ensure that the General Partner performed, observed, and complied with the same. As a direct result of the Guarantors' breaches, the Limited Partners have suffered damages in an amount that well exceeds the minimum jurisdictional limits of this Court.

43.     Under the terms of the Guaranty, the Limited Partners are entitled to recover their attorneys' fees incurred in bringing this action through trial, appeal, and Supreme Court review and in taking other efforts to enforce their rights under the Guaranty.

44.     All conditions precedent for the Limited Partners to recover under the Guaranty have occurred or have been performed or have been waived.

**COUNT IV**
**(Declaratory Judgment)**

45.     The Limited Partners hereby incorporate the allegations contained in paragraphs 1–30 above as if fully set forth herein.

46.     The Limited Partners request that this Court declare the rights of the parties under the various contracts. Specifically, the Limited Partners request that the Court declare that the General Partner was properly removed as general partner of the Partnership, that Columbia Housing has become the replacement general partner, and that an Event of Withdrawal has

occurred under the Partnership Agreement. The Limited Partners further request that the Court declare that the General Partner has automatically relinquished to Columbia Housing (1) its entire economic interest in the Partnership and (2) all unpaid fees from the Partnership to the General Partner and its affiliates, including without limitation, any unpaid fees, deferred development fees.

47.     Pursuant to controlling, substantive law, the Limited Partners are also entitled to their attorneys' fees and costs through trial, appeal, and Supreme Court review as may be equitable and just.

## COUNT V
### (Breach of Fiduciary Duty)

48.     The Limited Partners hereby incorporate the allegations contained in paragraphs 1–30 above as if fully set forth herein.

49.     The General Partner owed the Limited Partners fiduciary duties of care, loyalty, and good faith.

50.     The General Partner breached its fiduciary duty of care to the Limited Partners by causing the Partnership to default on the Forward Commitment and to default on the Construction Loan. This was not a reasonable exercise of the General Partner's business judgment.

51.     Further, the General Partner breached its fiduciary duties of loyalty and good faith by taking actions that had a detrimental effect on the Partnership and the Limited Partners' interests therein and that were calculated to cause a benefit to the General Partner and its affiliates. In particular, it caused the default under the Forward Commitment for the purpose of attempting to pressure the Limited Partners into make additional capital contributions to the Partnership that were outside the terms of the Partnership Agreement.

52.     As a result of the General Partner's breaches of its fiduciary duties, the Limited Partners were injured and the General Partner benefited. The Limited Partners have suffered damages in an amount that exceeds the minimum jurisdictional limits of this Court. The Limited Partners sue herein to recover such damages.

53.     All conditions precedent for the Limited Partners to recover have occurred or have been performed or have been waived.

## V.     REQUEST FOR RELIEF

Plaintiffs PNC Bank, N.A. and Columbia Housing SLP Corporation, as the Limited Partners in 2013 Travis Oak Creek, L.P., respectfully request that the Court:

1.     Enter judgment in favor of the Limited Partners against the General Partner for breach of the Partnership Agreement and against the Guarantors for breach of the Guaranty, and award the Limited Partners their actual direct, indirect, general, special, and consequential damages caused by those breaches;

2.     Enter a Declaratory Judgment providing that the General Partner was removed as general partner of the Partnership, that Columbia Housing has become the replacement general partner, and that an Event of Withdrawal has occurred under the Partnership Agreement. The Limited Partners further request that the Court declare that the General Partner has automatically relinquished to Columbia Housing (1) its entire economic interest in the Partnership and (2) all unpaid fees from the Partnership to the General Partner and its affiliates, including without limitation, any unpaid fees, deferred development fees;

3.     Award the Limited Partners their reasonable and necessary attorneys' fees, costs, and expenses incurred in this action through trial, appeal, and Supreme Court review and in taking steps to enforce their rights under the Partnership Agreement and the Guaranty;

4.      Award the Limited Partners prejudgment and post-judgment interest and costs; and

5.      Grant the Limited Partners such other and further relief to which they may be justly entitled.

Dated: June 8, 2017.

By: /s/ *Robert M. Hoffman*
Robert M. Hoffman
Texas Bar No. 09788200
robhoffman@andrewskurth.com
James C. Bookhout
Texas Bar No. 24087187
jamesbookhout@andrewskurth.com
**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:   (214) 659-4400
Facsimile:    (214) 659-4401

**ATTORNEYS FOR PLAINTIFFS**
**PNC BANK, N.A. AND COLUMBIA HOUSING**
**SLP CORPORATION**