# EXHIBIT D



**ANDREWS KURTH**

1717 Main Street, Suite 3700
Dallas, Texas 75201
214.659.4400 Phone
214.659.4401 Fax
andrewskurth.com

Kathleen J. Wu
214.659.4448 Phone
kwu@akllp.com

June 7, 2017

**VIA FEDEX, CERTIFIED MAIL, RETURN RECEIPT REQUESTED AND U.S. MAIL**

2013 Travis Oak Creek GP, LLC
603 W 8th Street
Austin, Texas 78701
Attn: Rene Campos

**VIA FEDEX, CERTIFIED MAIL, RETURN RECEIPT REQUESTED AND U.S. MAIL**

2013 Travis Oak Creek GP, LLC
c/o Eureka Multifamily Group
3001 Knox Street, Suite 400
Dallas, Texas 75205
Attn: Rene Campos

Re: Amended and Restated Agreement of Limited Partnership of 2013 Travis Oak Creek, LP, a Texas limited partnership (the "*Partnership*"), dated as of May 23, 2014 (with any amendments and modifications thereto specifically approved in writing by the limited partners, the "*Partnership Agreement*"), among 2013 Travis Oak Creek GP, LLC, a Texas limited liability company (the "*General Partner*"), PNC Bank, National Association, a national banking association (the "*Investment Limited Partner*"), and Columbia Housing SLP Corporation, an Oregon corporation (the "*Special Limited Partner*", together with the Investment Limited Partner, the "*Limited Partners*")

**(i) DEMAND FOR REPURCHASE OF LIMITED PARTNER INTERESTS AND (ii) NOTICE OF REMOVAL OF GENERAL PARTNER PURSUANT TO SECTION 7.7(c) OF THE PARTNERSHIP AGREEMENT AND (iii) NOTICE OF EVENT OF WITHDRAWAL OF GENERAL PARTNER PURSUANT TO SECTION 9.1 OF THE PARTNERSHIP AGREEMENT**

Ladies and Gentlemen:

As you know, this firm represents and writes to you on behalf of the Limited Partners. Capitalized terms not defined herein shall have the meaning ascribed to it in the Partnership Agreement.

    (i)    **DEMAND FOR REPURCHASE**

Pursuant to that certain Notice of Default under Forward Commitment by PNC Bank, National Association delivered to the Partnership dated December 27, 2016, the Partnership is in

2013 Travis Oak Creek GP, LLC
June 7, 2017
Page 2

default under the terms of that certain $27,300,000 Fannie Mae Forward Commitment for Fixed Rate Mortgage Loan dated May 21, 2014 which has now been terminated. The General Partner has failed to timely cure those defaults under the Partnership Agreement that were outlined in that certain Notice of Default, Demand for Performance and Reservation of Right to Require Repurchase Pursuant to Partnership Agreement dated February 28, 2017 (the "*Notice of Default*"). Additionally, the General Partner has failed to cause the Partnership to cure the defaults set forth in that certain Notice of Reservation of Rights dated May 23, 2017 from JPMorgan Chase Bank, N.A., such that a Permitted Loan Event of Default has now been declared, among other repurchase triggers. Pursuant to <u>Section 5.1(c)(1)</u>, <u>Section 5.1(c)(3)</u> and <u>Section 5.1(f)</u> of the Partnership Agreement, this letter shall serve as written notice to General Partner demanding repurchase of the Limited Partners' respective interests in the Partnership at the purchase price outlined in <u>Section 5.2</u> of the Partnership Agreement. Pursuant to the terms of <u>Section 5.3</u> of the Partnership Agreement, **the full amount of the purchase price must be paid by General Partner to each Limited Partner within thirty (30) days from the date hereof, the same being July 7, 2017,** and any failure to so timely make such payment will result in interest accruing as set forth therein.

    (ii)    **NOTICE OF REMOVAL OF GENERAL PARTNER PURSUANT TO <u>SECTION 7.7(c)</u> OF THE PARTNERSHIP AGREEMENT AND NOTICE OF EVENT OF WITHDRAWAL OF GENERAL PARTNER PURSUANT TO <u>SECTION 9.1</u> OF THE PARTNERSHIP AGREEMENT**

The General Partner continues to be in breach of and in default under the Partnership Agreement as provided in the Notice of Default, among other defaults. These include, by way of example, but without limitation: (i) the failures referenced in the Notice of Default, and (ii) uncured defaults under Permitted Loans as set forth in <u>Section 7.7(a)(7)</u>. These failures constitute, both separately and in the aggregate, grounds for removal of General Partner as general partner pursuant to <u>Section 7.7(c)</u> of the Partnership Agreement. Pursuant to the terms of the Partnership Agreement, this letter shall serve as a notice from the Special Limited Partner of the removal of the General Partner as a general partner of the Partnership (the "*Removal*").

