# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 2013 TRAVIS OAK CREEK GP, LLC, and 2013 TRAVIS OAK CREEK, LP, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:17-cv-560-RP |
| PNC BANK, NATIONAL ASSOCIATION and COLUMBIA HOUSING SLP CORPORATION, | § § § § § | |
| Defendants. | § § | |

## ORDER

On June 13, 2017, the Court held a hearing in the above-entitled action on Plaintiffs' Consolidated Verified Emergency Motions for Appointment of a Receiver, and/or for a Temporary Restraining Order and Preliminary Injunction, (Dkt. 9). The Court does not reach the merits of Plaintiffs' motion but rather concludes this action is appropriately stayed pending resolution of a motion to transfer in the United States District Court for the Northern District of Texas.

On June 8, 2017, Defendants, acting as plaintiffs, filed a similar action in the Northern District of Texas, (Cause No. 3:17-cv-1521-K). On the morning of June 9, Plaintiffs filed the instant action in the 126th District Court of Travis County, Texas. On the afternoon of June 9, Defendants removed the state court action to this Court. The two actions involve the same parties and present substantially overlapping questions of fact and law.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed,

1

stayed or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.,* 125 F.3d 914, 920 (5th Cir. 1997). Thus, once the district court finds that the second-filed action substantially overlaps with the first-filed action, one proper course of action is to transfer the case to the court where the first-filed action is pending. *Cadle*, 174 F.3d at 606. Another appropriate course of action is to stay the second-filed action pending resolution of a motion to transfer in the first-filed action. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 n.1 (5th Cir. 1985) ("A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer. If that court transfers the first-filed action, the stay could be lifted and the actions consolidated. If the transfer is denied, however, the stay could be lifted and the second-filed action dismissed or transferred.").

In light of the first-to-file rule, the Court concludes it would be inappropriate to rule on Plaintiffs' request for preliminary relief while a substantially similar and previously filed action is pending in another district. The Court makes no finding as to whether the Northern or Western District of Texas is the appropriate venue for this litigation. Rather, the Court determines that the appropriate venue ought to be decided by the Northern District, where the first-filed action is pending. Plaintiffs represent that they intend to file a motion to transfer in the Northern District. Accordingly, the Court concludes this action should be stayed pending resolution of Plaintiffs' motion to transfer in the Northern District.

For the foregoing reasons and the reasons stated on the record, this action is hereby **STAYED** pending resolution of a forthcoming motion to transfer in the United States District Court for the Northern District of Texas. The parties are **ORDERED** to file status update stating whether a motion to transfer has been filed in the Northern District within sixty days of the date of

this order. The parties are also **ORDERED** to notify the court immediately upon resolution of the motion to transfer.

    **SIGNED** on June 14, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE