IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION, as partners in 2013 Travis Oak Creek, LP, and 2013 TRAVIS OAK CREEK, LP,<br><br>       Plaintiffs,<br><br>v.<br><br>2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:17-CV-1521-K |

## ORDER

Plaintiff filed this action in this Court against Defendants for various claims, including a declaratory judgment, stemming from alleged breaches related to a partnership agreement between them. *See generally* Plaintiffs' Amended Complaint (Doc. No. 9). The purpose of the partnership agreement involves an apartment complex project located in Austin, Texas. The Court questions whether there is complete diversity in this case, as the members and/or sub-members of the limited

ORDER – PAGE 1

partnerships and limited liability company parties are not listed.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 196 (1990)(diversity jurisdiction is determined by citizenship of "'all the members'" of the unincorporated entity or association); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010)( if any member of the LLC and/or limited partnership is itself an unincorporated association, such as an LLC, court must "know the citizenship of each 'sub-member' as well.").   But the Court first addresses whether the Northern District of Texas is even the proper venue.

Plaintiffs' Original Complaint alleged venue was proper in this District because "a substantial part of the events or omissions giving rise to this action occurred in this District" and Defendant Rene O. Campos resides here.  *See* Plaintiff's Original Complaint (Doc. No. 1).  After learning Defendant Campos had relocated to Austin, Texas, Plaintiffs amended their complaint the next day to remove the allegation that venue was proper because Defendant Campos resided in this District.  Plaintiffs' Amended Complaint now alleges venue is proper in the Dallas Division of the Northern District of Texas because "a substantial part of the events or omissions giving rise to this action occurred in this District."  Although Plaintiffs' counsel asserts that some of the alleged partnership agreement breaches occurred in this District, no other connections between this case and this division, or even this

District, exist. Plaintiffs' counsel confirmed that no Defendant resides in this District; they are located in Austin, Texas. Austin is in Travis County, which is located in the Western District of Texas. 28 U.S.C. § 124(d)(1). On the Court's own motion, this case is **TRANSFERRED** to the United States District Court for the Western District of Texas, Austin Division. 28 U.S.C.§§ 1404(a), 1406(a).

**SO ORDERED.**

Signed June 15th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE