UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. and<br>COLUMBIA HOUSING SLP<br>CORPORATION, as partners in 2013<br>Travis Oak Creek LP, and 2013 TRAVIS<br>OAK CREEK, LP | § <br> § <br> § <br> § <br> § <br> § | |
| **Plaintiffs,** | § <br> § | **Civil Action No. 1:17-cv-00584-RP** |
| V. | § <br> § | |
| 2013 TRAVIS OAK CREEK GP, LLC,<br>2013 TRAVIS OAK CREEK<br>DEVELOPER, INC., CHULA<br>INVESTMENTS, LTD., and<br>RENE O. CAMPOS | § <br> § <br> § <br> § <br> § <br> § | |
| **Defendants.** | § | |

### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

2013 Travis Oak Creek GP, LLC (the "Travis GP"), 2013 Travis Oak Creek Developer, Inc. ("Developer"), Chula Investments, Ltd. ("Chula"), and Rene O. Campos ("Campos") (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(1), file this Motion to Dismiss for Lack of Subject Matter Jurisdiction and respectfully show as follows:

### RELEVANT FACTS AND PROCEDURAL BACKGROUND

1.      On or about May 23, 2014, Plaintiffs PNC Bank and Columbia Housing, as limited partners, and Defendant 2013 Travis Oak Creek GP, LLC, as the general partner, entered into a certain Amended and Restated Agreement of Limited Partnership of 2013 Travis Oak Creek, LP (the "Partnership Agreement").  The Partnership Agreement is the governing

document of 2013 Travis Oak Creek, LP (the "Partnership").   A copy of the Partnership Agreement is already before the Court.

2.      The purpose of the Partnership is to acquire, construct, own, develop, operate, maintain, manage, lease, and ultimately sell the "Lucero Apartments" — a complex (the "Property") located just north of Oltorf Road in Austin, Travis County, Texas.  The Partnership Agreement vests in the general partner responsibility for management of the Partnership's business, including but not limited to a right to borrow money, pledge security, purchase insurance, and prosecute or defend litigation on behalf of the Partnership.  *See* § 6.1.  Some of the general partner's powers are subject to consent by the limited partners.  *See* § 6.2.  "No Limited Partner shall take part in, or interfere in any manner with the management, control, conduct or operation of the Partnership, or have any right, power or authority to act for or bind the Partnership."  *See* § 7.2.

3.      On June 7, 2017, Plaintiffs (other than the Partnership) sent notice to 2013 Travis Oak Creek GP, LLC ("Defendant GP") alleging (among other things) that such Plaintiffs claimed they had removed Defendant GP as general partner of the Partnership, that Defendant GP had withdrawn from the Partnership, and that Defendant GP had sold its interest in the Partnership to Plaintiff Columbia Housing SLP Corporation.

4.      On June 8, 2017, Plaintiffs (other than the Partnership) filed this action as Civil Action No. 3:17-cv-01521-K in the Northern District of Texas (the "Dallas Case").   That evening, those Plaintiffs were notified that Defendant GP and the Partnership intended to seek a temporary restraining order on the question of the purported removal of Defendant GP as general partner and purported forfeiture of its partnership interest, and the appointment of a receiver over the Partnership and its property, in Austin.

5.     On the morning of June 9th, Plaintiffs in this case were notified that State District Judge Rhonda Hurley, District Court of Travis County, had agreed to hear the then forthcoming, to-be-filed application for temporary restraining order and for appointment of a receiver, at 3:30 p.m. on June 9th.

6.     While Defendant GP and the Partnership were completing their Petition for filing, the original complaint in this case was amended to, among other things, add the Partnership as a Plaintiff.

7.     When the parties arrived in Judge Hurley's court at the time designated by Judge Hurley, Plaintiffs here announced they had filed a notice of removal, establishing jurisdiction of the case filed in State District Court, in this Court (now Civil Action No. 1:17-CV-00560-RP). Judge Pittman subsequently stayed that case following a hearing on the preliminary relief requested by Plaintiffs in that case in their original petition, based upon the "first filed rule," noting that a question exists concerning whether there is diversity jurisdiction in the case.  The stay was ordered pending decision by the Court in the Northern District regarding where venue was proper.

