UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PNC BANK, N.A. and §<br>COLUMBIA HOUSING SLP §<br>CORPORATION, as partners in §<br>2013 Travis Oak Creek, LP, and §<br>2013 TRAVIS OAK CREEK, LP §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>2013 TRAVIS OAK CREEK GP, LLC, §<br>2013 TRAVIS OAK CREEK §<br>DEVELOPER, INC., §<br>CHULA INVESTMENTS, LTD., §<br>and RENE O. CAMPOS §<br>§<br>Defendants. § | Civil Action No. 1:17-cv-00584-RP |

**PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs PNC Bank, N.A. ("**PNC**"), Columbia Housing SLP Corporation ("**Columbia**"), and 2013 Travis Oak Creek, LP (the "**Partnership**") (collectively, "**Plaintiffs**") file this Emergency Motion for Expedited Discovery (the "**Motion**") and Brief in Support.

**I. INTRODUCTION**

The Court should enter an order permitting limited, expedited discovery to allow the parties to prepare for the upcoming hearing on, and to present evidence to the Court concerning, their competing requests for preliminary injunction in this matter. Plaintiffs have moved for an order enjoining Defendants 2013 Travis Oak Creek GP, LLC (the "**First GP**"), 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd., and Rene O. Campos (collectively "**Defendants**") from interfering with Columbia Housing's role as the sole general partner in the Partnership. The First GP has moved for essentially the opposite injunctive relief. The Court has

set a hearing on these requests for July 21, 2017 at 10:00 a.m. Allowing the discovery requested in this Motion will permit the parties to more fully prepare for a hearing on the requests for injunctive relief, narrow the issues, and will allow the Court to make a more informed determination.

## II. ARGUMENT & AUTHORITIES

In support of their pending request for a preliminary injunction and to defend against the competing request from the First GP, Plaintiffs seek leave to conduct expedited discovery. Specifically, Plaintiffs request that the Court (i) permit the parties to conduct limited discovery prior to the initial conference as permitted by FED. R. CIV. P. 26(d), and (ii) consider this Motion on an expedited basis, shortening the time for response by Defendants.

Federal Rule of Civil Procedure 26(d) permits a court to allow expedited discovery on a showing of good cause. *Tracfone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-cv-0398-B, 2008 WL 9189243, at *1 (N.D. Tex. Mar. 13, 2008); *Providence Prop. & Cas. Ins. Co.v. Peoplease Corp.*, No. 4:06-cv-285, 2007 WL 2241492, at *2 (E.D. Tex. Aug. 3, 2007). An order for expedited discovery is particularly appropriate in a case seeking a preliminary injunction. *See Tracfone Wireless*, 2007 WL 9189243, at *1; *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, ET. AL, 8A FEDERAL PRACTICE & PROCEDURE § 2046.11993 & n.7 (3d ed.).

Further, the Court has inherent authority to modify the schedule for briefing and consideration of matters pending before it. *See Chambliss v. Ashcroft*, No. 3:06-CV-0204-M., 2006 WL 1581959, at *25 n.28 (N.D. Tex. May 19, 2006).

Here, good cause exists because Plaintiffs have filed an application for preliminary injunction seeking an order: (1) finding that Defendant 2013 Travis Oak Creek GP, LLC was removed as the general partner of the Partnership, and (2) enjoining Defendants (and any person

acting in active concert with them) from taking any action that interferes with Columbia Housing's singular exercise of its role, authority, powers, control, rights, duties, obligations, or privileges as general partner of the Partnership. The limited discovery Plaintiffs propose would assist the Court in assessing this matter and in reaching a decision regarding Plaintiffs' request. Defendants have unique knowledge regarding their actions with respect to the Partnership, particularly with regard to communications and interactions with third parties, the First GP's defaults under the Partnership, and any defenses Defendants may have to the injunctive relief sought. Plaintiffs deserve an opportunity to perform accelerated discovery into Defendants' defenses, and develop that evidence and present it to the Court in support of their request for preliminary injunction.  This information is also critical to permitting Plaintiffs to respond to and prepare for a hearing on the First GP's request for injunctive relief.

