# UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **2013 TRAVIS OAK CREEK GP, LLC** | § | |
| **and 2013 TRAVIS OAK CREEK, LP,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **1:17-CV-560-RP** |
| **v.** | § | |
| | § | |
| **PNC BANK, N.A. and COLUMBIA** | § | |
| **HOUSING SLP CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |
| ------------------------------------------------- | | **Consolidated with and now** |
| | | **assigned civil action no.:** |
| **PNC BANK, N.A., and** | § | |
| **COLUMBIA HOUSING SLP** | § | |
| **CORPORATION, as partners in** | § | |
| **2013 Travis Oak Creek, LP, and** | § | |
| **2013 TRAVIS OAK CREEK, LP** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **1:17-cv-584-RP** |
| **v.** | § | |
| | § | |
| **2013 TRAVIS OAK CREEK GP, LLC,** | § | |
| **2013 TRAVIS OAK CREEK** | § | |
| **DEVELOPER, INC.,** | § | |
| **CHULA INVESTMENTS, LTD.** | § | |
| **and RENE O. CAMPOS** | § | |
| | § | |
| **Defendants.** | § | |

## RESPONSE TO MOTION FOR EXPEDITED DISCOVERY

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula

Investments, Ltd., Rene O. Campos and 2013 Travis Oak Creek, LP ("Respondents") file this

Response to the Motion for Expedited Discovery filed by Plaintiffs PNC Bank, N.A., Columbia Housing SLP Corporation and 2013 Travis Oak Creek, LP [1] ("Movants"), and respectfully show as follows:

## LIMITED DISCOVERY IS NECESSARY

Respondents agree that the Court should enter an order permitting limited discovery prior to an initial conference, and in preparation for the upcoming July 21st hearings on the parties' cross motions for preliminary injunction, and the continued hearing of 2013 Travis Oak Creek GP, LLC's application to appoint a receiver for the Partnership (the "July Hearing").

Movants originally insisted upon taking a single deposition and sought to limit written discovery to 10 requests for production, 10 interrogatories and 10 requests for admission. They now seek to depose two specific representatives of the Respondents in a corporate representative and in their personal capacities, and are agreeable to the service of 20 requests for production, 20 requests for admission and 10 interrogatories, per side. Movants concede that Respondents need to depose PNC Bank, National Association and Columbia Housing SLP Corporation, through David Hasselwander. *See,* Exhibit "A" – email exchanges between counsel as of 4:44 p.m., June 26, 2017, and a red-lined proposed agreed order showing Respondents' proposed form of order, as explained in the last email.

The points of disagreement that appear to remain unresolved are:

1. Whether corporate representative deposition notices should be limited to 10 specified topics; and,

2. What constitutes relevant topics, for purposes of conducting discovery in anticipation of the July 21st hearings.

As Exhibit "A" reveals, there is a disagreement between the parties concerning the role and relevance of PNC Bank, National Association's conduct, actions and omissions as a failed

---

[1] Movants and Respondents have both sued on behalf of 2013 Travis Oak Creek, LP (the "Partnership").

lender to the Partnership with regard to the July Hearing.  But as Judge Pitman observed in his Order filed June 19, 2017, there are substantial questions to be considered at the July Hearing concerning whether 2013 Travis Oak Creek GP, LLC has committed defaults under the Partnership Agreement, including those alleged by PNC Bank and Columbia Housing, SLP, and whether any of the alleged defaults arose out of circumstances created by PNC Bank and/or Columbia Housing, SLP, occurred with their consent, and/or whether prior defaults or breaches by PNC Bank and/or Columbia Housing, SLP relieved 2013 Travis Oak Creek GP, LLC from any of its obligations under the Partnership Agreement.  *See*, Doc. 18 at pp. 8-9.

Respondents need to depose one or more representatives of PNC Bank, N.A. regarding: a) the facts underlying the defaults it alleges under the Forward Commitment, and those alleged against it; b) the specific out of pocket losses to third parties, if any, that PNC Bank suffered as a result of non-conversion of the Forward Commitment; c) dialogue between PNC Bank acting as a lending bank and PNC Bank and/or Columbia acting as partners, regarding those two topics; and, d) the facts and circumstances giving rise to PNC Bank's claim that a third-party investor charged PNC Bank a closing extension fee.  These are key issues, requiring discovery in advance of the July 21, 2017 hearings they relate to, whether, when why and how each of the circumstances giving rise to the events of default alleged by PNC and Columbia, occurred.

Respondents respectfully suggest that the proposed Order attached as Exhibit "B" represents an efficient and reasonable discovery plan.

Respectfully submitted,

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken
State Bar No.  04057800
kchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Parkway
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

William S. Rhea
State Bar No. 16807100
brhea@dbc.com

**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000
(512) 457-8008 (Facsimile)

**ATTORNEYS FOR RESPONDENTS**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on this 26th day of June, 2017.

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken