# EXHIBIT A

# Kenneth Chaiken

| | |
|---|---|
| **From:** | Kenneth Chaiken |
| **Sent:** | Monday, June 26, 2017 4:44 PM |
| **To:** | Bookhout, James; Hoffman, Rob |
| **Cc:** | brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore; Kenneth Chaiken |
| **Subject:** | RE: accelerated and limited discovery in preparation for PI hearing |
| **Attachments:** | Proposed Agreed Order re Motion for Expedited Discovery REDLINE.docx |

Good afternoon Rob and James.

Please see the attached redlined proposed Agreed Order. As you will see, it confirms who will be deposed and when, and further confirms the numbers of written discovery disputes. It does not contain a limit on deposition topics. Instead, it allows the parties to object to notices served upon them, if need be, and for the court to resolve all such objections, and any objections served to written discovery, if we are unable to resolve the same by agreement before the Court hears the objections.

Please let me know if you are willing to sign off on this version, by sending it back, with changes accepted, and with signature blocks added and your signature included. I will add mine and file the same with the Court.

Meanwhile, due to time constraints, unless we have a signed order within the next 15 minutes, I will file our response to your motion. That response will report to the Court where we are, and will include our thoughtful email exchanges (including this one), and this proposed form of order, for the Court's consideration.

Thanks,

Ken

**From:** Kenneth Chaiken
**Sent:** Monday, June 26, 2017 4:26 PM
**To:** 'Bookhout, James'; Hoffman, Rob
**Cc:** brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

I am forwarding in a few minutes, a revised version of the proposed agreed order. The revisions are being processed in redline format, now.

Ken

**From:** Bookhout, James [mailto:JamesBookhout@andrewskurth.com]
**Sent:** Monday, June 26, 2017 3:26 PM
**To:** Kenneth Chaiken; Hoffman, Rob
**Cc:** brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

Ken,

Attached is an updated order in redline reflecting the red items below.

**James C. Bookhout**

1

Associate

**ANDREWS KURTH KENYON LLP**
+1.214.659.4447 Phone | +1.214.659.4401 Fax
+1.214.659.4543 Assistant - Cindy Curry

---

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Monday, June 26, 2017 2:47 PM
**To:** Hoffman, Rob; Bookhout, James
**Cc:** brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

Kindly send over a revised proposed agreed order that reflects the red items below. I can then do a quick redline mark up and hopefully, we can get to a finish line on these items.

Thanks.

Ken

---

**From:** Hoffman, Rob [mailto:RobHoffman@andrewskurth.com]
**Sent:** Monday, June 26, 2017 2:46 PM
**To:** Kenneth Chaiken; Bookhout, James
**Cc:** brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

## Ken, my response is in **red** below.

**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700 | Dallas, Texas 75201
+1.214.659.4653 Phone | +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter

**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700 | Dallas, Texas 75201
+1.214.659.4653 Phone | +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter

---

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Monday, June 26, 2017 1:47 PM
**To:** Bookhout, James; Hoffman, Rob
**Cc:** brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

Not surprisingly, this proposed order most certainly is NOT at all what *we* have agreed to. It fails to address where and when the depositions will take place **(Dallas, starting the day following meditation, subject to witness scheduling agreed to by the lawyers),** and it rather conspicuously includes an impossibility-- which is that David Hasselwander will appear on behalf of PNC, regarding issues that we necessarily need to discover through the deposition of PNC via bank

side personnel who you have identified to be Abi Tobun and Mark Gittelman **(we intended to provide for the designation of Abi Tobun with the language concerning additional corporate representatives as necessary in response to your 10 topics; assuming your noticed topics include the ones in your email below with regard to PNC-lender, Tobun is who will likely be designated as to those, not Mr. Hasselwander).**

I have a response to file to the motion and because I am not optimistic we have an agreement or will reach one, and I do not have time to continue negotiating that point with you, I have to turn my attention to that response. Please either revise the proposed order to accurately reflect our agreements with regard to all of the items addressed above or tell me you won't do so, because we are not in agreement on those issues.

**PNC reserves all rights.**

Thanks,

Kenneth Chaiken


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com


**From:** Bookhout, James [mailto:JamesBookhout@andrewskurth.com]
**Sent:** Monday, June 26, 2017 1:36 PM
**To:** Hoffman, Rob; Kenneth Chaiken
**Cc:** brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

Ken,

Please see attached a proposed agreed order on expedited discovery.

