# EXHIBIT B

| | | |
|---|---|---|
| Corporations Section<br>P.O.Box 13697<br>Austin, Texas 78711-3697 | | Rolando B. Pablos<br>Secretary of State |

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

PNC BANK, NATIONAL ASSOCIATION
Filing Number: 37625

Appointment Of Agent                                                                 January 30, 1997

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on June 30, 2017.



Rolando B. Pablos
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

| | | |
|---|---|---|
| Phone: (512) 463-5555 | Fax: (512) 463-5709 | Dial: 7-1-1 for Relay Services |
| Prepared by: SOS-WEB | TID: 10266 | Document: 747953000003 |

In the Office of the
Secretary of State of Texas

JAN 3 0 1997

CORPORATIONS SECTION

PNCBANK

## POWER OF ATTORNEY

PNC Bank, National Association, Trustee under Third Supplemental Trust Indenture Dated January 30, 1997 for the Montgomery County Industrial Development Corporation Variable Rate Demand Industrial Development Revenue Bonds, Series of 1985 (Houston Area Research Center Project) does hereby make, constitute, and appoint the then serving Secretary of State for the State of Texas, and his or her successors in office, its true and lawful attorneys, to accept all service of process in any action or proceeding against PNC Bank, National Association affecting or relating to: (1) the holders of Montgomery County Industrial Development Corporation Variable Rate Demand Industrial Development Revenue Bonds, Series of 1985 (Houston Area Research Center Project), for which holders PNC Bank, National Association is serving as Trustee or (2) the acts or defaults of PNC Bank, National Association, Trustee under Third Supplemental Trust Indenture Dated January 30, 1997 for the Montgomery County Industrial Development Corporation Variable Rate Demand Industrial Development Revenue Bonds, Series of 1985 (Houston Area Research Center Project), while acting in that fiduciary capacity. The acceptance of process by said attorney shall be of the same force and effect as if PNC Bank, National Association were a corporation organized under the laws of the State of Texas and had been lawfully served with process within the State of Texas.

The rights and powers granted herein shall be irrevocable and of infinite duration.

IN WITNESS WHEREOF, PNC Bank, National Association, Trustee under Third Supplemental Trust Indenture Dated January 30, 1997 for the Montgomery County Industrial Development Corporation Variable Rate Demand Industrial Development Revenue Bonds, Series of 1985 (Houston Area Research Center Project), has caused this Power of Attorney to be executed by its duly authorized officers and its corporate seal to be hereunto affixed this 24th day of January, 1997.

                                          PNC BANK, NATIONAL ASSOCIATION
                                          Trustee under Third Supplemental Trust Indenture Dated January 30, 1997 for the Montgomery County Industrial Development Corporation Variable Rate Demand Industrial Development Revenue Bonds, Series of 1985 (Houston Area Research Center Project)

ATTEST: _/s/_____

By: _/s/ Thomas R. Moore_____
Thomas R. Moore, Vice President

COMMONWEALTH OF PENNSYLVANIA)
              ) SS
COUNTY OF ALLEGHENY     )

  Before me, a Notary Public, in and for said County and Commonwealth, personally appeared Thomas R. Moore, a Vice President of PNC Bank, National Association, a national banking association, and as such Vice President and being authorized to do so, executed the foregoing instrument for the purposes therein contained for and on behalf of PNC Bank, National Association.

  WITNESS my hand and Notarial Seal this _24th_ day of _January_, 1997.

