UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP § § § § | | |
| Plaintiffs, § | Action No. 1:17-cv-584-RP-ML | |
| § | | |
| v. § § | consolidated with | |
| 2013 TRAVIS OAK CREEK, LP, § 2013 TRAVIS OAK CREEK GP, LLC, § 2013 TRAVIS OAK CREEK § DEVELOPER, INC., § CHULA INVESTMENTS, LTD., § and RENE O. CAMPOS § § | Case No. 1:17-cv-560-RP | |
| Defendants. § | | |

## PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER

PNC Bank, N.A. ("**PNC**"), Columbia Housing SLP Corporation ("**Columbia Housing**"), and 2013 Travis Oak Creek, L.P. (the "**Partnership**") (collectively the "**Plaintiffs**") respectfully submit this Emergency Motion for Protective Order (the "**Motion**"). Counsel for Defendants 2013 Travis Oak Creek GP, LLC (the "**First GP**"), 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd., and Rene O. Campos (collectively, "**Defendants**") has stated that he does not currently know whether Defendants oppose the relief requested in this Motion.

### I.   ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 26 provides that: "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(b)(5)(c); *Caraway v. Chesapeake Exploration LLC,* 269 F.R.D. 627, 628 (E.D. Tex. 2010). Protective orders intended to allow for the designation and limited disclosure of confidential materials produced in discovery are common and are regularly

recognized as appropriate to protect parties from dissemination of such information to nonparties to the litigation. *See, e.g.*, *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm.*, 1-15-CV-134 RP, 2016 WL 270486, at *2 (W.D. Tex. Jan. 21, 2016) (noting that a "confidentiality concern is readily addressed by a protective order."); *United Servs. Auto Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 246 (W.D. Tex. 2013).

Here, good cause exists for the Court to issue a protective order to provide for the confidentiality of documents, discovery responses, and testimony given or produced in this case. PNC is a major national bank as well as a prominent institutional investor, and Columbia Housing is an affiliate that is involved in a number of PNC's investment projects. The Partnership is one such investment.

Defendants' expedited requests for production[1] seek numerous confidential documents from Plaintiffs. These include:

- Internal decision-making documents regarding PNC's and Columbia Housing's investment and underwriting decisions;

- Information regarding financial performance of the investments at issue;

- Documents likely to reveal Plaintiffs' internal business practices, especially its evaluation metrics and strategies for negotiations regarding investments;

- Internal documentation regarding factors that PNC uses to make lending decisions and the financial weight given to those factors; and

- PNC's and Columbia Housing's internal economic analysis used for evaluating multifamily investment projects.

---

[1] A copy of Defendants' document requests is attached as **Exhibit A**.

These are manifestly confidential, internal documents. Plaintiffs request the Court's assistance in maintaining the confidentiality of this information and in preventing public disclosure of their internal business practices, particularly PNC's and Columbia Housing's lending and investment standards and criteria, respectively. Like all investors and banks, PNC and Columbia Housing do not publicly disclose their internal decision-making and financial information and consider such information to be confidential. Indeed, no bank or investment company could operate if such information were generally subject to public disclosure.

Given that this case will involve the production of documents and other information regarding Plaintiffs' internal business processes and decisions and their financial documents, good cause exists for a protective order. Further, Defendants are likely to have some confidential information of their own and would likewise benefit from the same protections.

Plaintiffs request that the Court enter the attached protective order. This order is the standard form of protective order entered by the U.S. District Court for the Western District of Texas as set forth on the Court's website. The only alteration to the protective order is to include the style of this case. Because the Court has routinely approved the use of this standard form of order, Plaintiffs submit that it is an appropriate form for the Court to enter in this case.

Finally, because of the expedited discovery ordered in this case and the impending deadline of Monday, July 10, 2017, at 5:00 p.m. to produce documents and other discovery responses, Plaintiffs ask that the Court consider this Motion on an emergency basis.

## II.     CONCLUSION

Plaintiffs respectfully request that the Court enter a protective order allowing for the designation of confidential materials and information produced during discovery in this case and further request all such other relief to which they may be justly entitled.

| | |
|---|---|
| Dated: July 6, 2017. | By:  /s/ *Robert M. Hoffman* <br> Robert M. Hoffman <br> Texas Bar No. 09788200 <br> robhoffman@andrewskurth.com <br> James C. Bookhout (*admitted pro hac vice*) <br> Texas Bar No. 24087187 <br> jamesbookhout@andrewskurth.com <br> **ANDREWS KURTH KENYON LLP** <br> 1717 Main Street, Suite 3700 <br> Dallas, Texas 75201 <br> Telephone:   (214) 659-4400 <br> Facsimile:    (214) 659-4401 <br> <br> David P. Whittlesey <br> Texas Bar No. 00791920 <br> dwhittlesey@andrewskurth.com <br> **ANDREWS KURTH KENYON LLP** <br> 111 Congress Avenue, Suite 1700 <br> Austin, Texas 78701 <br> Telephone:   (512) 320-9200 <br> Facsimile:    (512) 320-9292 <br> <br> **ATTORNEYS FOR PLAINTIFFS PNC BANK, N.A., COLUMBIA HOUSING SLP CORPORATION, AND 2013 TRAVIS OAK CREEK, LP** |

## CERTIFICATE OF CONFERENCE

On June 20, 2017, I sent Plaintiffs' proposed protective order to Ken Chaiken, counsel for Defendants, via electronic mail asking if he would agree to that order. Mr. Chaiken did not ever respond to that request. On July 5 and 6, 2017, I conferred multiple times with Mr. Chaiken via electronic mail regarding the relief requested in this Motion. Mr. Chaiken stated that: "You will need to move for entry of a protective order. I likely will not oppose but I am not authorized yet to say I'm unopposed." Mr. Chaiken has not yet indicated that he is unopposed to the relief sought herein.

*/s/ Robert M. Hoffman*
Robert M. Hoffman

## CERTIFICATE OF SERVICE

    I certify that, on July 6, 2017, a copy of the foregoing document was served on counsel for the Defendants via the Court's CM/ECF facilities and via email.

                                        */s/ Robert M. Hoffman*
                                        Robert M. Hoffman