UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP §§§§<br><br>Plaintiffs, §§<br><br>v. §§<br><br>2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS §§§§§§<br><br>Defendants. § | Civil Action No. 1:17-cv-584-RP-ML |
| 2013 TRAVIS OAK CREEK GP, LLC and 2013 TRAVIS OAK CREEK, LP, §§§<br><br>Plaintiffs, §§<br><br>v. §§<br><br>PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION §§§§<br><br>Defendants. § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd., and Rene O. Campos and 2013 Travis Oak Creek, LP (collectively "Defendants") file this Reply in Support of their Motion to Dismiss for lack of Subject Matter Jurisdiction and respectfully show as follows:

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**                                                                                           Page 1

# I.
## PLAINTIFFS HAVE NOT MET THEIR BURDEN TO ESTABLISH JURISDICTION

1.      When Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction based on the facts alleged in the Plaintiffs' Amended Complaint, Plaintiffs became tasked to establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).  Specifically, Plaintiffs had to establish that, at the time of filing of the Amended Complaint, there was complete diversity jurisdiction and the amount in controversy exceeded $75,000.  *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).  Further complicating analysis is the fact that the issue of subject matter jurisdiction is intertwined with the elements of the Plaintiffs' causes of action, such that there are unresolved disputes that materially affect whether or not diversity jurisdiction exists in this case.  As a result, Plaintiffs cannot merely rely on their Amended Complaint to carry the day.  *S.R.P. v. U.S.*, 676 F.3d 329, 343 (3rd Cir. 2012).

2.      To meet their burden, Plaintiffs argue that two factual disputes are really not disputed at all, which is utterly false.  Those disputed facts are: 1) 2013 Travis Oak Creek GP, LLC was removed as General Partner for the Partnership; and 2) 2013 Travis Oak Creek GP, LLC was not a partner to the Partnership at the time Plaintiffs filed their Amended Complaint.  There is no question that Plaintiffs support the allegations included in their Amended Complaint, but as they point out in their Response, conclusory assertions do not resolve disputed facts.

3.      Plaintiffs argue that the Defendants admitted that 2013 Travis Oak Creek GP, LLC was removed as General Partner by when they recited multiple facts that gave rise to the underlying claim in Defendants' Motion to Appoint Receiver.  Plaintiffs use this springboard for extraordinary logical leaps to argue that there is no dispute whatsoever of the same allegations that are contained in Plaintiffs' Amended Complaint.  However, Plaintiffs' logical folly is

grounded by the fact that although Defendants agree that several events occurred to give rise to the dispute between the partners, Defendants disagree completely that those events alone rose to a level to be declared events of default by 2013 Travis Oak Creek GP, LLC or that they made it possible for 2013 Travis Oak Creek GP, LLC to be removed from the Partnership. Furthermore, Plaintiffs completely neglect the reality that any event that may have been construed as an event of default by 2013 Travis Oak Creek GP, LLC under the Partnership Agreement were cured or consented to by Plaintiffs PNC Bank, N.A. and Columbia Housing SLP Corporation, and that the measures taken to cure any alleged default events were ultimately confounded by the actions of PNC Bank, N.A. and Columbia Housing SLP Corporation.

4. The second disputed fact Plaintiffs attempt to argue in their favor is that 2013 Travis Oak Creek GP, LLC was removed as a partner to the Partnership. This argument is more tenuous than the first. Plaintiffs argue that by virtue of their position that 2013 Travis Oak Creek GP, LLC was removed as General Partner, there is sufficient evidence to find that 2013 Travis Oak Creek GP, LLC was removed from the Partnership. Plaintiffs again ignore the reality that there is a genuine dispute with regard to its factual arguments, and the evidence offered merely reasserts that Plaintiffs believe their allegations are correct. As a result, Plaintiffs argument merely reflects the allegations contained in the Amended Complaint without providing any additional evidence that they are correct.

5. In short, Plaintiffs have only reasserted their side of the argument about the facts that are in dispute in this case. However, Plaintiffs fail to meet the burden to show that more likely than not, 1) 2013 Travis Oak Creek GP, LLC was removed as General Partner, and 2) 2013 Travis Oak Creek GP, LLC was removed from the Partnership. Those threshold issues determine whether or not diversity jurisdiction exists, and they are material to the elements of

Plaintiffs' Amended Complaint. Plaintiffs have only reasserted the general arguments made in their Amended Complaint, and they have not met their burden to show that diversity jurisdiction exists. Consequently, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction should be granted.

## II.
## PRAYER

WHEREFORE, Defendants pray that the Court grant their Motion to Dismiss, dismissing their case for lack of subject matter jurisdiction, along with all such other and further relief to which Defendants are justly entitled.

Respectfully submitted,

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken
State Bar No. 04057800
kchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Parkway
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

William S. Rhea
State Bar No. 16807100
brhea@dbc.com

**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX 78701
(512) 457-8000
(512) 457-8008 (Facsimile)

**ATTORNEYS FOR DEFENDAN TS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on this 7th day of July, 2017.

                                              */s/ Kenneth B. Chaiken*
                                              Kenneth B. Chaiken