UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP | § § § § | |
| Plaintiffs, | § § | Action No. 1:17-cv-584-RP-ML |
| v. | § § § § | consolidated with Case No. 1:17-cv-560-RP |
| 2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS | § § § § § § | |
| Defendants. | § | |

### **PLAINTIFFS' EMERGENCY MOTION TO COMPEL AND BRIEF IN SUPPORT**

For the following reasons, Plaintiffs PNC Bank, N.A. ("**PNC**"), Columbia Housing SLP Corporation ("**Columbia Housing**"), and 2013 Travis Oak Creek, LP (the "**Partnership**") (collectively, the "**Plaintiffs**") request that the Court: (1) overrule *all* Defendants 2013 Travis Oak Creek GP, LLC (the "**First GP**"), 2013 Travis Oak Creek Developer, Inc. (the "**Developer**"), Chula Investments, LTD. ("**Chula**"), and Rene O. Campos's ("**Campos**") (collectively, "**Defendants**") objections and privilege assertions to Plaintiffs' Expedited Requests for Production (the "**Requests**"); (2) overrule Defendants' objections and privilege assertions to Plaintiffs' Expedited Interrogatories (the "**Interrogatories**") 1, 2, and 7; (3) compel Defendants to provide a verification supporting their responses to Plaintiffs' Interrogatories; (4) compel Defendants' production of documents responsive to all the Requests; and (5) compel complete responses to the Interrogatories.

## INTRODUCTION

Plaintiffs, on the one hand, and the First GP and the Developer, on the other hand, filed cross motions for preliminary injunction related to their dispute over the First GP's role in the Partnership, if any, following its default and automatic removal under the terms of the Partnership's governing agreement. *See generally* ECF 7-2 (560); ECF 9 (560).[1] The First GP's was removed as a general partner in the Partnership following numerous "Events of Default" under the Partnership's governing agreement. ECF 7-2. The First GP has continued to usurp Columbia Housing's right to control of the Partnership, notwithstanding the unambiguous terms of the Partnership's governing agreement. ECF 9 (560).

Pursuant to the Court's *Order on Emergency Motion for Expedited Discovery* (the "**Order**"), Plaintiffs timely served the Requests and the Interrogatories on Defendants. Defendants' responses to the same were not served by the Court-ordered deadline. When Defendants finally served their responses, they were replete with boilerplate objections and ignored the basic requirements for proper written discovery responses, objections, and privilege assertions. Defendants even failed to verify their responses to the Interrogatories. More importantly, Defendants' responses to the Interrogatories were substantively thin, and Defendants did not meet the Court's 5:00 p.m. deadline on July 10, 2017. They instead produced written discovery responses well after the deadline, and documents only many hours later, preventing Plaintiffs' preparation for the impending expedited depositions in this case. Accordingly, Plaintiffs request that the court overrule Defendants' baseless objections and compel production of the materials described above and below.

---

[1] The number "560" next to an ECF docket number is referencing the court's docket for Case No. 1:17-cv-*560*-RP, which was consolidated into the above-styled matter.

## PROCEDURAL BACKGROUND

The Court scheduled Plaintiffs' and the First GP and Developer's cross motions for preliminary injunction for hearing on July 21, 2017, at 10:00 a.m. Plaintiffs sought and the Court granted permission to conduct expedited discovery during the weeks preceding the preliminary injunction hearings. ECF 37. The Court's Order prescribes the following expedited-discovery schedule:

- no later than July 3, 2017 by 5:00 p.m. the parties serve written discovery by email;

- on or before 5:00 p.m. on the fourth business day following service, the parties must serve written objections to written discovery requests;

- on or before 5:00 p.m. on July 10, 2017, the parties must serve substantive written responses to written discovery requests; and

- between and including July 12 and July 19, 2017 in Dallas, Texas, the parties will depose one another's representatives.

On July 3, 2017, before 5:00 p.m., Plaintiffs served their Requests and Interrogatories on Defendants, making Defendants' deadline to respond on or before July 10, 2017 at 5:00 p.m. Ex. A (Plaintiffs' Transmittal Email). Shortly thereafter, the Parties agreed that one of Plaintiffs' representatives would be deposed on July 12 in Dallas, Texas. Ex. B.

