# EXHIBIT A

**From:** Bookhout, James
**Sent:** Monday, July 03, 2017 1:14 PM
**To:** 'Kenneth Chaiken'; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com); Allen Roach
**Cc:** Hoffman, Rob
**Subject:** Expedited Discovery in PNC Bank, N.A. et al. v. 2013 Travis Oak Creek GP, LLC, et al., Case No. 1:17-cv-584-RP-ML (W.D. Tex.)

Counsel,

Please find attached copies of the following:

- Plaintiffs' Expedited Requests for Production to Defendants
- Plaintiffs' Expedited Requests for Admission to Defendants
- Plaintiffs' Expedited Interrogatories to Defendants
- Plaintiffs' Notice of 30(b)(6) Deposition of Entity Defendants
- Plaintiffs' Notice of Deposition of Rene O. Campos
- Plaintiffs' Notice of Deposition of Mark Rogers

Plaintiffs are willing to put their deponents up first after the mediation, with Mr. Tobun on July 12 and Mr. Hasselwander on July 13, to be taken at our offices. We have noticed Mr. Campos and Mr. Rogers for July 18 and July 19, respectively, to take place at Mr. Chaiken's offices. Of course, Plaintiffs are willing to switch the order of Mr. Campos and Mr. Rogers.

**James C. Bookhout**
Associate

**ANDREWS KURTH** KENYON **LLP**
1717 Main Street, Suite 3700  |  Dallas, Texas 75201
+1.214.659.4447 Phone  |  +1.214.659.4401 Fax
+1.214.659.4543 Assistant - Cindy Curry
email | vCard | Bio | andrewskurth.com | Twitter

1

# EXHIBIT B

DAL:944319.1

| | |
|---|---|
| **From:** | Bookhout, James |
| **Sent:** | Monday, July 10, 2017 4:25 PM |
| **To:** | 'Kenneth Chaiken'; Hoffman, Rob |
| **Cc:** | brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com); Allen Roach; Lisa Delcore |
| **Subject:** | RE: Deposition schedule and Protective Order |

Ken,

Our witnesses have already made travel arrangements to be here on your proposed schedule. You will need to take Mr. Tobun's deposition on the 12th, as both we and you agreed to. In fact, you agreed to it *after* the Court issued its order saying when our documents would be due and when discovery would be due. We are holding you to that agreement. If you want Mr. Tobun's deposition, you will need to take it on July 12. Mr. Tobun has incurred substantial time and expense to travel to Dallas, and he will be available for deposition on the agreed upon date.

**James C. Bookhout**
Associate

**ANDREWS KURTH KENYON LLP**
+1.214.659.4447 Phone  |  +1.214.659.4401 Fax
+1.214.659.4543 Assistant - Cindy Curry

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Monday, July 10, 2017 3:41 PM
**To:** Hoffman, Rob
**Cc:** Bookhout, James; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com); Allen Roach; Lisa Delcore
**Subject:** RE: Deposition schedule and Protective Order

Rob

1.  You have not confirmed your client/witness availability for depositions as of this writing.

2.  It will not be reasonable to begin depositions on the 12th. You have not served any discovery responses as of this writing, or produced any documents, and our time today has been and will be spent responding to your discovery and tomorrow, in mediation. Accordingly, the first date on which we can reasonably be prepared to take or defend a deposition will be July 13th, assuming you have responded to our discovery requests completely.

In light of the foregoing, what are your thoughts on firming up the deposition schedule? Keep in mind that the discovery order authorizes the depositions to occur on business days between and including July 12th and July 19th (I mention this because you had objected to deposing Mr. Campos on the 18th or 19th).

Regards,

Ken

Kenneth B. Chaiken
Chaiken & Chaiken, P.C.

1

5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com

---

**From:** Kenneth Chaiken
**Sent:** Friday, July 07, 2017 4:21 AM
**To:** Hoffman, Rob
**Cc:** Bookhout, James; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com); Allen Roach; Lisa Delcore
**Subject:** Re: Deposition schedule and Protective Order

Rob:

The schedule I have proposed in my message below is subject to alteration if, as I am anticipating you are planning to do, you object excessively to our discovery.  We will need to allow time for the court to sort that out,  hold you to your response obligations and allow us time to review those supplemental responses and documents, before starting your clients' depositions.

Thanks

Ken



Sent from my iPhone



On Jul 7, 2017, at 10:07 AM, Kenneth Chaiken <kchaiken@chaikenlaw.com> wrote:

> Rob
>
> Are you planning to designate anyone other than Messrs. Tobin and Hasselwander?  Once you confirm that, I can address the schedule more specifically.  But for now, we propose an alternating schedule to look like the following:
>
> Tobun on the 12th
> Rogers on the 13th
> Hasselwander on the 14th
> Campos on the 18th or 19th(preferably in Austin)
>
> Regards,
>
> Kenneth Chaiken
>
> Sent from my iPhone

On Jul 6, 2017, at 12:02 AM, Hoffman, Rob <RobHoffman@andrewskurth.com> wrote:

Hi Ken,

In response to your email regarding deposition dates, we propose the following deposition schedule:

July 11 - Mediation
July 12 - Abi Tobun
July 13 - David Hasselwander
July 18 - Rene Campos
July 19 - Mark Rogers

This schedule should cover all of the noticed depositions. Of course, if you intend to designate additional corporate representatives, we would be willing to fit them into the above schedule. As stated before, we are willing to produce our witnesses first. Please let us know if this schedule agrees with you.

Separately and in anticipation of next week's document production deadline, we never heard back from you regarding your agreement to the attached protective order. This is the form approved for general use in the Western District, and the only change we have made was to insert the style of the case to the extent allowed by the Order's formatting. Please let us know if you will agree to the entry of this order by noon tomorrow.

Thanks and Happy 4th,

Rob

**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700 | Dallas, Texas 75201
+1.214.659.4653 Phone | +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter

Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its

attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.

&lt;protective_order.pdf&gt;

# EXHIBIT C

| | |
|---|---|
| **From:** | Kenneth Chaiken <kchaiken@chaikenlaw.com> |
| **Sent:** | Monday, July 10, 2017 4:48 PM |
| **To:** | Bookhout, James; Hoffman, Rob |
| **Cc:** | brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com); Allen Roach; Lisa Delcore |
| **Subject:** | RE: Discovery Exchange |

Address away.  I am growing tired of your nonsensical threats, theatrics and orders.

**From:** Bookhout, James [mailto:JamesBookhout@andrewskurth.com]
**Sent:** Monday, July 10, 2017 4:37 PM
**To:** Kenneth Chaiken; Hoffman, Rob
**Cc:** brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com); Allen Roach; Lisa Delcore
**Subject:** RE: Discovery Exchange

Ken,

There is a court-ordered deadline of 5:00 p.m. Magistrate Lane was very clear about that; it was supposed to be by close of business. If you were not going to meet a court-ordered deadline, you should have brought it up before 4:20 p.m.—40 minutes before the deadline. We expect you to have your production available for download by 5:00 p.m. today, as required by the Court's order. If not, we may have to address this with the Court.

**James C. Bookhout**
Associate

**ANDREWS KURTH KENYON LLP**
+1.214.659.4447 Phone  |  +1.214.659.4401 Fax
+1.214.659.4543 Assistant - Cindy Curry

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Monday, July 10, 2017 4:20 PM
**To:** Hoffman, Rob
**Cc:** Bookhout, James; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com); Allen Roach; Lisa Delcore
**Subject:** Discovery Exchange

Hello Rob:

We intend to serve our discovery responses and objections shortly, to meet the Court's 5 p.m. deadline.  We will not be able to produce all of our documents by 5 p.m., however, as we are still getting them in from multiple sources and the production is voluminous.  We will start uploading them to a cloud storage facility when and as we complete their Bates labelling and review of the same to avoid producing anything that is privileged.  That will occur in earnest this evening, albeit not by 5 p.m.

What is the status on your end?

Regards,

Ken

Kenneth B. Chaiken

1

Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com

Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.

# EXHIBIT D

| | |
|---|---|
| **From:** | Lisa Delcore <ldelcore@chaikenlaw.com> |
| **Sent:** | Monday, July 10, 2017 5:11 PM |
| **To:** | Hoffman, Rob; Whittlesey, David; Bookhout, James; Kenneth Chaiken; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com) |
| **Cc:** | Kenneth Chaiken; Allen Roach |
| **Subject:** | No. 1:17-cv-00584 - Responses to Expedited Requests for Admission |
| **Attachments:** | Responses to PNC and Columbia's Requests for Admission.pdf |

On behalf of Kenneth Chaiken, attached please find the Responses to PNC Bank, National Association's and Columbia Housing SLP Corporation's Expedited Requests for Admission.


*Lisa Delcore*
*Paralegal*

CHAIKEN & CHAIKEN, P.C.
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, TX 75024
(214) 265-0250 x316
(214) 265-1537 – fax
ldelcore@chaikenlaw.com

**From:** Lisa Delcore [mailto:ldelcore@chaikenlaw.com]
**Sent:** Monday, July 10, 2017 5:55 PM
**To:** Hoffman, Rob; Whittlesey, David; Bookhout, James; Kenneth Chaiken; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com)
**Cc:** Kenneth Chaiken; Allen Roach
**Subject:** No. 1:17-cv-00584 - Objections and Responses to Expedited Interrogatories

On behalf of Kenneth Chaiken, attached please find the Responses to PNC Bank, National Association's and Columbia Housing SLP Corporation's Expedited Interrogatories.

*Lisa Delcore*
*Paralegal*

CHAIKEN & CHAIKEN, P.C.
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, TX 75024
(214) 265-0250 x316
(214) 265-1537 – fax
ldelcore@chaikenlaw.com

**From:** Lisa Delcore [mailto:ldelcore@chaikenlaw.com]
**Sent:** Monday, July 10, 2017 6:07 PM
**To:** Hoffman, Rob; Whittlesey, David; Bookhout, James; Kenneth Chaiken; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com)
**Cc:** Kenneth Chaiken; Allen Roach
**Subject:** RE: No. 1:17-cv-00584 - Objections and Responses to Expedited Requests for Production

On behalf of Kenneth Chaiken, attached please find the Objections and Responses to PNC Bank, National Association's and Columbia Housing SLP Corporation's Expedited Requests for Production.