Please be advised that the Removal constitutes an Event of Withdrawal under the Partnership Agreement and such Event of Withdrawal is in violation of <u>Section 9.1</u> of the Partnership Agreement. As a result, the General Partner is no longer the general partner of the Partnership. In addition to all other legal remedies which may be pursued, the General Partner relinquishes to the Special Limited Partner (or its designee) the General Partner's entire Partnership interest and all unpaid fees from the Partnership to the General Partner and its Affiliates, including without limitation, any unpaid fees, deferred development fees, reimbursements of amounts advanced or other amounts distributions, profits, deferred fees and other amounts, whether earned or not. In particular, payment of the Deferred Development Fee is deferred in accordance with the Partnership Agreement. Per <u>Section 9.1</u>, the General Partner shall remain liable for all of its obligations under the Partnership Agreement, including, without

2013 Travis Oak Creek GP, LLC
June 7, 2017
Page 3

limitation, Capital Contributions relating to the Deferred Development Fee, Adjustment Amounts relating to any recapture or reduction of Tax Credits, and every other obligation of the General Partner set forth in the Partnership Agreement. Demand is hereby made for the General Partner to deliver to the Special Limited Partner any and all documents and information relating to the Partnership currently in the General Partner's possession, including but not limited to all Partnership books, records, reports and accounts. Failure to do so will in no way impact or affect the fact that the General Partner is no longer a general partner of the Partnership. Furthermore, demand is made for the General Partner to transfer to the Special Limited Partner complete control of all funds currently held by or on behalf of the Partnership.

Alternatively, to the extent the General Partner's interests were not relinquished in accordance with the foregoing, Section 7.7(c) of the Partnership Agreement further provides that effective upon the removal of General Partner, the Special Limited Partner or its designee automatically shall become a general partner and acquire the interest of the removed or withdrawn general partner in consideration of the lesser of a cash payment of $100.00 or the amount of the removed General Partner's Capital Account, less any damages to the Partnership connected with removal. Accordingly, please be advised that the Special Limited Partner shall automatically become the successor general partner pursuant to Section 7.7(c)(1) of the Partnership Agreement, as applicable. Enclosed is this firm's check provided to you on behalf of the Special Limited Partner payable to the order of General Partner in the amount of $100.00.

This letter is not intended to recite each and every agreement, right or obligation of General Partner or agreement, right or obligation of the Partnership or any Limited Partner in connection with General Partner's removal as a general partner or otherwise, so General Partner should not infer from the absence of a reference herein to any such other right or obligation that either the Partnership or the Limited Partners intend not to honor such right or perform such obligation to the extent required under the Partnership Agreement.

We remind you that Section 7.7(d) of the Partnership Agreement provides that effective upon the removal of a general partner, such general partner continues to be liable for its obligations under the Partnership Agreement, except as specifically limited by the terms of Section 7.7(d). Moreover, Section 7.7 grants the Special Limited Partner an irrevocable power of attorney, coupled with an interest, to take all action and do all things necessary or appropriate to implement and carry out the provisions of Section 7.7 of the Partnership Agreement.

The Partnership and its Limited Partners have incurred or suffered significant costs, expenses, obligations, liabilities, losses and damages, and will continue to do so in the future as a result of General Partner's conduct, including without limitation its failure to perform its agreements and obligations under the Partnership Agreement. Please know that the Partnership and the Limited Partners intend to avail themselves of any offset rights which they may be directly or indirectly entitled to under the Partnership Agreement or otherwise.

DAL:956266.1

2013 Travis Oak Creek GP, LLC
June 7, 2017
Page 4

General Partner and its officers, directors, shareholders, members, employees, attorneys, accountants, agents and representatives are hereby expressly prohibited from (i) holding General Partner out as a general partner or other authorized agent or signatory of the Partnership to any third party (including, without limitation, any financial institution holding Partnership funds on deposit or in escrow and any property manager or leasing agent for the Project), (ii) expending Partnership funds or incurring costs or expenses on the Partnership's behalf, (iii) taking any action with the intent to bind, or that would bind, the Partnership to any monetary or non-monetary obligation of whatever kind or nature (including, without limitation, the ratification, modification, extension or enlargement of any existing obligation), or (iv) taking any other action with respect to the Partnership that is reserved to a general partner generally, or to General Partner specifically, under the Partnership Agreement or applicable law.  To the extent General Partner possessed any of the foregoing rights and powers in its former capacity as general partner under the Partnership Agreement, all such rights and powers are hereby revoked.