8.     The asserted basis for federal jurisdiction in the Amended Complaint in this action is complete diversity of citizenship.  Doc. No. 9, ¶ 8, pp. 2 – 3.  Plaintiffs contend that "for purposes of diversity, the Limited Partners are domiciled in Pennsylvania and Oregon and the Partnership is therefore domiciled in both of those states; and, Defendants are domiciled in Texas." *Id.* at p. 3.  ¶ 8.  The diversity allegation ignores the citizenship of the Partnership's general partner.  Additionally, on June 15, 2017, Judge Kinkaid entered an order in this case stating, among other things, the following:

> The Court questions whether there is complete diversity in this case, as the members and/or submembers of the limited

partnerships and limited liability company parties are not listed.
[citations omitted]

9.      There is no diversity because the Partnership – a plaintiff – is a citizen of Texas,

Oregon and Pennsylvania, and all of the Defendants are citizens of Texas.

## ARGUMENTS AND AUTHORITIES

10.     The complaint must, but does not, contain the essential facts that establish the

jurisdiction alleged, beyond conclusory allegations.  Rule 8(a)(1), F. R. Civ. P.; e.g., *Celli v.*

*Shoell,* 40 F.3d 324, 327 (10th Cir. 1994).  It likewise fails to fully address or correctly allege

each party's citizenship, as it must.  E.g., *Carolina Casualty Ins. v. Team Equip., Inc.,* 741 F.3d

1082, 1087-88 (9th Cir. 2014).

11.     Citizenship is determined at the time of filing.  *Grupo DataFlex v. Atlas Glob.*

*Group, L.P.*, 541 U.S. 567, 124 S. Ct. 1920, 1922, 158 L. Ed. 2d 866 (2004).  The citizenship of

a partnership, whether general or limited, is based upon the citizenship of each of its partners.

*See e.g. Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1079 (5th Cir. 2008); *Lone Star Fund*

*IV (US) LP v. Lee*, 2010 WL 1790392, *2 (defendant's New Jersey citizenship was imputed to

plaintiff as limited partner of plaintiff, thus no diversity).

12.     Once the Amended Complaint was filed adding 2013 Travis Oak Creek, LP – the

Partnership – as a party plaintiff, diversity was destroyed.  This is because 2013 Travis Oak

Creek GP, LLC – a Texas citizen (as admitted by Plaintiffs in the Amended Complaint) – is a

partner in the Partnership.  Whether or not 2013 Travis Oak Creek GP, LLC has been removed

as a partner in the Partnership is one of the ultimate issues to be determined in this case.  The

Plaintiffs recognize and acknowledge that 2013 Travis Oak Creek GP, LLC does not agree with

and has not agreed that it has been removed as a partner in the Partnership.  *See* Doc. No. 9, at p.

12.  And, as a result, recognizing the uncertainty and the existence of a judicially ripe question

and controversy on the issue, the Plaintiffs have asserted a cause of action for a Declaratory Judgment. *Id.* at p. 14.

Accordingly, because complete diversity does not exist, the Court should dismiss this case on the basis of lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**<u>PRAYER</u>**

WHEREFORE, Defendants pray that the Court grant this Motion to Dismiss, dismissing this case for lack of subject matter jurisdiction, along with all such other and further relief to which Defendants are justly entitled.

Respectfully submitted,


*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken
State Bar No.  04057800
kchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Parkway
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

William S. Rhea
State Bar No. 16807100
brhea@dbcllp.com
**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000
(512) 457-8008 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**
**2013 TRAVIS OAK CREEK, GP, LLC**
**AND 2013 TRAVIS OAK CREEK, LP**

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that a true and correct copy of this *Motion to Dismiss* has been served upon all counsel of record by electronic service and/or electronic mail on this 16th day of June, 2017.


      /s/ *Kenneth B. Chaiken*
      Kenneth B. Chaiken