Accordingly, Plaintiffs request that the Court permit each side of this litigation to take limited discovery on an expedited schedule by each serving ten (10) requests for production, ten (10) interrogatories, and ten (10) requests for admission (with each discrete subpart to count as a separate request) per side, with any objections due by no later than four (4) calendar days after the date of service and with substantive written responses due and the production of documents to occur by seven (7) calendar days after the date of service. Further, each side should be allowed to take one (1) deposition at the location of the witness no later than seven (7) calendar days after substantive responses and documents are produced.

In light of the harm posed to Plaintiffs by Defendants' ongoing usurpation of Columbia Housing's role as the general partner in the Partnership, Plaintiffs respectfully submit that the scope of this discovery is reasonable and can be accomplished without undue burden. Further, a

more comprehensive record will assist the Court in making a determination on the parties' requests for injunctive relief.

### III. CONCLUSION

Plaintiffs respectfully request that the Court (i) permit expedited discovery on the issues set forth in each side's request for preliminary injunction; (ii) allow each side to serve ten (10) requests for production, ten (10) interrogatories, and ten (10) requests for admission (with each discrete subpart to count as a separate request), with any objections due by no later than four (4) calendar days after the date of service and with substantive responses due and the production of documents to occur by seven (7) calendar days after the date of service; (iii) allow each side to take one (1) deposition at the location of the witness (or as otherwise agreed by the parties) by no later than seven (7) calendar days after the substantive responses and documents are produced. Plaintiffs also request that the Court grant them all such other and further relief to which they may be justly entitled.

| | |
|---|---|
| Dated: June 21, 2017. | By: /s/ *Robert M. Hoffman*<br>Robert M. Hoffman<br>Texas Bar No. 09788200<br>robhoffman@andrewskurth.com<br>James C. Bookhout (*seeking admission*)<br>Texas Bar No. 24087187<br>jamesbookhout@andrewskurth.com<br>**ANDREWS KURTH KENYON LLP**<br>1717 Main Street, Suite 3700<br>Dallas, Texas 75201<br>Telephone:  (214) 659-4400<br>Facsimile:   (214) 659-4401<br><br>David P. Whittlesey<br>Texas Bar No. 00791920<br>dwhittlesey@andrewskurth.com<br>**ANDREWS KURTH KENYON LLP**<br>111 Congress Avenue, Suite 1700<br>Austin, Texas 78701<br>Telephone:  (512) 320-9200<br>Facsimile:   (512) 320-9292<br><br>**ATTORNEYS FOR PLAINTIFFS**<br>**PNC BANK, N.A., COLUMBIA HOUSING SLP CORPORATION, AND 2013 TRAVIS OAK CREEK, LP** |

## CERTIFICATE OF CONFERENCE

On, Thursday, June 15, 2017, Rob Hoffman, counsel for Plaintiffs, contacted Ken Chaiken, counsel for Defendants, via telephone and discussed the possibility of expedited discovery, specifically outlining the relief sought in this Motion. Mr. Chaiken stated he would have to think about it, but did not get back to Plaintiffs about the request. On Friday, June 16, 2017, Mr. Hoffman again proposed expedited discovery to Mr. Chaiken and to the Court during a hearing on the parties' respective requests for interim relief. Mr. Chaiken asked the Court to delay a decision so that he could speak to Mr. Hoffman about the request after the hearing. On June 20, 2017, Mr. Hoffman sent several emails to Mr. Chaiken re-urging Plaintiffs' request for expedited discovery and including a copy of this Motion, but he received no substantive response. On June 21, 2017, Mr. Hoffman sent another email to Mr. Chaiken reminding him of the short time frame before the Court's impending vacation and asking if he would agree to the requested relief. Mr. Chaiken sent an email stating that he is opposed to the Motion. Given the short time period remaining for the Court to consider the request for expedited discovery, Plaintiffs respectfully submit this emergency request for that relief.

*/s/ Robert M. Hoffman*
Robert M. Hoffman

## CERTIFICATE OF SERVICE

I certify that on June 21, 2017, a copy of the foregoing document was served on counsel for the Defendants in this case via email and on all counsel of record via the Court's CM/ECF facilities.

*/s/ Robert M. Hoffman*
Robert M. Hoffman