**James C. Bookhout**
Associate

**ANDREWS KURTH KENYON LLP**
+1.214.659.4447 Phone  |  +1.214.659.4401 Fax
+1.214.659.4543 Assistant - Cindy Curry


**From:** Hoffman, Rob
**Sent:** Monday, June 26, 2017 1:29 PM
**To:** Kenneth Chaiken
**Cc:** Bookhout, James; brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

3

Ken, I have an important 1:30 call, but James will send you a proposed agreed order shortly. If you have changes I won't be able to review them until the call ends, which could be awhile.

Rob

**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700  |  Dallas, Texas 75201
+1.214.659.4653 Phone  |  +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter

---

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Monday, June 26, 2017 12:29 PM
**To:** Hoffman, Rob
**Cc:** Bookhout, James; brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

Rob

Again with due respect, I honestly do not know how close we actually are and it is your evolving position that continues to cause me to view the idea of closer as being too elusive to figure it out.
I think I have made my position clear.  And, I am on a response deadline at this point.  In that it is your motion, you know what my position is, and you know what you are agreeable to where I do not, kindly prepare a draft agreed order that you can live with and that incorporates what you think our agreement is, and I can react to it promptly.

Thanks,

Ken


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com


---

**From:** Hoffman, Rob [mailto:RobHoffman@andrewskurth.com]
**Sent:** Monday, June 26, 2017 12:23 PM
**To:** Kenneth Chaiken
**Cc:** Bookhout, James; brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

4

Thanks for your email Ken. I think some (and who knows, maybe all) of what we're jousting about is semantics and therefore think the parties are closer than you seem to think. Rather than continue down the email rabbit hole, plz send us your proposed Order and we will send you our proposed edits if any.

Rob

**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700  |  Dallas, Texas 75201
+1.214.659.4653 Phone  |  +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter

---

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Monday, June 26, 2017 12:01 PM
**To:** Hoffman, Rob
**Cc:** Bookhout, James; brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

Rob:

Sorry, but we clearly are not yet on the same page.

PNC Bank, National Association is a party to the litigation. The notion that it is not part of the PI hearing to the extent of its capacity as a lender, is a silly fiction created by PNC to avoid the consequences of its irreconcilable conflicting behaviors. PNC is a party to the litigation and regardless of your contentions regarding its limited capacity, its conduct in all capacities is at issue in the PI hearing, particularly since its conduct and assertions of default, acting as a lender (and those we have asserted against it as a lender), are at the core of the remaining disputes. And with due respect, the notion that there has not been dialogue between PNC as a partner and lender about these topics, and about the MBS investor fee charge, is just false. That dialogue started long ago. Its occurrence has been admitted by your clients and by Ms. Wu, and it has obviously included your own communications with PNC, in its capacity as bank. How else would you know who its designated witnesses, as a bank, would be?

Someone authorized to bind PNC as a lender needs to attend the mediation as the mediation would be pointless without such a person there, to deal with the breakage fee dispute, which is driving all other disputes. And someone (maybe more than one person as you have observed) on the so called bank side of PNC, needs to be deposed on the topics of interest to us that I have identified. That person cannot be David Hasselwander as you clearly understand and recognize, and instead is likely to be Abi Tobun, Mark Gittelman or perhaps both. While you now seem to be balking on producing Mr. Hasselwander to testify on behalf of the LPs after recognizing he is the person with knowledge of the facts and circumstances giving rise to the parties' disputes and contentions, it doesn't matter whether he will be produced as a designated representative of the LPs, or not. We still want his deposition simultaneously with whoever it is that you designate for the entities, just as you want Rene Campos' and Mark Rogers' depositions, were they not the individuals designated for the entity parties you want to depose. And in that regard, you will get a deposition of Mr. Campos and Mr. Rogers regardless of their produced capacities.

I cannot and therefore will not agree to limit deposition topics to 10 most notably due to your attempt to treat PNC as if it is two separate entities, combined with your telegraphed belief that what we want to discover from PNC, acting as bank, will be objected to as not relevant. And while it looks like we are agreed on the number of written discovery

requests per side, since you are excluding PNC, as a bank, from the definition of your side, the notice for its deposition in that capacity will need to include a document request.