                _Jennifer J. Lagally_
                Notary Public

My Commission Expires;

> Notarial Seal
> Jennifer J. Lagally, Notary Public
> Pittsburgh, Allegheny County
> My Commission Expires July 11, 1998
>
> Member, Pennsylvania Association of Notaries

houstnbd.trm

**PNC**BANK

CERTIFICATE OF DESIGNATION

Any process served upon the Secretary of State of the State of Texas pursuant to the Power of Attorney executed by PNC Bank, National Association, Trustee under Third Supplemental Trust Indenture Dated January 30, 1997 for the Montgomery County Industrial Development Corporation Variable Rate Demand Industrial Development Revenue Bonds, Series of 1985 (Houston Area Research Center Project) on January 24, 1997, shall be forwarded immediately to the person and address listed below, subject to future change in writing:

>Carol A. Sarnowski, Legal Assistant
>PNC Bank, N.A.
>One PNC Plaza, 21st Floor
>249 Fifth Avenue
>Pittsburgh, PA 15222-2707

PNC Bank, National Association

By: _____
Thomas R. Moore
Vice President and Assistant Secretary

houstnbd.trm

# Comptroller of the Currency

## TREASURY DEPARTMENT
## OF THE UNITED STATES

### Washington, D.C.

Whereas, *satisfactory evidence has been presented to the Comptroller of the Currency* that **"PNC BANK, NATIONAL ASSOCIATION"** *located in* **PITTSBURGH** *State of* **PENNSYLVANIA** *has complied with all provisions of the statutes of the United States required to be complied with before being authorized to commence the business of banking as a National Banking Association;*

Now, therefore, *I hereby certify that the above-named association is authorized to commence the business of banking as a National Banking Association.*

In testimony whereof, *witness my signature and seal of office this* 6th *day of* September, 1996.

DAVID A. BOMGAARS
Distric Administrator
*Comptroller of the Currency*

Certified to be a true and correct copy of the original Certificate.

Dated: January 24, 1997

Thomas R. Moore, Vice President and
Assistant Secretary

Charter No. 1316

**REPLACEMENT CHARTER**

Merger Control No.: 96 NE 02 022
Effected: September 6, 1996



**Comptroller of the Currency**
**Administrator of National Banks**

Washington, D.C. 20219

## Certification of Fiduciary Powers

I, Eugene A. Ludwig, Comptroller of the Currency, do hereby certify the records in this Office evidence "PNC Bank, National Association", Pittsburgh, Pennsylvania, (Charter No. 1316), was granted, under the hand and seal of the Comptroller, the right to act in all fiduciary capacities authorized under the provisions of The Act of Congress approved September 28, 1962, 76 Stat. 668, 12 U.S.C. 92a. I further certify the authority so granted remains in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and caused my seal of Office of the Comptroller of the Currency to be affixed to these presents at the Treasury Department, in the City of Washington and District of Columbia, this 31st day of October, 1996.

*Eugene A. Ludwig*
Comptroller of the Currency

Certified to be a true and correct copy of the original Certification.

Dated: January 24, 1997

Thomas R. Moore
Assistant Secretary

# ARTICLES OF ASSOCIATION
(as most recently amended
February 4, 1993)

FIRST: The title of this Association shall be "PNC Bank, National Association."

SECOND: The main office of the Association shall be in the City of Pittsburgh, Allegheny County, Pennsylvania. The general business of the Association shall be conducted at its main office and its regularly established branches.

THIRD: The Board of Directors of the Association shall consist of not less than five (5) nor more than twenty-five (25) shareholders, the exact number of Directors within such minimum and maximum limits to be fixed and determined from time to time by a resolution of a majority of the full Board of Directors or by resolution of the shareholders at any annual or special meeting thereof. Unless otherwise provided by the laws of the United States, any vacancy in the Board of Directors for any reason, including an increase in the number thereof, may be filled by action of the Board of Directors.

A majority of the Board of Directors shall be necessary to constitute a quorum for the transaction of business at any Directors' meeting.

FOURTH: The annual meeting of the shareholders for the election of Directors and the transaction of whatever other business may be brought before said meeting shall be held at the main office or such other

Certified to be a true and correct copy of the original Articles of Association.