On July 10, minutes before Defendants' responses and objections to the Requests and Interrogatories were due, Defendants informed Plaintiffs that they would not begin producing documents responsive to the Requests until after Defendants' 5:00 p.m. deadline on a rolling basis. Ex. C. Defendants also informed Plaintiffs that they were no longer interested in deposing Plaintiffs' representative on July 12. Ex. B. Defendants did not serve written responses and objection to the Requests and the Interrogatories to Plaintiffs until *after* the 5:00 p.m. deadline. Ex. D. Defendants did not begin their rolling production of a mere handful of documents until 11:07 p.m. Ex E.

## ARGUMENT & AUTHORITIES

**A.  Defendants waived any applicable objections or privileges by failing to timely respond to the Discovery Requests and should be compelled to produce responsive documents.**

By the Court's Order (ECF 37), Defendants were required to provide substantive written responses and objections and produce documents responsive to Plaintiffs' Requests and Interrogatories no later than 5:00 p.m. on July 10, 2017.  *See* Ex. A.  Plaintiffs served Defendants with on Monday, July 3, 2017 via email.  Ex. A (Service Email).  Accordingly, Defendants' deadline to serve responses to the Discovery Requests was July 10, 2017 at 5:00 p.m.  ECF 37.  Defendants neither served written responses nor produced a single document on or before the 5:00 deadline.  Ex. E.  Defendants, therefore, waived their objections and privilege assertions.  *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Enron Corp. Sav. Plan v. Hewitt Assocs.*, 258 F.R.D. 149, 153 (S.D. Tex. 2009) ("There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within [the required time period] with a request for production, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause an excuses the failure."); *Compaq Computer Corp. v. Ergonome, Inc.*, No. Civ. A. H-97-1026, 2000 WL 345903, **1, 3 (S.D. Tex. Mar. 15, 2000) (untimely attorney-client privilege assertions are waived).  Because their failure to timely respond was deliberate, in violation of the Court's Order, and just days before Plaintiffs are slated to depose Defendants' representatives in advance of the July 21 preliminary injunction

hearings, Defendants cannot possibly meet their burden of establishing good cause for serving untimely responses. *See* Ex. C.

In *Enron Corp. Savings Plan*, the court considered a multifactor test when deciding whether good cause exists for excusing recalcitrant litigants, like Defendants, from the consequences of the general rule that objections and privilege assertions are waived if not timely asserted. 258 F.R.D. at 157. Among the factors that this court considered are the: (1) length and reason for the delay; (2) presence of any dilatory or bad faith action; and (3) prejudice visited upon the party seeking discovery. *Id*.

Considering these factors, Defendants cannot possibly establish good cause for failing to timely respond. Any delay to court-ordered expedited discovery in the preliminary-injunction context is inexcusable and necessarily prejudicial to the party seeking discovery given the truncated discovery schedule. ECF 37. Pursuant to the Court's Order, the parties agreed to an aggressive deposition schedule under which Plaintiffs are deposing Defendants' representatives on July 14 and July 17. Ex. B. As a result of Defendants' untimely service of boilerplate objections and delay in producing responsive documents, Plaintiffs are left with little choice but to file this Motion instead of preparing for the depositions of Defendants' representatives.

Moreover, Defendants' untimely responses included nothing more than formulaic recitation of every objection cognizable under the federal rules. This is part of an emerging pattern of dilatory conduct that evinces Defendants' bad faith. Just 36 hours before Plaintiffs were to produce one of its representatives to be deposed and after the representative incurred significant expense traveling to Dallas, defense counsel informed Plaintiffs that it would be unprepared to take Plaintiffs' representative's deposition on July 12 because Defendants had not yet received Plaintiffs' responses to Defendants' discovery requests. Ex. B. Defendants' failure

to abide by their agreement to depose Plaintiffs' representative on July 12 occurred, however, well before Plaintiffs' court-ordered deadline to respond. Unlike Defendants, Plaintiffs timely served fulsome responses to Defendants' discovery requests and produced documents. Ex. F.

On the day of the production deadline, Plaintiffs' counsel reminded defense counsel that Defendants' deadline to respond and produce documents responsive to the Requests and the Interrogatories was 5:00 p.m. Ex. C. Defense counsel informed Plaintiffs that it was opting for a rolling document production that he unilaterally decided would commence after the July 10, 2017, *after the 5:00 p.m. deadline* ordered by the Court. Ex. C. The Court's Order does not permit such a production schedule, and, construing it as such, would deprive Plaintiffs of the expedited discovery it sought and the Court granted. ECF 37.