*Lisa Delcore*
*Paralegal*

CHAIKEN & CHAIKEN, P.C.
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, TX 75024
(214) 265-0250 x316
(214) 265-1537 – fax
ldelcore@chaikenlaw.com

# EXHIBIT E

DAL:944319.1

| | |
|---|---|
| **From:** | Lisa Delcore <ldelcore@chaikenlaw.com> |
| **Sent:** | Monday, July 10, 2017 11:07 PM |
| **To:** | Hoffman, Rob; Whittlesey, David; Bookhout, James; Kenneth Chaiken; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com) |
| **Cc:** | Kenneth Chaiken; Allen Roach |
| **Subject:** | No. 1:17-cv-00584 - Document Production - Responsive to Requests for Production No. 4 |

On behalf of Kenneth Chaiken, attached via ShareFile please find documents produced, responsive to Request for Production No. 4 (2013TOGP 002766 – 2013TOGP 002860).

## ShareFile Attachments                    Expires August 09, 2017

| | |
|---|---|
| 2013TOGP 002766-2013TOGP 002770.pdf | 616.9 KB |
| 2013TOGP 002771-2013TOGP 002773.pdf | 1.1 MB |
| 2013TOGP 002774-2013TOGP 002777.pdf | 890.1 KB |
| 2013TOGP 002778-2013TOGP 002781.pdf | 1015.1 KB |
| 2013TOGP 002782-2013TOGP 002784.pdf | 1 MB |
| 2013TOGP 002785-2013TOGP 002787.pdf | 782.5 KB |
| 2013TOGP 002788-2013TOGP 002797.pdf | 1.3 MB |
| 2013TOGP 002798-2013TOGP 002803.pdf | 1.2 MB |
| 2013TOGP 002804-2013TOGP 002805.pdf | 1.1 MB |
| 2013TOGP 002806-2013TOGP 002807.pdf | 1.4 MB |
| 2013TOGP 002808-2013TOGP 002811.pdf | 1.4 MB |
| 2013TOGP 002812-2013TOGP 002813.pdf | 946.9 KB |
| 2013TOGP 002814-2013TOGP 002817.pdf | 1.5 MB |
| 2013TOGP 002818-2013TOGP 002820.pdf | 1.4 MB |

| | |
|---|---|
| 2013TOGP 002821-2013TOGP 002827.pdf | 1.3 MB |
| 2013TOGP 002828-2013TOGP 002829.pdf | 1.5 MB |
| 2013TOGP 002830-2013TOGP 002832.pdf | 1.4 MB |
| 2013TOGP 002833-2013TOGP 002836.pdf | 1.4 MB |
| 2013TOGP 002837-2013TOGP 002838.pdf | 1.6 MB |
| 2013TOGP 002839-2013TOGP 002842.pdf | 1.5 MB |
| 2013TOGP 002843-2013TOGP 002845.pdf | 1.3 MB |
| 2013TOGP 002846-2013TOGP 002847.pdf | 1.5 MB |
| 2013TOGP 002848-2013TOGP 002850.pdf | 1 MB |
| 2013TOGP 002851-2013TOGP 002853.pdf | 621.4 KB |
| 2013TOGP 002854-2013TOGP 002858.pdf | 495.3 KB |
| 2013TOGP 002859-2013TOGP 002860.pdf | 615.4 KB |



Lisa Delcore uses ShareFile to share documents securely. Learn More.

*Lisa Delcore*
*Paralegal*

CHAIKEN & CHAIKEN, P.C.
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, TX 75024
(214) 265-0250 x316
(214) 265-1537 – fax
ldelcore@chaikenlaw.com

# EXHIBIT F

| | |
|---|---|
| **From:** | Bookhout, James |
| **Sent:** | Monday, July 10, 2017 4:31 PM |
| **To:** | 'Kenneth Chaiken'; Allen Roach; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com) |
| **Cc:** | Lisa Delcore; Hoffman, Rob; Whittlesey, David |
| **Subject:** | PNC Bank, N.A. et al. v. 2013 Travis Oak Creek GP, LLC et al. -- Plaintiffs' Objections and Responses to Defendants' Expedited Discovery Requests |
| **Attachments:** | Plaintiffs' Objections and Responses to Interrogatories (ROGs).pdf; Plaintiffs' Objections and Responses to Requests for Admission (RFAs).pdf; PNC Bank, N.A.'s Objections and Witness Designations to Notice of Deposition of PNC Bank NA.pdf; Columbia Housing's Objections and Witness Designations to Notice of Deposition of Columbia Housing SLP Corp.pdf; Plaintiffs' Objections and Response to Requests for Production (RFPs).pdf |

Counsel,

Attached please find copies of the following:

1. Plaintiffs' Objections and Responses to Defendants' Expedited Requests for Production;
2. Plaintiffs' Objections and Responses to Defendants' Expedited Requests for Admission;
3. Plaintiffs' Objections and Responses to Defendants' Expedited Interrogatories;
4. Columbia Housing SLP Corporation's Objections and Witness Designations to Defendants' Notice of Deposition of Columbia Housing SLP Corporation; and
5. PNC Bank N.A.'s Objections and Witness Designations to Defendants' Notice of Deposition of PNC Bank, N.A.

Please let us know if you have any trouble accessing the attached documents, and we will resend.

You will be receiving a separate email from Samantha Healy at DiscoveryReady, which will contain a link to download a .exe file with our document production from the DiscoverReady ShareFile site. You will need to use a password to decrypt the files, which she will also provide.

**James C. Bookhout**
Associate

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700  |  Dallas, Texas 75201
+1.214.659.4447 Phone  |  +1.214.659.4401 Fax
+1.214.659.4543 Assistant - Cindy Curry
email | vCard | Bio | andrewskurth.com | Twitter

| | |
|---|---|
| **From:** | Bookhout, James |
| **Sent:** | Monday, July 10, 2017 4:47 PM |
| **To:** | 'Kenneth Chaiken'; 'brhea@dbcllp.com'; 'Millicent Lundburg (mlundburg@dbcllp.com)'; 'Allen Roach' |
| **Cc:** | 'Lisa Delcore'; Hoffman, Rob; Whittlesey, David |
| **Subject:** | FW: PNC-Travis Oak Prod VOL001 |

Ken,

You should have received an email with a link like the one below to download our document production. Please confirm.

**James C. Bookhout**
Associate

**ANDREWS KURTH KENYON LLP**
+1.214.659.4447 Phone  |  +1.214.659.4401 Fax
+1.214.659.4543 Assistant - Cindy Curry

---

**From:** mail@sf-notifications.com [mailto:mail@sf-notifications.com]
**Sent:** Monday, July 10, 2017 4:42 PM
**To:** Bookhout, James
**Subject:** PNC-Travis Oak Prod VOL001



James,

Samantha Healy has sent you files.                                    Expires 9/8/17

     A note from Samantha :
     Please use this link to donwload the PNC-Travis Oak production.

Download

Trouble with the above link? You can copy and paste the following URL into your web browser:
https://discoverready.sharefile.com/d/6f911450b1a64854

ShareFile is a tool for sending, receiving, and organizing your business files online. It can be used as a
password-protected area for sharing information with clients and partners, and it's an easy way to send files that

# EXHIBIT G

**From:** Lisa Delcore [mailto:ldelcore@chaikenlaw.com]
**Sent:** Tuesday, July 11, 2017 12:34 AM
**To:** Hoffman, Rob; Whittlesey, David; Bookhout, James; Kenneth Chaiken; brhea@dbcllp.com; Millicent Lundburg (mlundburg@dbcllp.com)
**Cc:** Kenneth Chaiken; Allen Roach
**Subject:** No. 1:17-cv-00584 - Document Production - Responsive to Request for Production No. 3

On behalf of Kenneth Chaiken, attached via ShareFile please find documents produced, responsive to Request for Production No. 3 (2013TOGP 000132 – 2013TOGP 002765).  Please note that some of the documents have been designated "Confidential."

| ShareFile Attachments | Expires August 10, 2017 |
|---|---|
| 2013TOGP 000132-2013TOGP 000147.pdf | 6.3 MB |
| 2013TOGP 000148-2013TOGP 000150.pdf | 560.6 KB |
| 2013TOGP 000151-2013TOGP 000151.pdf | 488.3 KB |
| 2013TOGP 000152-2013TOGP 000161.pdf | 923.3 KB |
| 2013TOGP 000162-2013TOGP 000181.pdf | 2 MB |
| 2013TOGP 000182-2013TOGP 000184.pdf | 513.4 KB |
| 2013TOGP 000185-2013TOGP 000359.pdf | 1.6 MB |

| File | Size |
|---|---|
| 2013TOGP 000362-2013TOGP 000369.pdf | 535.3 KB |
| 2013TOGP 000370-2013TOGP 000389.pdf | 2.4 MB |
| 2013TOGP 000390-2013TOGP 000410.pdf | 12 MB |
| 2013TOGP 000411-2013TOGP 000422.pdf | 1.5 MB |
| 2013TOGP 000423-2013TOGP 000435.pdf | 1.6 MB |
| 2013TOGP 000436-2013TOGP 000447.pdf | 1.6 MB |
| 2013TOGP 000448-2013TOGP 000464.pdf | 1.7 MB |
| 2013TOGP 000465-2013TOGP 000468.pdf | 517.2 KB |
| 2013TOGP 000469-2013TOGP 000470.pdf | 566.2 KB |
| 2013TOGP 000471-2013TOGP 000474.pdf | 672.7 KB |
| 2013TOGP 000475-2013TOGP 000478.pdf | 672.6 KB |
| 2013TOGP 000479-2013TOGP 000481.pdf | 1 MB |
| 2013TOGP 000482-2013TOGP 000490.pdf | 1.1 MB |
| 2013TOGP 000491-2013TOGP 000562.pdf | 3.8 MB |
| 2013TOGP 000563-2013TOGP 000634.pdf | 4.6 MB |
| 2013TOGP 000635-2013TOGP 000843.pdf | 29.7 MB |
| 2013TOGP 000844-2013TOGP 000846.pdf | 1.2 MB |
| 2013TOGP 000847-2013TOGP 001807.pdf | 40.7 MB |
| 2013TOGP 001808-2013TOGP 002071.pdf | 23 MB |
| 2013TOGP 002072-2013TOGP 002074.pdf | 1017.1 KB |
| 2013TOGP 002075-2013TOGP 002077.pdf | 507.9 KB |
| 2013TOGP 002078-2013TOGP 002078.pdf | 487.5 KB |
| 2013TOGP 002079-2013TOGP 002088.pdf | 987.4 KB |