Furthermore, and in addition to all other demands, requests and notices set forth in this letter or in previous correspondence or communications, demand is hereby made that General Partner turn over any and all books and records, reports (including, without limitation, reports to be completed or distributed to any Partners pursuant to the terms of the Partnership Agreement) and other items in its possession relating, in whole or in part, directly or indirectly, to the Partnership or General Partner in its former capacity as a general partner.  Please further advise, in writing, as to the status of all reporting and other delivery obligations that are in progress.  Without limiting the generality of the foregoing, demand is hereby made that General Partner turn over any and all documents, agreements, contracts, records, reports, correspondence, communications, notices, surveys, plans, specifications and any and all other materials of whatever kind or nature (including, without limitation, electronic copies of the foregoing) in General Partner' possession or control relating to (i) any construction, improvements, additions, modifications, repairs, replacements or maintenance to the Project (including, without limitation, any work in progress and contemplated work not yet commenced), and (ii) any claim or threatened claim by any party against the Project or the Partnership.  All of the foregoing information and materials should be delivered to Kathleen J. Wu, as counsel for the Limited Partners, 1717 Main Street, Suite 3700, Dallas, TX 75201; Phone 214.659.4448, either by hand delivery or certified U.S. mail, return receipt requested, no later than ten (10) days following the date of this letter.

Neither this letter nor any previous or contemporaneous correspondence or other communications (including all communications directly from or on behalf of the Limited Partners) is intended to be, nor should it be construed as, an election of remedies by either of the Limited Partners or a waiver of any rights, benefits, agreements, remedies or recourses to which either of them may be entitled.  Each of the Limited Partners hereby reserves any and all rights, remedies, agreements, benefits and recourses available to it under the Partnership Agreement or any other agreement, document or instrument to which either of the Limited Partners is a party or possesses rights as a direct or third party beneficiary, or otherwise at law or in equity, together

DAL:956266.1

2013 Travis Oak Creek GP, LLC
June 7, 2017
Page 5

with any and all claims, counterclaims or defenses the Limited Partners may have under the Partnership Agreement or otherwise at law or in equity in connection with any negligence, misconduct, or otherwise on the part of General Partner. The Limited Partners continue to reserve the right to seek recovery of any and all costs, expenses, damages and other recoverable amounts, whether or not demanded hereunder, including, without limitation, any actual, punitive or other damages. The recital herein of any default under the Partnership Agreement shall not be deemed a waiver of any other events of default, conditions or circumstances that exist but not specified or which may occur at a later date regardless of whether the same are known to the Limited Partners.

If any party who receives this letter is a debtor in a bankruptcy subject to the provisions of the United States Bankruptcy Code (Title 11 of the United States Code) (the "*Code*"), this letter is merely intended to be written notice that formal demand has been made in compliance with the Partnership Agreement and applicable law. This letter is not an act to collect, assess or recover a claim against you, nor is this letter intended to violate any provisions of the Code. Any and all claims that the Limited Partners assert against General Partner will be properly asserted in compliance with the Code in its respective bankruptcy proceedings.

Thank you for your immediate attention to this important matter.

Very truly yours,

Kathleen J. Wu

cc:  Chaiken & Chaiken, P.C.                **VIA FEDEX, CERTIFIED MAIL,**
     5801 Tennyson Parkway, Suite 440       **RETURN RECEIPT REQUESTED,**
     Plano, Texas 75024                     **U.S. MAIL AND EMAIL**
     Attn: Kenneth B. Chaiken, Esq.         (*kchaiken@chaikenlaw.com*)

     Rene O. Campos                         **VIA FEDEX, CERTIFIED MAIL,**
     603 W 8th Street                       **RETURN RECEIPT REQUESTED,**
     Austin, Texas 78701                    **AND U.S. MAIL**

     2013 Travis Oak Creek Developer, Inc.  **VIA FEDEX, CERTIFIED MAIL,**
     603 W 8th Street                       **RETURN RECEIPT REQUESTED,**
     Austin, Texas 78701                    **AND U.S. MAIL**
     Attn: Rene O. Campos

DAL:956266.1

2013 Travis Oak Creek GP, LLC
June 7, 2017
Page 6

| | |
|---|---|
| Chula Investments, Ltd.<br>603 W 8th Street<br>Austin, Texas 78701<br>Attn: Rene O. Campos | **VIA FEDEX, CERTIFIED MAIL,<br>RETURN RECEIPT REQUESTED,<br>AND U.S. MAIL** |
| Mr. J. Kirk Standly | **VIA EMAIL** |
| Joy O'Brien, Esq.<br>Mr. David Hasselwander<br>Ms. Lisa Williams | **VIA EMAIL**<br>**VIA EMAIL**<br>**VIA EMAIL** |

DAL:956266.1