Finally, your message is silent about dates, location and order of depositions.

Let me know how you want to proceed from here, but with the clarifications above, my proposal of earlier remains the same. Do you accept it? If so, I will send over an agreed order shortly.

Regards,

Ken


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com


---

**From:** Hoffman, Rob [mailto:RobHoffman@andrewskurth.com]
**Sent:** Monday, June 26, 2017 10:29 AM
**To:** Kenneth Chaiken
**Cc:** Bookhout, James; brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing


Ken,

Thanks for your email. We agree to mediate in Dallas. Thank you for relenting on that. I will check with my clients about July 11 and July 12; subject to their and the mediator's availability, those dates are fine. We will attend the mediation with a representative of PNC, as limited partner, and Columbia Housing, as the current general partner (we understand that you disagree with this statement about the current GP). As previously stated, we do not represent PNC, as lender; not is the lender part of the PI hearing. We cannot attend mediation with a representative of PNC, as lender, and cannot act on its behalf. We will propose three mediators shortly for your assessment.

Although it is still more than necessary, we are generally fine with your proposal for 20 requests for production, 20 requests for admission, and 10 interrogatories (per side, not per party), to the each is directly relevant to the PI hearing.

6

As to depositions, we think that ten topics for a corporate representative deposition are more than sufficient, and we again request that you agree to this limitation. PNC, as limited partner, and Columbia Housing, as the current general partner, will designate definitive corporate representative(s) once we see your topics, which we anticipate will be David Hasselwander, although that is not confirmed. Again, as to your topics in 2(c), we do not know that that PNC, as lender, can be designated to testify about something that has not occurred (the "dialogue"), and we do not understand your reference to an "MBS investor." We are reserving our right to object to any topic to the extent it is necessary, and we assume you will do the same. To be clear, as previously stated, we do not represent PNC, as lender. We are also agreeable to allowing any depositions (as agreed to or as permitted by the Court) to go forward in Dallas after the mediation if it is unsuccessful.

We are fine with taking the depositions of Rene Campos and Mark Rogers; however, to be clear, we are not agreeing to forgo a corporate representative deposition of your clients. If either or both of Mr. Campos or Mr. Rogers are not designated as corporate representatives for your entity clients, we would want to take their depositions separately. So, we are asking that you agree to a corporate representative deposition of your clients on up to 10 deposition topics and separate depositions of Mr. Campos and/or Mr. Rogers to the extent they are not designated to testify as corporate representatives of your entity clients. If they are, we will take their depositions in their personal capacity simultaneously with the corporate representative deposition. I think that is what you proposed; this is just to clarify.

Please let me know if we're on the same page.

Thanks,

Rob

**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700 | Dallas, Texas 75201
+1.214.659.4653 Phone | +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter

---

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Monday, June 26, 2017 8:56 AM
**To:** Hoffman, Rob
**Cc:** Bookhout, James; brhea@dbcllp.com; Whittlesey, David; Kirk Standly; Allen Roach; Lisa Delcore
**Subject:** RE: accelerated and limited discovery in preparation for PI hearing

7

Top of the morning to you, Rob.

Ignoring the melodrama that permeates your message below, including your incorrect statement about who the current general partner is (please note that my failure to directly address anything specific in your email should not be construed as my agreement, unless I expressly agree below) I respond as follows:

1. I have spoken with my clients and we will agree to mediate in Dallas (please i.d. several mediators you like that fit the profile we have discussed), provided we agree on the remaining items below.

2. RFP's and RFA's and Roggs—20, 20,and 10, respectively, per SIDE (not party).

3. Subject to asking the Court to allow us to depose others should the following depositions or your production (or lack thereof), indicate a need for the same (and we are not able agree to proceed with those additional depositions), we will depose: 1) David Hasselwander (as designated representative for Columbia and PNC, as LPs); and, 2) one or more designated representatives of PNC Bank who are knowledgeable about, and can testify about: a) the facts underlying the alleged defaults under the Forward Commitment (those we allege against PNC, and those it alleges against the Partnership), b) the specific out of pocket losses to third parties, if any, that PNC suffered as a result of non-conversion of the Forward Commitment, c) the dialogue between PNC as a bank, and PNC or Columbia, as partners, about these two topics; and the facts and circumstances giving rise to PNC's claim that a so-called MBS investor charged an extension fee, when the commitment closing was extended from November of last year, to May. I am not identifying a specific person at PNC. I am merely requesting that whoever PNC designates comes with knowledge. I doubt we will exceed ten topics per deposition, but since I do not know what that means, I am reluctant to limit the topics per deposition to ten.