Dated: January 24, 1997

Thomas R. Moore, Assistant Secretary

place as the Board of Directors may designate, on the day of each year specified therefor in the By-laws, but if no election is held on that day, it may be held on any subsequent day according to the provisions of law; and all elections shall be held according to such lawful regulations as may be prescribed by the Board of Directors. Any action which may be taken at a meeting of the shareholders of the Association may be taken without a meeting if a consent in writing setting forth the action so taken is signed by all the shareholders who would be entitled to vote at a meeting for such purpose.

FIFTH: The amount of the authorized capital stock of this Association shall be Forty Million Dollars ($40,000,000) divided into 4,000,000 shares of common stock of the par value of Ten Dollars ($10) each, but said capital stock may be increased or decreased from time to time in accordance with the provisions of the laws of the United States.

No holder of shares of the capital stock of any class of the Association shall have any preemptive or preferential right of subscription to any shares of any class of stock of the Association, whether now or hereafter authorized, or to any obligations convertible into stock of the Association, issued or sold, nor any right of subscription to any thereof other than such, if any, as the Board of Directors, in its discretion, may from time to time determine and at such price as the Board of Directors may from time to time fix.

2

The Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the shareholders.

SIXTH: The Board of Directors shall appoint one of its members President of the Association who shall be Chairman of the Board; but the Board of Directors may appoint a Director, in lieu of the President, to be Chairman of the Board, who shall perform such duties as may be designated by the Board of Directors. The Board of Directors shall have the power to appoint one or more Vice Presidents; to appoint a Cashier, a Secretary, and such other officers and employees as may be required to transact the business of the Association; to fix the salaries to be paid such officers and employees; to dismiss such officers and employees and to appoint others to take their place.

The Board of Directors shall have the power to define the duties of officers and employees of the Association and to require adequate bonds from them for the faithful performance of their duties; to make all By-laws that may be lawful for the general regulation of the business of the Association and the management of its affairs, including the manner of election or appointment of Directors and the appointment of judges of election, and generally to do and perform all acts that may be lawful for a Board of Directors to do and perform.

3

SEVENTH:     Any person, his heirs, executors or administrators, may be indemnified or reimbursed by the Association for reasonable expenses actually incurred in connection with any action, suit, or proceeding, civil or criminal, to which he or they shall be made a party by reason of his being or having been a director, officer, or employee of the Association or of any firm, corporation, or organization which he served in any such capacity at the request of the Association; provided, however, that no person shall be so indemnified or reimbursed in relation to any matter in such action, suit or proceeding as to which he shall finally be adjudged to have been guilty of or liable for gross negligence, willful misconduct or criminal acts in the performance of his duties to the Association; and, provided further, that no such person shall be so indemnified or reimbursed in relation to any matter in such actions, suit or proceeding which has been made the subject of a compromise settlement except with the approval of a court of competent jurisdiction, or the holders of record of a majority of the outstanding shares of the Association, or the Board of Directors, acting by vote of Directors not parties to the same or substantially the same action, suit, or proceeding, constituting a majority of the whole number of Directors. The foregoing right of indemnification or reimbursement shall not be exclusive of other rights to which such person, his heirs, executors or administrators, may be entitled as a matter of law.

4

EIGHTH: The Board of Directors shall have the power, without the approval of the shareholders, to change the location of the main office to any other place within the limits of the City of Pittsburgh, Allegheny County, Pennsylvania, and to establish or change the location of any branch or branches of the Association subject to the approval of the Comptroller of the Currency.

NINTH: The corporate existence of the Association shall continue until terminated in accordance with the laws of the United States.

TENTH: The Board of Directors of the Association, or any three (3) or more shareholders owning, in the aggregate, not less than ten (10%) percentum of the stock of the Association, may call a special meeting of the shareholders at any time. Unless otherwise provided by the laws of the United States, a notice of the time, place, and purpose of every annual and every special meeting of the shareholders shall be given by first-class mail, postage prepaid, mailed at least ten (10) days prior to the date of such meeting to each shareholder of record at his address as shown upon the books of the Association.