Defendants did not produce a single document in response to the Requests until 11:07 p.m. on July 10. Ex. E. And Defendants' rolling production did not end until July 11 at 12:34 a.m. Ex. G. In addition, Plaintiffs served untimely boilerplate objections and privilege assertions to each and every document request and a number of Plaintiffs' interrogatories. *See* Exs. H-I. Defendants, therefore, waived their objections and privileges to the Discovery Requests by serving untimely responses the Discovery Requests without good cause.

**B.     Defendants' objections and privilege assertions to the Requests that should be disregarded as improper boilerplate.**

Objections to interrogatories and requests for production must be specific. *See* FED. R. CIV. P. 32 (B)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); FED. R. CIV. P. 34(b)(2)(B); FRCP 34 − Notes of Advisory Committee ("Rule 32(b)(2)(A) is amended to require that objections to Rule 34 requests be stated with specificity."); *Enron Corp.*, 258 F.R.D. at 159. In the Fifth Circuit, specificity requires the party resisting discovery to "show specifically how . . . each [request] is not relevant or how each

[request] is overly broad, burdensome or oppressive." *S.E.C. v. Brady*, 238 F.R.D. 429, 436 (N.D. Tex. 2006). Objections that a request is "overly broad or unduly burdensome," unaccompanied by factual or evidentiary support establishing the time or expense involved in responding to discovery, are unacceptable. *Enron Corp.*, 258 F.R.D. at 159.

Similarly, in order to resist discovery based on privilege grounds, one "cannot rely merely on a blanket assertion of privilege." *Enron Corp.*, 258 F.R.D. at 160. The party asserting the privilege bears the burden of proving the privilege claim. *Id.* This requires the responding party to "expressly make the privilege claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(i)-(ii).

Defendants' objections and privilege assertions to each and every one of Plaintiffs Requests for Production are identical. Ex. H. They read as a litany of every objection recognized under the Federal Rules of Civil Procedure and are not in any way tailored to addressed the request to which they purport to object. Ex. H. Without any factual support, Defendants object that *all* the Requests are unlimited "in temporal scope or subject matter," "overbroad" in light of the "burden and expense" of responding, and privileged. Ex. H.

Defendants likewise object to interrogatories 1, 2, and 7 as "blockbuster" interrogatories that are "drastically overbroad." Ex. I. In *Enron Corp.*, the court found that the responding party's conclusory objections to a request as "overly broad, vague [] undefined" and protected by the "attorney client privilege and work product doctrine" were improper and should be overruled. 258 F.R.D. at 165. The same result is warranted here. *See Puricelli v. Borough of Morrisville*,

136 F.R.D. 393, 396 (E.D. Pa. 1991) (form objections asserted without specificity may be waived).

C.     **Plaintiffs' Interrogatories contain permissible contention interrogatories.**

An opposing party's opinions and contentions are within the scope of discovery. FED. R. CIV. P. 26(b)(1), 33(a)(2); *Ackerman v. Nw. Mut. Life Ins.*, 172 F.3d 467, 469 (7th Cir. 1999); *see also O2 Micro Int'l v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Proper contention interrogatories ask a party to state (1) the facts supporting its contentions, (2) the manner in which the law applies to the facts alleged, and (3) the legal or theoretical bases behind its contentions. *See Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998). Interrogatories 1, 2, and 7 do just that.

Plaintiffs ask that Defendants identify "the legal and factual grounds" on which they oppose Plaintiffs' request for a preliminary injunction and seek their own and to describe Plaintiffs' alleged failure to satisfy conditions precedent to a partnership agreement central to the parties' dispute. Ex. I at Rogs 1, 2, and 7. These are the epitome of contention interrogatories. Defendants' mischaracterization of these Interrogatories as requiring them to "marshal all evidence" or as "blockbuster" interrogatories is absurd.

Requesting that a party describe the details of its claims in an interrogatory does not require a party to "marshal all evidence." *See McKinney/Pearl Restaurant Partners, L.P.*, No. 3:14-cv-2498-B, 2016 WL 22997744, at *9 (N.D. Tex. May 25, 2016) (asking plaintiff to "identify the details of each false and deceptive representation or statement that Plaintiff alleges in its complaint . . . is not an impermissible request to require Plaintiff to marshal its evidence for trial"). Further, Defendants' argument that Plaintiffs' these interrogatories are overbroad or unduly burdensome when they request that Defendants describe the legal and factual bases for claims and defenses *they* assert is inappropriate, since the scope of these requests are limited

temporally and in subject matter by Defendants' own allegations. Plaintiffs' objections to Interrogatories 1, 2, and 7 should be overruled, and the Court should compel full responses to the same.