| | |
|---|---|
| 2013TOGP 002089-2013TOGP 002090.pdf | 463.3 KB |
| 2013TOGP 002091-2013TOGP 002095.pdf | 1 MB |
| 2013TOGP 002096-2013TOGP 002101.pdf | 1.2 MB |
| 2013TOGP 002102-2013TOGP 002104.pdf | 980.9 KB |
| 2013TOGP 002105-2013TOGP 002116.pdf | 2.1 MB |
| 2013TOGP 002117-2013TOGP 002120.pdf | 963 KB |
| 2013TOGP 002121-2013TOGP 002123.pdf | 509.6 KB |
| 2013TOGP 002124-2013TOGP 002133.pdf | 1.7 MB |
| 2013TOGP 002134-2013TOGP 002283.pdf | 17.8 MB |
| 2013TOGP 002284-2013TOGP 002293.pdf | 1.1 MB |
| 2013TOGP 002294-2013TOGP 002315.pdf | 1.3 MB |
| 2013TOGP 002316-2013TOGP 002318.pdf | 1.2 MB |
| 2013TOGP 002319-2013TOGP 002319.pdf | 1004.1 KB |
| 2013TOGP 002320-2013TOGP 002321.pdf | 986.4 KB |
| 2013TOGP 002322-2013TOGP 002323.pdf | 1.1 MB |
| 2013TOGP 002324-2013TOGP 002324.pdf | 480.7 KB |
| 2013TOGP 002325-2013TOGP 002325.pdf | 928 KB |
| 2013TOGP 002326-2013TOGP 002326.pdf | 930 KB |
| 2013TOGP 002327-2013TOGP 002327.pdf | 921.8 KB |
| 2013TOGP 002328-2013TOGP 002328.pdf | 918.1 KB |
| 2013TOGP 002329-2013TOGP 002329.pdf | 479.9 KB |
| 2013TOGP 002330-2013TOGP 002333.pdf | 988.6 KB |
| 2013TOGP 002334-2013TOGP 002337.pdf | 530.3 KB |

| | |
|---|---|
| 2013TOGP 002338-2013TOGP 002340.pdf | 660.1 KB |
| 2013TOGP 002341-2013TOGP 002341.pdf | 952.2 KB |
| 2013TOGP 002342-2013TOGP 002342.pdf | 952.2 KB |
| 2013TOGP 002343-2013TOGP 002343.pdf | 951.9 KB |
| 2013TOGP 002344-2013TOGP 002344.pdf | 1.2 MB |
| 2013TOGP 002345-2013TOGP 002376.pdf | 5 MB |
| 2013TOGP 002377-2013TOGP 002380.pdf | 1014.7 KB |
| 2013TOGP 002381-2013TOGP 002386.pdf | 1 MB |
| 2013TOGP 002387-2013TOGP 002392.pdf | 1 MB |
| 2013TOGP 002393-2013TOGP 002398.pdf | 1 MB |
| 2013TOGP 002399-2013TOGP 002404.pdf | 1 MB |
| 2013TOGP 002405-2013TOGP 002407.pdf | 975.3 KB |
| 2013TOGP 002408-2013TOGP 002415.pdf | 1.6 MB |
| 2013TOGP 002416-2013TOGP 002418.pdf | 975.3 KB |
| 2013TOGP 002419-2013TOGP 002592.pdf | 30.1 MB |
| 2013TOGP 002593-2013TOGP 002595.pdf | 985.1 KB |
| 2013TOGP 002596-2013TOGP 002599.pdf | 1 MB |
| 2013TOGP 002600-2013TOGP 002603.pdf | 920.2 KB |
| 2013TOGP 002604-2013TOGP 002614.pdf | 1 MB |
| 2013TOGP 002615-2013TOGP 002625.pdf | 1 MB |
| 2013TOGP 002626-2013TOGP 002628.pdf | 990 KB |
| 2013TOGP 002629-2013TOGP 002629.pdf | 480.7 KB |
| 2013TOGP 002630-2013TOGP 002631.pdf | 586.7 KB |

| | |
|---|---|
| 2013TOGP 002632-2013TOGP 002634.pdf | 471.5 KB |
| 2013TOGP 002635-2013TOGP 002636.pdf | 467.4 KB |
| 2013TOGP 002637-2013TOGP 002639.pdf | 474.4 KB |
| 2013TOGP 002640-2013TOGP 002643.pdf | 563.7 KB |
| 2013TOGP 002644-2013TOGP 002647.pdf | 1003.2 KB |
| 2013TOGP 002648-2013TOGP 002653.pdf | 490.8 KB |
| 2013TOGP 002654-2013TOGP 002658.pdf | 551.6 KB |
| 2013TOGP 002659-2013TOGP 002664.pdf | 1.7 MB |
| 2013TOGP 002665-2013TOGP 002668.pdf | 550.5 KB |
| 2013TOGP 002669-2013TOGP 002670.pdf | 471.4 KB |
| 2013TOGP 002671-2013TOGP 002677.pdf | 582.5 KB |
| 2013TOGP 002678-2013TOGP 002700.pdf | 12.3 MB |
| 2013TOGP 002701-2013TOGP 002706.pdf | 972.3 KB |
| 2013TOGP 002707-2013TOGP 002709.pdf | 981.1 KB |
| 2013TOGP 002710-2013TOGP 002713.pdf | 985.6 KB |
| 2013TOGP 002714-2013TOGP 002717.pdf | 973.5 KB |
| 2013TOGP 002718-2013TOGP 002720.pdf | 523.5 KB |
| 2013TOGP 002721-2013TOGP 002723.pdf | 491.7 KB |
| 2013TOGP 002724-2013TOGP 002726.pdf | 550.2 KB |
| 2013TOGP 002727-2013TOGP 002729.pdf | 489.5 KB |
| 2013TOGP 002730-2013TOGP 002731.pdf | 521.1 KB |
| 2013TOGP 002732-2013TOGP 002733.pdf | 523.5 KB |
| 2013TOGP 002734-2013TOGP 002735.pdf | 483.3 KB |

| | |
|---|---|
| 2013TOGP 002736-2013TOGP 002741.pdf | 601.8 KB |
| 2013TOGP 002742-2013TOGP 002747.pdf | 592.8 KB |
| 2013TOGP 002748-2013TOGP 002751.pdf | 514 KB |
| 2013TOGP 002752-2013TOGP 002752.pdf | 491.3 KB |
| 2013TOGP 002753-2013TOGP 002755.pdf | 518 KB |
| 2013TOGP 002756-2013TOGP 002758.pdf | 516.2 KB |
| 2013TOGP 002759-2013TOGP 002761.pdf | 518.3 KB |
| 2013TOGP 002762-2013TOGP 002763.pdf | 502.3 KB |
| 2013TOGP 002764-2013TOGP 002765.pdf | 907.3 KB |

Download Attachments

Lisa Delcore uses ShareFile to share documents securely. Learn More.

Lisa Delcore
Paralegal

CHAIKEN & CHAIKEN, P.C.
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, TX 75024
(214) 265-0250 x316
(214) 265-1537 - fax
ldelcore@chaikenlaw.com

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP | §<br>§<br>§<br>§ |
| Plaintiffs, | §<br>§<br>§ |
| v. | §<br>§ |
| 2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS | §<br>§<br>§<br>§<br>§ |
| Defendants. | §<br>§ |

Civil Action No. 1:17-cv-584-RP-ML

| | |
|---|---|
| 2013 TRAVIS OAK CREEK GP, LLC and 2013 TRAVIS OAK CREEK, LP, | §<br>§<br>§ |
| Plaintiffs, | §<br>§<br>§ |
| v. | §<br>§ |
| PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION | §<br>§<br>§<br>§ |
| Defendants. | §<br>§ |

**OBJECTIONS AND RESPONSES TO PNC BANK, NATIONAL
ASSOCIATION'S AND COLUMBIA HOUSING SLP CORPORATION'S
EXPEDITED REQUESTS FOR PRODUCTION**

TO:   PNC Bank, National Association and Columbia Housing SLP Corporation, by and through their attorney of record, Robert M. Hoffman, Andrews Kurth Kenyon LLP, 1717 Main Street, Suite 3700, Dallas, Texas 75201

2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd., and Rene O. Campos ("Respondents") serve the following Objections and

Responses to PNC Bank, National Association's ("PNC") and Columbia Housing SLP Corporation's ("Columbia") Requests for Production.

## GENERAL OBJECTIONS

A.     2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. and Rene O. Campos object to the following Instruction(s):

2. In producing documents and things responsive to these requests, you shall furnish all documents within your possession, custody, or control, regardless of whether the documents are held directly; by others acting on your behalf; or by your attorneys.   You should produce electronically stored information ("ESI") in Tagged Image File ("TIF") format in separate files with metadata intact and an accompanying Relativity load file.

Objection:  Respondents object to the foregoing instruction to the extent that it requires them to produce electronically stored information in a manner that is not required by Federal Rules of Civil Procedure 26(b) and 34(b)(2).