4. We will produce Rene Campos and Mark Rogers for depositions, on our side, and you may similarly reserve the right to ask the Court to allow you to depose others should these depositions or our production (or lack thereof) indicated a need for the same.

5. I propose that we mediate on July 11th and/or 12th in Dallas. If we are unable to reach a settlement during the mediation, we would start the depositions, and complete them in Dallas, as I assume Mr. Hasselwander and at least one of the representatives of PNC on the bank side who would testify for it will be at the mediation (given a need to deal with the breakage fee dispute). We can agree upon an alternating schedule of witnesses (yours, mine, yours, mine) that allows us to have transcripts available for the July 21st hearing, on an expedited basis if need be.

Rob-- this is our final proposal so please let me know, promptly, if we can agree, as I intend to file a response to the Motion (per the Court's response order) by 1 p.m. today. It would be nice if we can submit an Agreed Order in lieu of a more adverse response.

In closing, my clients reserve all rights, claims, causes of actions and defenses, and waive none of the conflicts that severely affect PNC Bank, National Association, regardless of any segregated capacity arguments your law firm, or any other, or PNC itself, may assert.

Best regards,

Ken


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440

Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com

---

**From:** Hoffman, Rob [mailto:RobHoffman@andrewskurth.com]
**Sent:** Saturday, June 24, 2017 10:24 AM
**To:** Kenneth Chaiken
**Cc:** Bookhout, James; brhea@dbcllp.com; Whittlesey, David; Kirk Standly
**Subject:** accelerated and limited discovery in preparation for PI hearing

Ken,

I've had a chance to speak with my client about your proposal. We are willing to mediate in Austin as you have insisted even though I personally think it's an ill-advised choice. Our client will travel from out of state, and you and I both know that traveling to Dallas and then traveling to Austin adds at least a half day of travel. On top of that, both our clients will be wasting money by having their Dallas lawyers travel to Austin and back. It's much less expensive for your client to travel to Dallas than the burden of the foregoing. Settlements are strange things and sometimes the mood with which one attends mediation impacts the parties' ability to get a deal done. I would hope that wouldn't be a factor here and will strive to avoid that clouding the mediation discussions, but I nevertheless think your insistence on Austin is poorly conceived for the unnecessary cost and burden reasons set forth above, and generally sets a bad tone.

In any event, we will not be able to mediate in Austin until after the July 4th holiday weekend. Early next week isn't doable, and it might be hard to find a strong mediator who is available on such short notice in any event. As previously stated, we are open to hearing your proposals for mediators. Again, we suggest that you provide us with 3 names that are agreeable to you and let us pick the one (or vice versa). We recommend that the parties' pleadings serve as the mediation position papers.

On the issue of expedited discovery, we are willing to agree to 15 RFPs, 15 RFAs, and 10 Rogs per side. In looking at the issues you want to discover, 15 RFPs is more than adequate.

We would be willing to agree to the following depositions per side to be taken at the witnesses' location (i.e., counsel will travel as needed). As to Deposition #1, we would take a corporate representative deposition of all of your entity clients. We assume you would probably designate Rene Campos and/or Mark Rogers as the corporate representative, and

9

we would be willing to take their depos also in their personal capacity simultaneously. If either Mr. Rogers or Mr. Campos is not so designated, we'll depose him in his individual capacity as Depo #2. If a third person is going to be designated as defendants' corporate rep, then we'll be deposing three witnesses.

We understand that you would like to take a corporate representative deposition of PNC, as limited partner, and Columbia Housing, as the current general partner, and we would likely designate David Hasselwander to testify simultaneously for both, depending on the specific topics.