ELEVENTH: These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of the holders of such greater amount.



**Comptroller of the Currency**
**Administrator of National Banks**

Northeastern District
1114 Avenue of the Americas, Suite 3900
New York, New York  10036

August 21, 1995

Mr. Thomas R. Moore
Vice President & Assistant Secretary
PNC Bank, N.A.
Fifth Avenue and Wood Street
Pittsburgh, Pennsylvania 15265

Re: Amendments to Articles of Association - PNC Bank, National Association, and PNC Bank, New Jersey, National Association,

Dear Mr. Moore:

Receipt is acknowledged of your letter dated August 11, 1995, enclosing amendments to the Articles of Association for PNC Bank, National Association and PNC Bank, New Jersey, National Association.

Our review of the amended articles indicates that they are consistent with the law and the requirements of the Office of the Comptroller of the Currency. Accordingly, the amendments have been accepted for filing as of today's date. Enclosed for your files is one copy of each amendment with a notation of filing.

Very truly yours,

EDWARD R. RIEDER
Senior Analyst

RECEIVED
AUG 24 1995
GENERAL COUNSEL/
SECRETARY

Certified to be a true and correct copy of the original Amendments.

Dated: January 24, 1997

Thomas R. Moore
Assistant Secretary

Filed
Comptroller of the Currency
Northeastern District
Date ...8-21-95...
ed

## CERTIFICATE

*Re: Amendment of Articles of Association of PNC Bank, National Association*

The undersigned, a duly elected Assistant Secretary of PNC Bancorp, Inc., does hereby certify as follows:

1. PNC Bancorp, Inc. is the sole shareholder of PNC Bank, National Association (the "Bank"), holding 100% of the capital stock thereof.

2. Attached hereto is the original "Unanimous Written Consent of Sole Shareholder," dated   August 10   , 1995, by which the aforesaid sole shareholder consented to the amendment of the Bank's Articles of Association in the manner set forth therein.

3. The attached "Unanimous Written Consent of Sole Shareholder" was executed in conformance with the provisions of the Bank's Articles of Association relating to the amendment of said Articles.

4. The attached "Unanimous Written Consent of Sole Shareholder" was duly executed on behalf of PNC Bancorp, Inc. by its President, Thomas H. O'Brien, who was duly authorized to perform such act by the Corporation's By-Laws, as in effect on the date of the aforesaid act.

IN WITNESS WHEREOF, the undersigned has hereunto set his hand and affixed the seal of the Corporation this   10th   day of   August   , 1995.

   
Thomas R. Moore
Assistant Secretary
PNC Bancorp, Inc.

crtsevn1.trm

UNANIMOUS WRITTEN CONSENT
OF THE SOLE SHAREHOLDER OF
PNC BANK, NATIONAL ASSOCIATION

PNC Bancorp, Inc., being the sole shareholder of PNC Bank, National Association, does hereby consent to the adoption of the following resolutions, pursuant to Articles FOURTH and ELEVENTH of said Bank's Articles of Association:

RESOLVED, that Article SEVENTH of the Articles of Association of PNC Bank, National Association, as most recently amended February 4, 1993, is hereby deleted in its entirety and the following is substituted therefor:

SEVENTH: (a) Subject to any prohibitions or limitations set forth in section (b) of this Article or the Association's By-Laws, the Association may indemnify or reimburse any Director, officer, or employee for, or advance amounts in payment of, any expenses actually and reasonably incurred in any threatened, pending or completed action or proceeding, whether civil, criminal, administrative, or investigative, to which such individual was or is a party or a potential party by reason of his or her performance of official duties on behalf of or at the request of the Association. Such duties shall specifically include, but not be limited to, service performed at the request of the Association as a representative of a domestic or foreign corporation for profit or not-for-profit, partnership, joint venture, trust or other enterprise. For purposes of this Article, "expenses" shall include, but not be limited to, attorneys' fees and costs, judgments, fines, taxes, penalties, and amounts paid or to be paid in settlement.