### D. Defendants' Responses disregard the requirements of Rule 34.

A party responding to a request for production has an obligation to search its own records for responsive documents. *See* FED. R. CIV. P. 34; *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003). Defendants' discard this obligation by stating in their responses to the Requests that they will "produce documents directly relevant to the matters to be heard at the July hearing *if any exist*" in their responses. Ex. H. If Defendants had conducted the requisite inspection, they would *know* whether responsive documents exist.

Defendants further object to all of the Requests because they are purportedly "[not] limited in temporal scope or subject matter," overly broad, and unduly burdensome but agree to produce documents that they unilaterally determine are relevant to the issues likely to be involved at preliminary injunction hearings. Ex. H. Accordingly, they concede that Plaintiffs' requests are—at the very least—partially appropriate. Ex. H. Rule 34 of the Federal Rules of Civil Procedure requires that Defendants define the scope of the request that is not objectionable and produce documents within that scope. FED. R. CIV. P. 34(b)(2)(B); 2015 Notes of Advisory Committee ¶ 3. If, as Defendants contend, the Requests for Production are not "limited in temporal scope or subject matter," Defendants must define the proper temporal scope and subject matter and produce documents within those limitations. Since they have not, the objections to Requests 1 through 6, 8 through 10, and 12 through 18 should be overruled. Ex. H.

Finally, a party's objection to requests for production must "state whether any responsive materials are being held on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). Defendants have only a handful of documents responsive to Plaintiffs' 20 Requests without stating that they

are withholding any documents based upon the shotgun objections they assert. Ex. H. Defendants are stifling Plaintiffs' discovery efforts days before the preliminary injunction hearings.

Given Defendants' disregard for the Federal Rules of Procedure and the Court's Order by relying on boilerplate objections to avoid producing documents and their failure to serve such objections by the Court-ordered deadline in the midst of preparation for a preliminary injunction hearing, the Court should find that Defendants waived their objections to the Requests for Production and Interrogatories, and compel Plaintiffs to produce documents and information responsive to the same.

## PRAYER

For the foregoing reasons, Plaintiffs respectfully requests that the Court:

1. overrule all Defendants objections and privilege assertions to the Requests;
2. overrule Defendants' objections and privilege assertions to the Interrogatories 1, 2, and 7;
3. compel Defendants to provide a verification supporting their responses to the Interrogatories;
4. compel Defendants' production of documents responsive to all the Requests;
5. compel complete responses to Plaintiffs' Interrogatories as provided above; and
6. award Plaintiffs all such further relief to which it may be justly entitled at law or in equity.

| | |
|---|---|
| Dated: July 11, 2017. | By: /s/ *Robert M. Hoffman*<br>Robert M. Hoffman<br>Texas Bar No. 09788200<br>robhoffman@andrewskurth.com<br>James C. Bookhout (*seeking admission*)<br>Texas Bar No. 24087187<br>jamesbookhout@andrewskurth.com<br>**ANDREWS KURTH KENYON LLP**<br>1717 Main Street, Suite 3700<br>Dallas, Texas 75201<br>Telephone:   (214) 659-4400<br>Facsimile:   (214) 659-4401<br><br>David P. Whittlesey<br>Texas Bar No. 00791920<br>dwhittlesey@andrewskurth.com<br>**ANDREWS KURTH KENYON LLP**<br>111 Congress Avenue, Suite 1700<br>Austin, Texas 78701<br>Telephone:   (512) 320-9200<br>Facsimile:   (512) 320-9292 |

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs and Defendants conferred regarding the substance of this Motion via email on July 10, 2017. Counsel for Plaintiffs attempted to confer with counsel for Defendants in person prior to the start of mediation on July 11, 2017, but Defendants' counsel refused to meet. While counsel for Plaintiffs have attempted to confer during the course of the mediation, counsel for Defendants refused to meet until 1:15 p.m.  Although the parties were scheduled to meet at 1:15 p.m. to confer. However, Mr. Chaiken, counsel for Defendants, refused to meet with counsel for Plaintiffs despite the fact that they were standing in the same hallway, offering to meet and confer in person and immediately.  A true and correct copy of the July 10, 2017, email exchange is attached hereto as Exhibit J.

/s/ *Robert M. Hoffman*
Robert M. Hoffman

## CERTIFICATE OF SERVICE

I certify that on July 11, 2017, a copy of the foregoing document was served on counsel for the Defendants in this case via email and ECF.

/s/ Robert M. Hoffman
Robert M. Hoffman