B.     2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. and Rene O. Campos assert the following general objection(s) for each separate Request for Production:

Objection:  Respondents object to these Requests because they seek documents protected by the attorney-client privilege and/or work product doctrine in that many responsive discussions would have been conducted with counsel for the purpose of seeking legal advice or in anticipation of the instant lawsuit or of trial of the same.  In particular, numerous communications between representatives of Respondents and their counsel in this case for the purpose of discussing the instant litigation and/or Respondents' strategies with respect to the instant litigation would be responsive to these Requests as written, and such communications are protected by the attorney-client privilege and/or work product doctrine.  Respondents will withhold any such documents on the basis of those privileges.  Respondents will produce non-privileged, responsive documents in their possession, custody or control, if any.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   All communications discussing, referring to, concerning or relating to PNC or Columbia Housing to which any employee, agent, or representative of Eureka Multifamily Group, LP is a party.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.      It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.      It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.      It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.      It seeks documents created in anticipation of litigation; and,

e.      Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

OBJECTIONS AND RESPONSES TO PNC BANK, NATIONAL
ASSOCIATION'S AND COLUMBIA HOUSING SLP CORPORATION'S
EXPEDITED REQUESTS FOR PRODUCTION                                    Page 3

**REQUEST FOR PRODUCTION NO. 2:**  All communications (to or from any persons acting in any capacity) discussing, referring to, concerning, or relating to the Chase Construction Loan.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.  It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.  It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.  It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.  It seeks documents created in anticipation of litigation; and,

e.  Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 3:** All communications (to or from any persons acting in any capacity) with Arbor Realty Trust, Inc., Arbor Commercial Mortgage, and/or any of their subsidiaries (including any of their employees, agents, and/or representatives) discussing, referring to, concerning, or relating to the Partnership or any Partnership interest.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.      It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos. As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.      It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.      It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.      It seeks documents created in anticipation of litigation; and,

e.      Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the foregoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 4:**  All communications (to or from any persons acting in any capacity) between any of (a) PNC and/or Columbia Housing and (b) any one or more of the Defendants or with the Partnership.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.  It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.  It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.  It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.  It seeks documents created in anticipation of litigation; and,

e.  Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 5:**  All communications (to or from any persons acting in any capacity) with Austin Housing Finance Corporation discussing, referring to, concerning, or relating to the Partnership.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.   It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.   It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.   It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.   It seeks documents created in anticipation of litigation; and,

e.   Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 6:** All documents discussing, referring to, concerning, or relating to the Chase Construction Loan.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.  It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos. As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.  It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.  It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.  It seeks documents created in anticipation of litigation; and,

e.  Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 7:** All communications (to or from any persons acting in any capacity) with Weis Builders regarding any stucco problem, any mechanic's lien, and/or any litigation.

**RESPONSE:**

Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:** All communications (to or from any persons acting in any capacity) with the U.S. Department of Housing and Urban Development and/or its agent, Southwest Housing Compliance Corporation.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.   It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos. As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.   It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.   It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.   It seeks documents created in anticipation of litigation; and,

e.   Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion

for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

A search for responsive documents directly relevant to the matters to be heard at the July hearing is underway.

**REQUEST FOR PRODUCTION NO. 9**:  All documents discussing, referring to, concerning, or relating to any meeting of the partners of 2013 Travis Oak Creek, LP.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.   It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.   It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.   It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.   It seeks documents created in anticipation of litigation; and,

e.   Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

A search for responsive documents directly relevant to the matters to be heard at the July hearing is underway.

**REQUEST FOR PRODUCTION NO. 10:**  All documents discussing, referring to, concerning, or relating to any potential or actual loan or capital contribution to refinance or pay off the Chase Construction Loan.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.     It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.     It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.     It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.     It seeks documents created in anticipation of litigation; and,

e.     Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 11:** All contracts or agreements between any of the Plaintiffs and any of the Defendants.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.   It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.   It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.   It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.   It seeks documents created in anticipation of litigation; and,

e.   Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to these objections, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 12:** All documents discussing, referring to, concerning, or relating to the Forward Commitment.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a. It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos. As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b. It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c. It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d. It seeks documents created in anticipation of litigation; and,

e. Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 13:** All documents discussing, referring to, concerning, or relating to any mechanic's lien filed against any real property owned by the Partnership.

**RESPONSE:**
Respondents object to this Request on the following grounds:

a.    It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos. As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.    It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.    It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.    It seeks documents created in anticipation of litigation; and,

e.    Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 14:** All documents discussing, referring to, concerning, or relating to any litigation between the Partnership and any other person or entity.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.    It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.    It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.    It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.    It seeks documents created in anticipation of litigation; and,

e.    Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 15:**  All documents discussing, referring to, concerning, or relating to any actual or potential default under or breach of the Partnership Agreement by any former or current Partnership partner.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.   It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos. As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.   It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.   It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.   It seeks documents created in anticipation of litigation; and,

e.   Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 16:**  All documents discussing, referring to, concerning, or relating to PNC or Columbia Housing.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.      It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.      It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.      It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.      It seeks documents created in anticipation of litigation; and,

e.      Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 17**:  All documents discussing, referring to, concerning, or relating to any capital contribution in or to the Partnership by PNC or Columbia Housing.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.      It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013

Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.      It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.      It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.      It seeks documents created in anticipation of litigation; and,

e.      Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 18:** All communications evidencing, discussing, referring to, concerning, or relating to any consents that the Defendants contend they obtained from PNC or Columbia Housing.

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.      It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos.  As a result, it seeks production of documents that are

not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.    It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.    It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.    It seeks documents created in anticipation of litigation; and,

e.    Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to and without waiving the forgoing objections, Respondent is producing documents directly relevant to the matters to be heard at the July hearing if any exist.

**REQUEST FOR PRODUCTION NO. 19:**  All communications (to or from any person acting in any capacity) with the Texas Department of Housing and Community Affairs (and/or any of its agents, employees or representatives).

**RESPONSE:**

Respondents object to this Request on the following grounds:

a.    It is not limited in temporal scope or subject matter, or to communications that discuss, refer to, concern or relate to PNC or Columbia Housing that were received and/or generated by an employee, agent or representative of either 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer Inc., Chula Vista, Ltd. or Rene O. Campos. As a result, it seeks production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence;

b.      It is for the same reason overbroad, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the issues in controversy, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues;

c.      It seeks documents that contain mental impressions and conclusions that are protected from discovery by the core work-product doctrine, as codified by Rule 26(b)(3) of the Federal Rules of Civil Procedure;

d.      It seeks documents created in anticipation of litigation; and,

e.      Respondents object to this Request for the reason that it is overbroad and beyond the scope of permitted discovery in requesting documents and tangible things that are not relevant to any parties' claim or defense and/or proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Respondents further object to this Request for Production for the reason that it is not narrowly tailored and limited, as required by the Order on Emergency Motion for Expedited Discovery (Doc. 37), to matters that are directly relevant to the preliminary injunction hearing scheduled for July 21, 2017.

Subject to these objections, no documents will be provided.

**REQUEST FOR PRODUCTION NO. 20:** All communications (to or from any person acting in any capacity) discussing, referring to, concerning, or relating to any defect, deficiency, flaw, and/or problem in the construction of the Lucero Apartments complex, including, but not limited to, communications with the City of Austin, Texas and/or any of its departments, committees, agencies, and/or commissions (including any of their agents, employees or representatives).

**RESPONSE:**

Responsive documents will be produced.

Kenneth B. Chaiken
State Bar No.  04057800
kchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Parkway
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile


William S. Rhea
State Bar No. 16807100
brhea@dbc.com
**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX 78701
(512) 457-8000
(512) 457-8008 (Facsimile)

**ATTORNEYS FOR 2013 TRAVIS OAK
CREEK GP, LLC, 2013 TRAVIS OAK CREEK
DEVELOPER, INC., CHULA INVESTMENTS,
LTD., RENE O. CAMPOS AND 2013 TRAVIS
OAK CREEK, LP**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record via email and facsimile on this 10th day of July, 2017.

Kenneth B. Chaiken

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP<br><br>    Plaintiffs,<br><br>v.<br><br>2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE 0. CAMPOS<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Action No. 1:17-cv-584-RP-ML

| | |
|---|---|
| 2013 TRAVIS OAK CREEK GP, LLC and 2013 TRAVIS OAK CREEK, LP,<br><br>    Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**OBJECTIONS AND RESPONSES TO PNC BANK,
NATIONAL ASSOCIATION'S AND COLUMBIA HOUSING SLP
<u>CORPORATION'S EXPEDITED INTERROGATORIES</u>**

TO:    PNC Bank, National Association and Columbia Housing SLP Corporation, by and through their attorney of record, Robert M. Hoffman, Andrews Kurth Kenyon LLP, 1717 Main Street, Suite 3700, Dallas, Texas 75201

   2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula

Investments, Ltd., and Rene 0. Campos (collectively "Respondents") serve their Objections and

Responses to PNC Bank, National Association's ("PNC") and Columbia Housing SLP

Corporation's ("Columbia") Expedited Interrogatories.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please set forth in detail the legal and factual grounds on which Defendants oppose Plaintiffs' request for a preliminary injunction in this matter, including the identification and grounds for any defense.

**RESPONSE:**

Respondents object to this interrogatory on the grounds that it is drastically overbroad, fails to seek information regarding a subject matter defined with any, let alone reasonable, particularity, and is in effect, a demand to marshal all evidence, via an interrogatory, and thus it is unduly burdensome. This interrogatory is a "blockbuster" interrogatory and essentially seeks to require Respondents to provide a narrative account of their case by listing every fact which supports any of their allegations or defenses in the case, including all evidence they intend to rely upon at the July 21st hearing and thus it is a premature, improper contention discovery request. Subject to and without waiver of these objections, see Respondents' forthcoming written response in opposition to "Plaintiffs'" request for injunctive relief.

**INTERROGATORY NO. 2:** Please set forth in detail the legal and factual grounds on which Defendants contend they are entitled to a preliminary injunction against Plaintiffs in this matter.

**RESPONSE:**

Respondents object to this interrogatory on the grounds that it is drastically overbroad, fails to seek information regarding a subject matter defined with any, let alone reasonable, particularity, and is in effect, a demand to marshal all evidence, via an interrogatory, and thus it is unduly burdensome. This interrogatory is a "blockbuster" interrogatory and essentially seeks to require Respondents to provide a narrative account of their case by listing every fact which supports any of their allegations or defenses in the case, including all evidence they intend to rely upon at the July 21st hearing and thus it is a premature, improper contention discovery request. Subject to and without waiver of these objections, see Respondents' live pleadings and motion for injunctive relief, which provide the detail requested.

**INTERROGATORY NO. 3:** Please list and describe in detail all consents that Defendants contend they have obtained from PNC and/or Columbia Housing (other than consents expressly stated in the Partnership Agreement).