While we know that you want to depose Mark Gittelman's, please be advised that he is an attorney for PNC, as lender, and most of what he may know and his conversations are protected by the attorney-client privilege. Moreover, as a lawyer for PNC, he is highly unlikely to have any information regarding the areas of interest identified in your email. PNC, as lender, will probably need to designate more than one person to testify for a corporate representative deposition. As to the topics identified in your email, the likely witnesses would be as follows: a) Abi Tobun (regarding the facts underlying the alleged defaults under the Forward Commitment), b) Abi Tobun (regarding the out of pocket losses that PNC suffered as a result of non-conversion of the Forward Commitment); c) We cannot designate a representative regarding the "dialogue between PNC as a bank, and PNC or Columbia, as partners, about these two topics" because there has been no such dialogue; and d) We are not sure what your final topic refers to; if you are referring to PNC's relationship as DUS lender for Fannie Mae, then Abi Tobun would likely testify to that issue. That said, at first blush we don't see the relevance of this inquiry; please educate us. Other counsel for PNC, as lender, may defend such depositions. So, based on your request, it appears we will be offering Messrs. Hasselwander, Gittelman (on a limited basis), and Tobun, subject to our analysis of the deposition topics.

Again, the full corporate representative deposition notice would be limited to 10 topics per side.

Please let us know if we're in agreement. Plaintiffs reserve all rights to reassess the situation based on your response and notice of corp. rep. topics.

Thanks,

Rob

**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700 | Dallas, Texas 75201

+1.214.659.4653 Phone | +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter


**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700 | Dallas, Texas 75201
+1.214.659.4653 Phone | +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter

---

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Friday, June 23, 2017 12:39 PM
**To:** Hoffman, Rob
**Cc:** Bookhout, James; brhea@dbcllp.com; Whittlesey, David; Kirk Standly
**Subject:** RE: Activity in Case 1:17-cv-00584-RP PNC Bank NA et al v. 2013 Travis Oak Creek GP LLC et al Notice (Other)

Hi Rob.

You know I wasn't suggesting mediating at the apartments but thanks for providing a little comic relief, by raising that issue! I like your humor.

Here is the deal on mediation. This is not a matter requiring mediation between the lawyers- it is a matter between the parties themselves. Other than you and I being in Dallas, Dallas has no connection to the dispute. Judge Kinkeade made that clear, didn't he? In any event, we will need people on both sides with authority to talk and settle, to participate. On my end, those people are in Austin. On your end, those people certainly are not in Dallas. Accordingly, that you and I are in Dallas and that you don't know any appropriate mediators in Austin, are two wholly irrelevant factors. There are terrific mediators in Austin. I bet Bill Rhea and David Whittlesey can identify several strong and qualified candidates, within an hour after receiving this email. And I encourage them to do just that.

Let's try to get a mediation scheduled in Austin, on Monday, Tuesday, or Wednesday of next week, if at all possible. Matters affecting the partnership demand that we do so, promptly.

Meanwhile, let's see if we can work out the interim discovery disagreement we are having. Having honed in a little bit more or what we really need at this point, I am willing to reduce the numbers of RFP's and RFA's to 25 and 25, per SIDE (not party). With regard to depositions, subject to being asking the Court to allow us to depose others should the following depositions or your production (or lack thereof), indicate a need for the same and we cannot agree to proceed with those additional depositions, we are willing to limit the depositions we need to take to: 1) David Hasselwander (assuming he is authorized to speak for Columbia and PNC, as LP's, as he has been doing ever since identifying himself as the common point of contact for both, for all business purposes), 2) one or more designated representatives of PNC Bank who are knowledgeable about, and can testify about: a) the facts underlying the alleged defaults under the Forward Commitment (those we allege against PNC, and those it alleges against the Partnership), b) the specific out of pocket losses to third parties, if any, that PNC suffered as a result of non-conversion of the Forward Commitment, c) the dialogue between PNC as a bank, and PNC or Columbia, as partners, about these two topics; and the facts and circumstances giving rise to PNC's claim that a so-called MBS investor charged an extension fee, when the commitment closing was extended from November of last year, to May.

In short, while there may be more than one person designated to testify for PNC on the listed topics, I want only two actual depositions—one of the LP's through Hasselwander, and one of the PNC Bank, on the topics listed. I would like to conduct these depositions in Austin, where the litigation is located, given that they are both depositions of parties.

I propose that we take these depositions (and the one of my client representative that you desire) on mutually agreeable dates between July 11th and July 19th, so we can have transcripts available for the July 21st hearing, on an expedited basis if need be.

I look forward to your prompt response to the foregoing proposal.

Thanks and regards,

Ken


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com

Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.


Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.


Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.

Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.

Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.

Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.