(b) Notwithstanding any provision of this Article or the Association's By-Laws, the following prohibitions and limitations shall apply: (i) No indemnification shall be made in any case where the act or failure to act giving rise to the claim for indemnification is determined by a court of competent jurisdiction to have constituted willful misconduct or recklessness; (ii) No indemnification shall be made for any expenses incurred in an administrative proceeding or action instituted by a federal bank regulatory agency which proceeding or action results in a final order assessing civil money penalties or requiring affirmative action by the Director, officer, or employee in the form of payments to the Association, or a final removal or prohibition order against such individual issued pursuant to 12 U.S.C. §§1818(e) or (g); (iii) The Association may advance expenses to a Director, officer or employee in connection with an action or proceeding under 12 U.S.C. §§164 or 1818 only if the Board of Directors has first made such determinations and otherwise satisfied such

procedural requirements, if any, as may be specified by rule, regulation, advice, or guidance, issued by a federal bank regulatory agency having jurisdiction over the Association; (iv) Any advance of expenses must be subject to a written and legally binding agreement which specifies, at a minimum, that reimbursement to the Association of expenses advanced (including expenses already paid) shall be required if and to the extent that the Board of Directors finds that the Director, officer, or employee willfully misrepresented factors relevant to the Board's decision to advance expenses, or a final order is issued assessing civil money penalties or requiring affirmative action by the individual in the form of payments to the Association, or a removal or prohibition order against the individual is issued pursuant to 12 U.S.C. §§1818(e) or (g); further, the aforesaid agreement shall provide that the Association shall cease advancing expenses at any time the Board of Directors believes, or reasonably should believe, that any of the necessary conditions then imposed by rule, regulation, advice, or guidance issued by a federal bank regulatory agency having jurisdiction over the Association upon such advancement are no longer met; and (v) No indemnification shall be made with respect to amounts provided for by any compromise settlement unless such settlement shall have been approved by a court of competent jurisdiction, or the holders of record of a majority of the outstanding shares of the Association, or the Board of Directors, acting by vote of Directors not parties to the same or substantially the same action, suit, or proceeding, constituting a majority of the whole number of Directors.

(c)     The Association may pay reasonable premiums for insurance covering the payment of expenses and the liabilities of its Directors, officers, and employees, provided that no such insurance coverage may be purchased for a final order assessing civil money penalties against such individuals by a federal bank regulatory agency.

(d)     Any amendment or repeal of this Article, or the adoption of any other provision of the Articles of Association or By-Laws which has the effect of increasing the liability of the Association's Directors, officers, and employees shall operate prospectively only and shall not affect any action taken, or any failure to act, prior to the adoption of such amendment, repeal or other provisions.

(e)     The Board of Directors may adopt By-Law provisions consistent with this Article and may limit the classes of individuals to whom this Article shall apply. In the event of any inconsistency or conflict between this Article and such By-Law provisions, this Article shall control; provided, that a By-Law provision limiting the classes of individuals to whom this Article shall apply shall not be deemed to be such an inconsistency or conflict.

(f)     The rights of indemnification or reimbursement provided for in this Article shall not be exclusive of other rights, if any, to which such Directors, officers, or employees, or their personal representatives, may be entitled as a matter of law.

RESOLVED FURTHER, that said amendment shall become effective immediately upon filing with and acceptance by the Office of the Comptroller of the Currency.

IN WITNESS WHEREOF, the undersigned duly authorized officers of PNC Bancorp, Inc. have hereunto set their hands and affixed the seal of the Corporation this __10th__ day of __August__, 1995.

ATTEST:     PNC BANCORP, INC.

Thomas R. Moore     By: _____
Assistant Secretary     Thomas H. O'Brien
     President

uwcseven.trm