OBJECTIONS AND RESPONSES TO PNC BANK, NATIONAL
ASSOCIATION'S AND COLUMBIA HOUSING SLP
CORPORATION'S EXPEDITED INTERROGATORIES                          Page 2

**RESPONSE:**

PNC and Columbia Housing have consented to a) extend the Date of Completion for Final Construction Completion following discovery of the construction deficiencies and/or defects; b) the Partnership's non-payment to Weis Builders of its final payment demand; c) defending the litigation brought by the Weis Builders against the Partnership and to foreclose on its mechanic's lien; d) prosecuting claims against Weis Builders for failing to complete construction in a non-defective manner; e) non-payment to PNC of a "Non Delivery Fee;" f) obtaining a bridge loan from Arbor Commercial Mortgage; and, g) not paying Chase Bank until and via closing of the Arbor Commercial loan.

**INTERROGATORY NO. 4:**  Please set forth Defendants' calculation of sources and uses for all funds needed to refinance or pay off the Chase Construction Loan.

**RESPONSE:**

Documents that have already been provided to "Plaintiffs," and will be produced again in lieu of a further response. *See, Exhibit "A."*

**INTERROGATORY NO. 5:**  Please set forth all conditions or requirements that Arbor Commercial Mortgage has stated, in writing or orally, that it will require, want, or desire to be met prior to closing on any loan or funding to refinance or pay off the Chase Construction Loan.

**RESPONSE:**

Documents providing this information will be produced in lieu of a further response.  *See, Exhibit "B."*

**INTERROGATORY NO. 6:**  Please describe in detail the legal and factual grounds upon which you contend, if you so contend, that the provisions of the Partnership Agreement concerning Columbia Housing's right to remove 2013 Travis Oak Creek GP, LLC as general partner are void and/or unenforceable.

**RESPONSE:**

Section 7.7 is illusory and legally unenforceable, because it makes performance of the limited partners' promises and obligations under the contract optional or completely within their discretion, pleasure and control, rendering their performance and promises to perform so indefinite as to not create any binding contract.  Additionally, the events giving rise to the defaults alleged by Columbia Housing in support of its request for injunctive relief  were not defaults by 2013 Travis Oak Creek GP, LLC and/or each were caused or consented to by Columbia and PNC, and/or they were legally excused, and/or Columbia Housing and PNC  are estopped to assert them as defaults.  Finally Texas rules of equity preclude enforcement of forfeiture provisions, on an inequitable basis.

**INTERROGATORY NO. 7:**  Please describe in detail all breaches of or failures to satisfy conditions in the Partnership Agreement that you contend Plaintiffs have committed or caused to occur.

**RESPONSE:**

Respondents object to this interrogatory on the grounds that it is drastically overbroad, fails to seek information regarding a subject matter defined with any, let alone reasonable, particularity, and is in effect, a demand to marshal all evidence, via an interrogatory, and thus it is unduly burdensome.  This interrogatory is a "blockbuster" interrogatory and essentially seeks to require Respondents to provide a narrative account of their case by listing every fact which supports any of their allegations or defenses in the case, including all evidence they intend to rely upon at the July 21ˢᵗ hearing and thus it is a premature, improper contention discovery request.  Subject to and without waiver of these objections, see Respondents' forthcoming written response in opposition to "Plaintiffs'" request for injunctive relief.

**INTERROGATORY NO. 8:**  If you contend that any alleged or actual default under the Chase Construction Loan was the result of any action(s) or omission(s) by any Plaintiff, set forth in detail the factual and legal basis for your contention.

**RESPONSE:**

1) demanding that the Partnership pay an improper "penalty" to PNC Bank, N.A. to extend the closing date for the Forward Commitment, 2) refusing to make capital contributions as required under the terms of the Partnership Agreement, 3) terminating the Forward Commitment prior to the closing date, 4) refusing to cooperate in closing of the loan that was to be provided by Arbor Commercial Mortgage could occur to pay off the Construction Loan, and 5) insisting upon payment to PNC of a breakage fee as a condition to consenting to closing of the Arbor Loan, all constitute actions and/or omissions by PNC and/or Columbia that led to non-payment of the Chase Loan on or before its maturity date, and/or within available cure periods thereafter.

**INTERROGATORY NO. 9:**  If you contend that any alleged or actual default under or termination of the Forward Commitment was the result of any action(s) or omission(s) by any Plaintiff, set forth in detail the factual and legal basis for your contention.

**RESPONSE:**

PNC demanded the Partnership pay an unpermitted fee to extend the closing date for the Forward Commitment, 2) provided consent to 2013 Travis Oak Creek GP, LLC to withhold payment of the unpermitted fee to extend the closing date for the Forward Commitment, 3) terminated the Forward Commitment when the Partnership refused to pay the unpermitted fee to extend the closing date for the Forward Commitment, prior to the closing date, all of which were actions or omissions of "Plaintiffs" causing default under and termination of the Forward Commitment.

**INTERROGATORY NO. 10:**   Please set forth the name, address and telephone number of each person you expect to call as a witness at the hearing on the parties' cross-motions for preliminary injunction.

**RESPONSE:**

Mark Rogers
c/o Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
Legacy Town Center III
5801 Tennyson Pkwy, Suite 440
Plano, Texas  75024
(214) 265-0250

Rene Campos
c/o Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
Legacy Town Center III
5801 Tennyson Pkwy, Suite 440
Plano, Texas  75024
(214) 265-0250

Kirk Standly, Esq.
325 N. St. Paul Street, Suite 3300
Dallas, Texas  75201
214.234.7951

David Hasselwander
c/o Robert M. Hoffman
Andrews Kurth Kenyon LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
(214) 659-4400

Abi Tobun
c/o Robert M. Hoffman
Andrews Kurth Kenyon LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
(214) 659-4400

One or more representatives from Chase Bank

One or more representatives of Arbor Commercial Mortgage

**OBJECTIONS AND RESPONSES TO PNC BANK, NATIONAL
ASSOCIATION'S AND COLUMBIA HOUSING SLP
CORPORATION'S EXPEDITED INTERROGATORIES**                    Page 5

_(signature)_

Kenneth B. Chaiken
State Bar No.  04057800
kchaiken@chaikenlaw.com
**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Parkway
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

William S. Rhea
State Bar No. 16807100
brhea@dbc.com
**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000
(512) 457-8008 (Facsimile)

**ATTORNEYS FOR 2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., RENE O. CAMPOS AND 2013 TRAVIS OAK CREEK, LP**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record via email and facsimile on this 10th day of July, 2017.

_(signature)_

Kenneth B. Chaiken

# EXHIBIT A

| Sources | | Uses | |
|---|---|---|---|
| Loan Amount | $30,500,000 | UPB | $26,000,000 |
| Application Fee | $0 | Lender Origination Fee | $305,000 |
| Rate Lock Deposit | $0 | Interest Due New Loan | $43,790 |
| Earnest Money | $0 | Interest on Old Loan | $65,000 |
| Option Fee | $0 | Prepayment Penalty | $0 |
| | | Lender Legal | $85,000 |
| **REFUNDED ESCROWS** | | Borrower Legal | $55,000 |
| Tax Escrow | $0 | Title | $17,118 |
| Insurance Escrow | $0 | Filing Fees | $575 |
| Replacement Reserves | $0 | 3rd parties | $25,547 |
| Operating Reserve Account | $0 | Brokerage Fee | $118,000 |
| PNC DUS Good Faith Deposit | $819,000 | Processing Fee | $750 |
| | | **Immediate Repair Holdback** | $5,600,000 |
| | | Deferred Maint Holdback | $52,370 |
| | | **LESS - Equity Retainage** | $0 |
| | | Tax Escrow | $170,197 |
| | | Insurance Escrow | $41,779 |
| | | Insurance Premium | $0 |
| | | Replacement Reserve | $30,800 |
| | | Tax Contract Fee | $12,640 |
| | | 2017 Taxes | $0 |
| | | **PNC Breakage Fee** | $0 |
| Equity Required | $1,304,566 | **Cash Out** | $0 |
| **TOTAL** | **$32,623,566** | **TOTAL** | **$32,623,566** |

| | |
|---|---|
| Weiss Lien | $3,290,000 |
| Multiple | 150% |
| **Bonding Requirement** | **$4,935,000** |
| **Total Requirement** | **$6,239,566** |

## Existing Scenario

| Sources | | Uses |
|---|---|---|
| Loan Amount | $30,500,000 | UPB |
| Application Fee | $0 | Lender Origination Fee |
| Rate Lock Deposit | $0 | Interest Due New Loan |
| Earnest Money | $0 | Interest on Old Loan |
| Option Fee | $0 | Chase Legal Fees |
| | | Prepayment Penalty |
| | | Lender Legal |
| **REFUNDED ESCROWS** | | Borrower Legal |
| Tax Escrow | $0 | Title |
| Insurance Escrow | $0 | Filing Fees |
| Replacement Reserves | $0 | 3rd parties |
| PNC MBS Extension Fee | $204,750 | Brokerage Fee |
| PNC DUS Good Faith Deposit | $819,000 | Processing Fee |
| | | **Immediate Repair Holdback** |
| | | Deferred Maint Holdback |
| | | **LESS - Equity Retainage** |
| | | Tax Escrow |
| | | Insurance Escrow |
| | | Insurance Premium |
| | | Replacement Reserve |
| | | Tax Contract Fee |
| | | 2017 Taxes |
| | | **PNC Breakage Fee** |
| Equity Required | $1,121,771 | **Cash Out** |
| **TOTAL** | **$32,645,521** | **TOTAL** |

| | |
|---|---|
| Lien Amount | $3,290,000 |
| Multiple on Cash | 1.25x |
| **Cash Holdback Requirement** | $4,112,500 |

| **TOTAL CASH TO CLOSE SHORT TERM** | **$5,234,271** |
|---|---|

| | |
|---|---|
| Bonding Requirement (150x) | $4,935,000 |
| Cash Requirement (2%) and Gurantee | $98,700 |
| Cash Refund from Title | $4,013,800 |

| **CASH TO CLOSE LONG TERM** | **$1,220,471** |
|---|---|

## Equity Funding

| | Sources | | Uses |
|---|---|---|---|
| $26,000,000 | Loan Amount | $30,500,000 | UPB |
| $305,000 | Application Fee | $0 | Lender Origination Fee |
| $43,790 | Rate Lock Deposit | $0 | Interest Due New Loan |
| $86,640 | Earnest Money | $0 | Interest on Old Loan |
| $315 | Option Fee | $0 | Chase Legal Fees |
| $0 | | | Prepayment Penalty |
| $85,000 | | | Lender Legal |
| $55,000 | **REFUNDED ESCROWS** | | Borrower Legal |
| $17,118 | Tax Escrow | $0 | Title |
| $575 | Insurance Escrow | $0 | Filing Fees |
| $25,547 | Replacement Reserves | $0 | 3rd parties |
| $118,000 | PNC MBS Extension Fee | $204,750 | Brokerage Fee |
| $750 | PNC DUS Good Faith Deposit | $819,000 | Processing Fee |
| $5,600,000 | | | **Immediate Repair Holdback** |
| $52,370 | | | Deferred Maint Holdback |
| $0 | | | **LESS - Equity Retainage** |
| $170,197 | | | Tax Escrow |
| $41,779 | | | Insurance Escrow |
| $0 | | | Insurance Premium |
| $30,800 | | | Replacement Reserve |
| $12,640 | | | Tax Contract Fee |
| $0 | | | 2017 Taxes |
| $0 | | | **PNC Breakage Fee** |
| $0 | Equity Required | -$1,978,229 | **Cash Out** |
| **$32,645,521** | **TOTAL** | **$29,545,521** | **TOTAL** |

| | | |
|---|---|---|
| Lien Amount | | $3,290,000 |
| Multiple on Cash | | 1.25x |
| **Cash Holdback Requirement** | | **$4,112,500** |

| **TOTAL CASH TO CLOSE SHORT TERM** | **$2,134,271** |
|---|---|

| | | |
|---|---|---|
| Bonding Requirement (150x) | | $4,935,000 |
| Cash Requirement (2%) and Gurantee | | $98,700 |
| Cash Refund from Title | | $4,013,800 |

| **CASH TO CLOSE LONG TERM** | **-$1,879,529** |
|---|---|

| |
|---|
| $26,000,000 |
| $305,000 |
| $43,790 |
| $86,640 |
| $315 |
| $0 |
| $85,000 |
| $55,000 |
| $17,118 |
| $575 |
| $25,547 |
| $118,000 |
| $750 |
| **$5,600,000** |
| $52,370 |
| **-$3,100,000** |
| $170,197 |
| $41,779 |
| $0 |
| $30,800 |
| $12,640 |
| $0 |
| **$0** |
| **$0** |
| $29,545,521 |







# EXHIBIT B

# ⊞ ARBOR

**FINANCING TERM SHEET**
**BRIDGE LOAN**

**LUCERO APARTMENTS**
**2301 DURWOOD STREET**
**AUSTIN, TEXAS 78704**
**(THE "PROPERTY")**

**March 7, 2017**

Arbor will consider a request from Borrower (as such term is defined below) that Arbor provide financing (the "Loan") on the Property, to be secured by a first mortgage lien and the other security all as more particularly described below, provided that the Loan is structured on the terms and conditions outlined below.

<u>Borrower:</u>  A to-be-formed, special purpose, single asset, bankruptcy remote entity satisfactory to Arbor formed exclusively to own and develop the Property.  Borrower shall be prohibited from engaging in any other business activities and shall otherwise meet applicable Rating Agency criteria with respect to qualifying as a bankruptcy remote entity, including, but not limited to, the existence of one (1) independent director.

<u>Key Principal(s):</u>  Rene Campos (the "Key Principal").  The Key Principal(s) shall execute one or more guaranty and indemnity agreements evidencing their liability as set forth herein.

<u>Lender:</u>  Arbor Realty SR, Inc. ("Arbor") or an affiliate or nominee designated by Arbor.

<u>Servicer:</u>  Arbor or an affiliate or nominee designated by Arbor.

<u>Loan Amount:</u>  Up to $30,500,000; provided however, that (i) the debt service coverage ratio for the asset, as determined by Arbor in its sole discretion, is no less than 1.40x, based on the in place cash flow and actual Interest Rate, and 1.25x based on the stabilized underwritten cash flow using the estimated then prevailing market constant for Fannie Mae, (ii) the loan to value ratio for the asset on an as-stabilized basis, as determined by Arbor in its sole discretion, is no greater than 75%, and (iii) the loan to cost ratio for the asset inclusive of the purchase price and reserve amounts as set forth herein, as determined by Arbor in its sole discretion, is no greater than 62%; provided, further, that the Loan may be structured with one or more notes and mortgages and some component of the Loan may be structured as a mezzanine loan on the same terms as set forth below, secured by all of the direct or indirect ownership interests in Borrower, as determined by Arbor.

<u>Loan Term:</u>  The Loan Term shall be for twelve (12) months (the "Initial Term"), unless extended.

1

The Initial Term may be extended for an additional twelve (12) months (the "Extended Term"), provided that: (i) Arbor receives written notice of Borrower's election to extend the Initial Term at least 30 days prior to the expiration of the Initial Term (the "Notice of Extension"); (ii) along with the Notice of Extension, Borrower delivers to Arbor an extension fee in an amount equal to one half of one percent (0.5%) of the maximum Loan Amount; (iii) no event of default shall have occurred and no event shall have occurred that with notice, passage of time or both would constitute an event of default; (iv) Borrower shall purchase a new Rate Cap in form and substance acceptable to Arbor; and (v) the Property shall achieve an in-place debt service coverage of no less than 1.25x, using the then prevailing market constant for Fannie Mae (the "DSCR Extension Test"), provided that if the Property fails to meet the DSCR Extension Test, then, in order to qualify for the Extended Term, Borrower shall rebalance the Loan by making a payment in an amount necessary to cause the debt service coverage, as determined by Arbor in its sole discretion, to satisfy the DSCR Extension Test.

<u>Interest Rate:</u>  Commencing on the closing date and continuing until maturity (whether at the expiration of the term, prepayment, acceleration or otherwise), interest on the Loan shall be paid and accrue monthly on the full Loan Amount at a rate equal to 475 basis points in excess of the one (1) month LIBOR Rate, provided that at no time during the Loan Term shall the one (1) month LIBOR Rate be less than the greater of (i) 80 basis points and (ii) the LIBOR Rate on the business day immediately prior to the closing date.

<u>Rate Cap Agreement:</u>  At Closing, Borrower may be required to obtain a Rate Cap Agreement in form and substance acceptable to Arbor, and such agreement must have provisions for extensions so that the Rate Cap Agreement matures concurrent with the Loan Term.

<u>Amortization:</u>  The Loan shall be interest only.

<u>Initial Closing Fees and Costs and On-going Expenses:</u>  Upon execution hereof, Borrower shall deliver to Lender (or shall have already delivered to Lender), a $50,000 non-refundable deposit (the "Good Faith Deposit") pursuant to the wire instructions set forth on Exhibit A attached hereto.  Whether or not the transaction contemplated herein closes, Borrower shall be liable for all Lender, Servicer and third-party provider fees, costs and expenses related to this transaction, including, without limitation, the reasonable fees and expenses of Lender's outside counsel, fees and expenses associated with loan document preparation and review, title insurance fees and premiums, fees and expenses associated with the preparation and review of appraisal, engineering, environmental and other internal and third-party reports, underwriting fees, recording fees, costs incurred in reviewing due diligence materials, on-going inspection and construction related expenses, rating agency review fees, securitization loan summary fees and costs and fees associated with funding, and establishing, maintaining and terminating interest rate caps or hedges (collectively, "Lender Expenses").  Lender shall pay all or any portion of the Lender Expenses directly from the Good Faith Deposit.  If Lender determines not to make the Loan on substantially the terms and conditions set forth herein, or on other terms acceptable to Borrower, the Good Faith Deposit (to the extent that any funds remain in the Good Faith Deposit), less any Lender Expenses, shall be returned to Borrower.  In the event that the Closing occurs, the Good Faith Deposit (to the extent that any funds remain in the Good Faith Deposit),

2

less any amounts expended by Lender in payment of the foregoing fees, costs and expenses, shall, at Lender's sole option, either be refunded by Lender to Borrower or applied to satisfy any amounts due Lender in connection with the Closing of the Loan. If Lender Expenses exceed the Good Faith Deposit, Borrower and Key Principals, each jointly and severally, promise to promptly pay such difference to Arbor on demand as well as indemnify Arbor for any costs, expenses, and attorney's fees incurred seeking collection of any unreimbursed Lender Expense and pursuing the recovery of any unreimbursed Lender Expense in litigation by Lender against Borrower and/or Key Principal(s).

<u>Loan Origination Fee:</u>  Borrower shall pay a loan fee to Arbor equal to one percent (1.0%) of the maximum Loan Amount (the "Loan Fee").  The entire Loan Fee shall be paid at Closing.

<u>Exit Fee:</u>  Upon the maturity of the Loan (whether at the expiration of the term, prepayment, acceleration or otherwise), Borrower shall pay an exit fee in an amount equal to one percent (1.0%) of the maximum Loan Amount (the "Exit Fee") and, to the extent that a partial prepayment is made, the amount of the Exit Fee corresponding to such prepayment amount, as calculated by Arbor, shall be due and payable in connection with such prepayment.  Arbor shall waive its right to receive the Exit Fee if Arbor provides any permanent financing on the Property.

<u>Tax and Insurance Escrow:</u>  Borrower is required to make monthly escrow payments to the Servicer equal to $1/12^{th}$ of the annual insurance premiums and real estate taxes, plus a one time charge, payable at Closing, for a real estate tax service fee.  The initial escrow will be determined by Arbor based upon the number of months remaining until the next payment is due.  All tax and insurance payments due and not paid must be satisfied prior to Closing.  Proof of payment shall be submitted prior to Closing.

<u>Repair Reserve:</u>  At Closing, Borrower shall establish a repair reserve for stucco repair in an amount to be determined by Arbor in its sole discretion during underwriting of the Loan, currently estimated to be $5,500,000 (the "Repair Reserve"), and such funds shall be deposited in an account controlled by Arbor.  Funds may be withdrawn from the Repair Reserve at Arbor's discretion pursuant to plans and specifications and a budget approved by Arbor in its sole discretion.

<u>Loan Out of Balance:</u>  The Loan shall be deemed to be "Out of Balance" if at any time during the Loan Term, Arbor determines, in its sole discretion, that the remaining amount available under the Loan is not or will not be sufficient to complete the repairs, to pay interest on the Loan through completion of the project, and to pay all costs and expenses set forth in the approved repair budget, plus such additional amounts as Arbor, in its sole discretion, deems necessary to complete the repairs, pay all liabilities and perform all obligations of Borrower under the loan documents.  In determining whether the Loan is Out of Balance, only funds being held in the Repair Reserve will be considered.  In the event that Arbor determines that the Loan is Out of Balance, within 10 days of being notified thereof, Borrower shall be required to deposit with Arbor funds equal to the amount that Arbor estimates that the Loan will be Out of Balance (the "Out of Balance Payment").  Any Out of Balance Payment deposited with Arbor shall be added to and made a part of the Repair Reserve.  Failure to pay the Out of Balance Payment and deposit

such payment with Arbor shall constitute an event of default. In addition, the Out of Balance Payment shall become recourse to the Key Principals.

<u>Replacement Reserve:</u>  At Closing, Borrower shall establish a replacement reserve in an initial amount to be determined by Arbor in its sole discretion during underwriting of the Loan (the "Replacement Reserve"), and such funds shall be deposited in an account controlled by Arbor. In addition to the initial deposit, Borrower shall be required to make monthly escrow payments to the Replacement Reserve in an amount to be determined by Arbor in its sole discretion during underwriting of the Loan. Funds may be withdrawn from the Replacement Reserve pursuant to Arbor's standard disbursement guidelines.

<u>Deferred Maintenance Reserve:</u>  At Closing, Borrower shall establish a deferred maintenance reserve in an amount equal to 125% of estimated repair costs (as detailed in the engineering report obtained by Arbor during the underwriting process) (the "Deferred Maintenance Reserve"), and such funds shall be deposited in an account controlled by Arbor. Funds may be withdrawn from the Deferred Maintenance Reserve pursuant to Arbor's standard disbursement guidelines.

<u>Security:</u>  The Loan shall be evidenced by a promissory note of Borrower which shall be secured by: (i) a first mortgage lien on the Property; (ii) the non-recourse carve-out guaranty; (iii) the completion guaranty; (iv) the environmental indemnity; (v) the Out of Balance Payment guaranty; and (vi) such other security as may be required by Arbor and consistent with this Term Sheet including, without limitation, UCC financing statements, an assignment of all books and records and plans relating to the Property or construction of the project, and an assignment of all contracts entered into or to be hereafter entered into by Borrower.

<u>Guarantors:</u>  The Key Principals will be required to execute guaranties in favor of Arbor guaranteeing, on a joint and several basis: (i) the payment and performance of recourse carve-out obligations under the Loan as set forth herein; (ii) completion of repairs; (iii) any obligations and liabilities of Borrower under the environmental indemnity agreement; (iv) the Out of Balance Payment; and (v) all costs of enforcement of any such guaranties. At all times during the term of the Loan, the Key Principal shall maintain a Net Worth in an amount to be determined by Arbor in its sole discretion during underwriting of the Loan. As used herein, the term "Net Worth" shall mean tangible net worth, calculated and determined by Lender in accordance with generally acceptable accounting practices, consistently applied. Failure to maintain such a Net Worth shall constitute an Event of Default under the Loan Documents. At all times during the term of the Loan, the Key Principal shall maintain a Liquidity in an amount to be determined by Arbor in its sole discretion during underwriting of the Loan. As used herein, the term "Liquidity" shall mean the amount of liquid assets held by the Key Principal, calculated and determined by Lender in accordance with generally acceptable accounting practices, consistently applied. Failure to maintain such Liquidity shall constitute an Event of Default under the Loan Documents.

<u>Recourse:</u>  The Key Principal shall have no personal liability for the repayment of the Loan or performance under the loan documents, except as otherwise provided herein and except with respect to Lender's standard carveouts as to Lender's losses and as to full recourse.

4

**Completion Guaranty:**  The Key Principals and the Borrower shall, jointly and severally, provide a standard industry guaranty of any and all stucco repairs to be performed at the Property based upon the Arbor approved repair budget and plans and specifications.

**Loan Out of Balance Guaranty:**  The Key Principal and the Borrower shall, jointly and severally, provide a standard industry guaranty of the obligation to rebalance the Loan and make the Out of Balance Payment as set forth in the Loan Out Of Balance section of this Term Sheet.

**Environmental Indemnity:**  The Key Principals and the Borrower shall, jointly and severally, provide an environmental indemnity agreement in form and substance acceptable to Arbor, which is not subject to limitations on recourse.

**Cash Management:**  Borrower shall establish at Closing a Soft Lockbox Account at BankUnited, N.A. for the deposit of all revenues generated by the Property's operations, which account shall be pledged to Lender as additional security.  The Borrower's property manager shall be required to collect rents, credit card receipts, and all other sources of income generated from the operation of the Property and deposit such income collected on a daily basis into the Lockbox Account, and until (i) an event of default occurs, (ii) ninety (90) days prior to the maturity date of the Loan, or (iii) the failure of certain property and operations performance tests as determined by Lender in its sole and absolute discretion during underwriting of the Loan, such funds may be utilized by the Borrower to pay operating expenses of the Property.

**Property Management:**  Property management agreement and all service contracts and operating licenses shall be in a form and substance satisfactory to Arbor, require Arbor's approval over fees, and be subordinate to Loan payments.

**Prepayment:**  The Loan may be prepaid in whole or in part on any payment date (provided, however, partial prepayments may not be in principal amounts less than $100,000) upon not less than 30 days advance written notice.  Any such prepayment shall include full repayment of all principal being prepaid, interest, the Prepayment Fee, Exit Fee (or portion thereof), and all other charges including, without limitation, legal expenses, prepayment fees, property inspection fees, and other loan processing and servicing fees, if any. The "Prepayment Fee" is defined as an amount equal to the debt service (including debt service at a default interest rate, if a default shall have occurred), fees and expenses (including late fees and legal fees, if any) which would have otherwise been payable on such prepaid amount from the date of such prepayment until the date which is six (6) months after the commencement of the Loan Term.

**Transferability:**  No transfer of any direct or indirect legal or beneficial interest in Borrower will be permitted except with respect to approved estate planning transfers.

**Other Financing:**  Except as approved by Arbor, no subordinate financing will be allowed during the term of the Loan, either on a secured or unsecured basis.

**Borrower's Counsel Opinion Letter:** On or before the Closing, Borrower's counsel shall provide Arbor an opinion letter acceptable to Arbor covering the following: (i) proper formation of the borrowing entity and any other entity which is pledging an interest or in which an interest

5

is being pledged, (ii) proper authority to borrow funds, (iii) opinion as to usury, (iv) enforceability, (v) due execution and delivery, and (vi) such other matters as Arbor shall request.

Borrower's Counsel Non-Consolidation Opinion Letter: On or before the Closing, Borrower's counsel shall provide Arbor an opinion letter acceptable to Arbor covering non-consolidation.

Other Conditions: The making of the Loan shall be subject to satisfactory completion of real estate, underwriting and legal due diligence, including, but not limited to: (i) review and approval of all third party reports, including an Appraisal, Phase I Environmental Site Assessment Report, a Plan and Cost review and an engineer's report; (ii) review and approval of Borrower's organizational documents; (iii) review of sources and uses; (iv) verification of Borrower's cost basis in the Property; (v) review and approval of all subsidy programs applicable to the tenants and/or Property, including but not limited to low income tax credit programs, (vi) confirmation that the underwritten real estate taxes at stabilization are not greater than $310,000, and (vii) confirmation that no proceeds from the Loan shall be disbursed to Borrower at closing.

Other Approvals:  Arbor shall have approval rights over various actions of Borrower, including, without limitation: (a) approval over Borrower's operating budgets, (b) approval over all brokerage and management agreements relating to the Property, (c) approval over monthly, quarterly and annual reporting requirements, (d) approval of all equipment leases, (e) approval of all Property transactions with entities affiliated with Borrower or its Key Principals, and (f) approval of all commercial leases.

Title Insurance:  Borrower shall obtain, at Borrower's expense, fee and loan title insurance policies and endorsements, issued by a title insurance company selected by Arbor, in amounts and in form and substance reasonably acceptable to Arbor and subject only to such exceptions as are reasonably acceptable to Arbor.

ALTA/NSPS Survey:  Borrower shall furnish Arbor with a current ALTA/NSPS survey in respect of the Property prepared by a licensed surveyor satisfactory to Arbor and certified to Arbor, the title insurer and Borrower, and otherwise satisfactory to Arbor in all respects.

Right of First Refusal:  Borrower and Key Principals hereby grant an irrevocable right of first refusal to Lender, its affiliates and any third party sourced by Lender, for any refinancing of the Loan.

Broker Fees:  The Borrower and the Key Principals shall indemnify and hold harmless Arbor and its affiliates from any liability whatsoever relating to any brokerage commissions relating to this transaction and any broker fees that may have been incurred, and at Closing, the Borrower agrees to pay the agreed upon brokerage commission.

Arbor's Right to Securitize or Sell Loan:  Arbor may, without consent of Borrower, sell all or a portion of the Loan by certificates, participations, securities or notes evidencing whole or component interests therein, through one or more public or private offerings (each, a "Securitization") or for such other purpose (a "Sale").  Borrower and Key Principals agree to

6

cooperate in such Securitization or Sale provided such cooperation does not alter the economics of the transaction. Borrower acknowledges that Arbor may disclose the Property's, the Borrower's, the Key Principal's and the property manager's financial information in connection with such Securitization or Sale.

Confidentiality: Borrower and Key Principals will keep, and will instruct and cause their respective agents, advisors and legal counsel to keep this term sheet strictly confidential. Borrower will disclose to Arbor the names of any advisors and legal counsel to whom this term sheet is provided, if any. The foregoing confidentiality provisions shall be inapplicable in the event and to the extent any court or regulatory authority having jurisdiction over the matter shall require disclosure of any such information. Borrower hereby gives Arbor permission to release publicity articles and other information concerning the closing of the Loan.

Borrower shall not publicize or advertise any information regarding the Loan or Lender's financing of the Property without first submitting any proposed publication or advertisement to Lender, and then receiving the written approval of Lender (such approval to be granted or not granted in Lender's sole discretion), and shall instruct Guarantor and any Affiliate of Borrower of the restriction against publicizing or advertising any information regarding the Loan or Lender's financing of the Property without such review and approval by Lender.

Exclusivity: Neither Borrower, Key Principal(s) nor any affiliate of any of the same shall make, accept, negotiate, entertain or otherwise pursue or deal with any offers to engage in any debt financing regarding the Property other than the financing contemplated under this Term Sheet unless Arbor elects in writing not to provide the proposed financing set forth in this Term Sheet. Notwithstanding anything to the contrary set forth herein, should Borrower, Key Principal(s) or any affiliate of either obtain financing for the Property from another lender or sells the Property, unless Arbor has elected in writing not to provide the proposed financing set forth in this Term Sheet, then Arbor will be entitled to retain the unapplied balance of the Good Faith Deposit and Borrower, Key Principal or any affiliate thereof shall pay immediately, upon demand, to Arbor a break-up fee equal to 2.0% of the maximum principal balance of the proposed Loan Amount, which break-up fee shall constitute liquidated damages for the time and effort expended by Arbor in connection with this Term Sheet, it being expressly acknowledged and agreed that Arbor's actual damages in such instance will be impossible to calculate.

Governing Law and Jurisdiction: This Term Sheet shall be governed and construed in accordance with the laws of the State of New York and the applicable laws of the United States of America. In any action brought under or arising out of this Term Sheet, Borrower and Key Principals hereby consent to the jurisdiction of any competent state or federal court within the State of New York.

Term Sheet Not a Commitment: Borrower and Key Principals understand and agree that this Term Sheet is provided by Arbor solely for discussion purposes only and is not a commitment to lend or an agreement to issue a commitment of any kind. As such the terms set forth herein are not binding upon Arbor. Arbor may withdraw from such discussions and/or this Term Sheet at any time and for any reason, or change any of the terms contained herein, in Arbor's sole and absolute discretion, including without limitation: (i) prior to the Return Date set forth below; (ii)

7

if there is a material adverse change in or regarding, inter alia, the Borrower, the Property, any Key Principal, any investments of the Borrower or the Key Principals other than the Property, Arbor and/or the real estate or financial markets (including, but not limited to, the secondary mortgage market); or (iii) if Arbor, during underwriting of the Loan, decides to change any of the terms contained herein as it may require, or modify or add to the performance tests, guarantees and other security instruments described herein or add any other reserves or escrows. *Borrower further understands and agrees that Arbor is not obligated to enter into the transaction contemplated by this Term Sheet, on the terms set forth herein or on any other terms, unless and until (1) Arbor obtains internal committee approval, which committee approval shall be predicated on multiple factors, including but not limited to underwriting to a viable exit strategy at the Loan Amount; and (2) Arbor executes and delivers to Borrower a separate written commitment letter or executes final documentation, the terms of which shall supersede in their entirety the terms set forth herein.* Borrower and Key Principals, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agree to be bound by the terms hereof, including, without limitation, those contained in the paragraphs entitled Exclusivity, Confidentiality, Term Sheet Not a Commitment and Broker Fees.

## REMAINDER OF PAGE INTENTIONALLY BLANK

Notwithstanding anything to the contrary contained herein, this Term Sheet shall automatically terminate if an executed copy of the Term Sheet, along with the required Good Faith Deposit specified herein, is not delivered to Arbor prior to March 14, 2017 at 5:00 pm NY time (the "Return Date"). The undersigned represents and warrants that neither it nor any proposed Key Principal has, within the past seven years of the date hereof: (i) personally filed for bankruptcy or a similar proceeding, or caused another entity or person which her or she controlled the operations or affairs of, to file for bankruptcy or a similar proceeding; (ii) had an involuntary bankruptcy or similar proceeding filed against himself or herself, or filed against another entity or person which her or she controlled the operations or affairs of; (iii) had real property which he or she owned foreclosed on, or had real property owned by another entity or person which he or she controlled the operations or affairs of foreclosed on; or (iv) delivered a deed in lieu of foreclosure or similar surrender agreement for real property owned by him or her, or directed another entity or person which he or she controlled the operations or affairs of to sign a deed in lieu of foreclosure or similar surrender agreement for real property owned by such person or entity.

ARBOR REALTY SR, INC.

By: _____
Name: _____
Title: _____

ACCEPTED AND AGREED:

BORROWER

By: _____
Name: Rene O. Campos
Title: Manager.
2013 Travis Oak Creek LLC.

KEY PRINCIPAL

By: _____
Name: Rene O. Campos
Title: _____

KEY PRINCIPAL

By: _____
Name: _____
Title: _____

9

<u>Exhibit A</u>
(wire instructions)

Bank:               Capital One
                    Elmont, NY 11003

ABA:                021 407 912

Account:             7424024003

Acct Name:          Arbor Realty SR Inc.
                    Corporate Account

**Kenneth Chaiken**

| | |
|---|---|
| **From:** | Kirk Standly <kstandly@standlyhamilton.com> |
| **Sent:** | Monday, July 10, 2017 5:29 PM |
| **To:** | Kenneth Chaiken |
| **Subject:** | FW: Arbor Cover Email to Term Sheet |

**From:** William Connolly [mailto:WConnolly@arbor.com]
**Sent:** Thursday, June 15, 2017 2:22 PM
**To:** Kirk Standly <kstandly@standlyhamilton.com>
**Subject:** RE: Arbor Cover Email to Term Sheet

Kirk,

Arbor Realty Trust is prepared to continue underwriting a potential mortgage loan in the amount of approximately $30,500,000, to be secured by the above referenced property, so long as the following are received in short order:

- confirmation that (i) PNC as limited partner and as second mortgage lender will sign a notarized consent approving of Arbor's loan documents; (ii) PNC has not withdrawn its previous written consent of Arbor's potential loan; and (iii) PNC, as mortgage lender, will sign a subordination agreement which provides that its second mortgage is fully subordinate to Arbor's potential loan and that it will defer, during the period when Arbor's potential loan is outstanding, from initiating any enforcement action against the property owner during the term of Arbor's potential loan.

- confirmation that, after PNC's letter to the 2013 Travis Oak Creek, LP dated December 26, 2016, the Second Extension to PNC's commitment letter expired and the Tri-Party Agreement automatically terminated.

- written consent by the Special Limited Partner of 2013 Travis Oak Creek, LP to the current litigation with the contractors, and confirmation from PNC (as limited partner and special limited partner) that they will waive any right they may have, as a result of events prior to closing of Arbor's potential loan, to remove 2013 Travis Oak Creek, LLC as general partner in the borrower during the period when Arbor's potential loan is outstanding.

- confirmation that the disputed breakage fee owed to PNC as second mortgage lender will be reserved with Arbor at closing of the potential loan (provided that, upon settlement of such dispute, Arbor shall release (ii) to PNC such portion of the amount which is to be paid to PNC in settlement of its claims with the remainder given to 2013 Travis Oak Creek, LP, or (ii) if 2013 Travis Oak Creek, LP ultimately settles with PNC without any payment of such fee, the entire amount to 2013 Travis Oak Creek, LP).

- confirmation that borrower will fund the amount of the Weis claim in escrow with Arbor pending Borrower bonding over the Weis lien.

If Arbor receives each of the above referenced items, then Arbor will continue underwriting the potential loan referenced in the attached term sheet dated March 7, 2017 between Arbor, Borrower and Rene Campos.  As

stated in the term sheet the potential loan, among other things, remains subject to Arbor credit committee review and approval.

Regards,
Bill Connolly
(516) 506-4295

# EXHIBIT J

| | |
|---|---|
| **From:** | Bookhout, James |
| **Sent:** | Monday, July 10, 2017 9:51 PM |
| **To:** | Hoffman, Rob; Kenneth Chaiken |
| **Cc:** | Allen Roach; Millicent Lundburg (mlundburg@dbcllp.com); brhea@dbcllp.com |
| **Subject:** | RE: Your Insufficent Discovery Responses |

Ken,

Your objections to our discovery requests are boilerplate and inappropriate. In particular, it appears that you have largely copied and pasted the same set of meaningless objections to every single one of our RFPs. For example, you raise a "work product" claim even as to communications between the Plaintiffs and Defendants in this case. I don't think you would seriously argue to the Court that such communications are privileged. This only demonstrates that you copied and pasted the same objections to each request.

Further, your responses to our interrogatories, where you have not raised boilerplate objections, do not fairly respond to the substance of the request. We have given you complete answers to the interrogatories you served.

As to your RFAs, they have been deemed admitted by your failure to comply with the Court-ordered discovery deadline of 5:00 p.m. today.

As Rob has stated, we would like to confer with you on a motion to compel. As mediation is tomorrow at 9:30 in our offices anyway, we are willing to meet with you at 9:15 a.m. tomorrow morning to discuss. Please confirm that you will be there at that time for the meet and confer. I notice that despite my reasonable requests that you confirm receipt of my earlier emails today, you did not extend me the courtesy of a response. Please do so now. Thank you.

**James C. Bookhout**
Associate

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700 | Dallas, Texas 75201
+1.214.659.4447 Phone | +1.214.659.4401 Fax
+1.214.659.4543 Assistant - Cindy Curry
email | vCard | Bio | andrewskurth.com | Twitter

---

**From:** Hoffman, Rob
**Sent:** Monday, July 10, 2017 9:26 PM
**To:** Kenneth Chaiken
**Cc:** Bookhout, James; Allen Roach; Millicent Lundburg (mlundburg@dbcllp.com); brhea@dbcllp.com
**Subject:** Re: Your Insufficent Discovery Responses

Ken, we can meet at 9:15 tomorrow in our office to discuss your concerns below and Wednesday's scheduled deposition.

Rob

Sent from my iPhone

On Jul 10, 2017, at 8:38 PM, Kenneth Chaiken <kchaiken@chaikenlaw.com> wrote:

      Gentlemen

1

Your discovery responses are evasive, incomplete and/or they include improper objections.  As you know, there is a hearing scheduled tomorrow afternoon, telephonically, to resolve such issues and we intend to file a motion to compel and seek rulings on your unfounded objections, tomorrow early in the day.  The Court ordered us to try to resolve discovery disagreements by agreement, if possible.  When would you like to confer about our concerns, prior to the scheduled hearing tomorrow?

Sincerely,

Ken

Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com