UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP | § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | |
| 2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS | § § § § § | |
| **Defendants.** | § § | |
| ----------------------------------------------------- | | Civil Action No. 1:17-cv-584-RP-ML |
| 2013 TRAVIS OAK CREEK GP, LLC and 2013 TRAVIS OAK CREEK, LP, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | |
| PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION | § § § | |
| **Defendants.** | § | |

MOTION TO OVERRULE RESPONDENTS' OBJECTIONS,
MOTION TO COMPEL AND FOR SANCTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula

Investments, Ltd., and Rene O. Campos and 2013 Travis Oak Creek, LP (collectively

"Movants") file this Motion to Overrule Respondents' Objections, Motion to Compel and for

Sanctions against PNC Bank, N.A. and Columbia Housing SLP Corporation (collectively

"Respondents") to compel the deposition of Abi Tobun, to overrule baseless objections lodged by Respondents to written discovery requests, and to compel complete discovery responses to those written discovery requests.

Specifically, Respondents have lodged baseless objections that written discovery requests are not relevant to the matters to be addressed at the July 21 hearing, among others so that they refuse to produce either answers or responsive documents.  Respondents also lodge objections that the written requests are overbroad, vague or infringe on the protections afforded by the work-product doctrine, but the core argument is that they are not relevant to the matters to be addressed at the July Hearing. Although Respondents provided documents in response to written discovery requests, they were not in a usable format and required extensive effort for Movants to be able to view them.

Respondents have additionally refused to produce Abi Tobun for deposition on any date other than July 12, 2017, despite the fact that this Court's order permits Movants to take his deposition between and including July 12, 2017 to July 19, 2017.

Without the benefit of Respondents complete responses and documents, and without the ability to have them in advance of the deposition of Abi Tobun, Movants are prejudiced and deprived of their ability to adequately prosecute their claim for injective relief and to defend against the claim for injunctive relief brought by Respondents.  There is no legitimate basis for Respondents to refuse to cooperate or obstruct discovery, and the Court should overrule Respondents' objections, compel their complete discovery responses, and compel Respondents to produce Abi Tobun for deposition on a date other than July 12, 2017.

**I.**
**<u>BACKGROUND</u>**

1.      This case involves requests from both sides for injunctive relief.  A hearing is scheduled for July 21, 2017 on Movants' Motion for Entry of a Preliminary Injunction and on Respondents' Motion for Entry of a Preliminary Injunction.  Movants contend that Respondents defaulted under the terms of the Partnership Agreement by interfering with the Movants' right to manage the Partnership as the General Partner, and that Respondents defaulted under the terms of the Partnership Agreement by demanding the Partnership pay an unpermitted fee to Respondent PNC Bank, N.A. Respondents contend that Movants defaulted under the Partnership Agreement and that injective relief is required to prevent Respondents from suffering irreparable harm.

2.      On June 28, 2017, this Court entered its Order on Emergency Motion for Expedited Discovery (Doc. 37).  By that order, Movants were permitted to take the depositions of Abi Tobun and David Hasselwander as the corporate representative depositions of PNC Bank, NA and Columbia Housing SLP Corporation in Dallas, Texas on business days between and including July 12 and July 19, 2017, subject to the witness's schedules and as may be otherwise agreed to by the parties.  Additionally, the parties were permitted to conduct limited, expedited discovery regarding matters directly relevant to the July 21 hearing.

3.      On July 10, 2017, a disagreement arose regarding the schedule for the depositions of the parties' corporate witnesses.  Counsel for Respondents demands that Movants must take Mr. Tobun's deposition on July 12, 2017.  Counsel for Movants argues that, given Respondents' objections and refusal to provide complete responses to written discovery requests, taking Mr. Tobun's deposition on July 12 does not permit sufficient time for Movants to review documents and prepare for Mr. Tobun's deposition.

4.      Prior to the disagreement regarding the deposition schedule, Movants' provided the Notice of Deposition for Mr. Tobun to occur on July 14, 2017 and for a representative of Respondent Columbia Housing SLP Corporation to occur on July 17, 2017.  Respondents, on the other hand, provided deposition notices for Movants' corporate representatives to occur on July 18 and 19.

5.      On July 10, 2017, Movants received Respondents' responses to Movants' expedited discovery requests, which contained objections that information and/or documents sought were not directly relevant to the matters to be addressed at the July 21 hearing, among others.  *See* **Exhibit "A"**.  Also evident from those responses is that Respondents provided no index or reference to show which documents were produced in response to an individual Request for Production.

6.      Compounding the prejudice, the documents that were provided by Respondents were not provided in a usable format.  As a result, Movants have had to expend substantial time, effort and expense to be able to view the documents.

7.      Movants have addressed with Respondents each issue and dispute regarding their objections, the deficiencies of Respondents' discovery responses based on those objections, the deficiencies of documents provided by Respondents, and the need to take the deposition of Abi Tobun after Respondents serve complete responses to written discovery.  However, Respondents refuse to reach an agreement on any of these issues.

8.      In addition to their Motion to Compel, Movants seek sanctions to be imposed against Respondents and their counsel for their abject refusal to cooperate and participate in the discovery process.   A process that Respondents initiated with their Motion for Expedited

Discovery "to allow the parties to prepare for the upcoming hearing on…preliminary injunctions in this matter." (Doc. 27).

## II.
## ARGUMENT AND AUTHORITY

### A.  The Court Should Compel Respondents to Produce Abi Tobun for Deposition

12.     As provided in this Court's Order, Movants are permitted to take the deposition of Abi Tobun between and including July 12, 2017 to July 19, 2017.  Given that Respondents have not provided complete responses to written discovery requests as of July 11, 2017, which were due in advance of Mr. Tobun's deposition, it is prejudicial to Movants for Respondents to demand that Mr. Tobun's deposition occur only on July 12, 2017.

13.     Compounding the prejudice inflicted on Movants is Respondents' refusal to withdraw its baseless objections to Movants' written discovery requests, so that Movant may equip itself with relevant information and documents in advance of Mr. Tobun's deposition.  In the face of Respondents' refusals, Movants must have more time to request the Court to resolve this discovery dispute and for Movants to actually receive and review Respondents' complete discovery responses before they conduct Mr. Tobun's deposition.  Conducting his deposition on July 12, 2017 completely fails to correct that injustice.

14.     Respondents have caused prejudice to Movants in their ability to prepare for Mr. Tobun's deposition by demanding it occur on July 12, 2017 and by refusing to provide complete discovery responses prior to his deposition.  This course of action is clearly taken so that Respondents receive the full benefit of reviewing Movants' complete discovery responses to prepare for the depositions of Movants' corporate representatives, while forcing Movants into a compromised position to prepare for the depositions for Respondents' corporate witnesses.

15.     This Court's Order is quite clear that Respondents may not demand that Mr. Tobun's deposition occur on July 12, 2017, and Respondents are in clear violation of that order in their unreasonable demand.  Respondents have caused extreme prejudice to Movants, and Movants' only recourse is to obtain an order that compels Respondents to comply with this Court's prior Order.

### B.  The Court Should Overrule Respondents' Baseless Objections to Written Discovery Requests and Compel Respondents to Provide Complete Discovery Responses

16.     Respondents refuse to provide complete responses and/or documents to Movants' written discovery requests on the basis that information and/or documents sought are not directly relevant to the matters to be heard at the July Hearing.  *See* **Exhibit "A"**.

17.     Respondents specifically lodge such objection in response to Interrogatory Nos. 5, 6, 7, 8 and 10, Request for Production Nos. 17, 18 and 20, and also in its objections to Deposition Topic Nos. 5, 6 and 9 contained in Movants' Notice of Deposition.  *See* **Id**.

18.     In response to Interrogatory Nos. 4, 9, Request for Production Nos. 8, 9, 15, Deposition Topic Nos. 4, 7 and Request for Admission Nos. 1, 2 and 10 Respondents lodge objections that the requests are overbroad, vague or infringe on the protections afforded by the work-product doctrine, but the core argument is that they are not relevant to the matters to be addressed at the July Hearing.

19.     However, each of those written discovery requests relate to Respondents' damages, whether Respondents committed a first event of default under the Partnership Agreement and whether Respondents operated with clean hands.

20.     Each of the written discovery requests indicated above to which Respondents lodge an objection seeks information and/or documents that are directly relevant to the matters to

be heard at the July Hearing.  Specifically, they either request information and/or documents that relate to damages suffered by Respondents, actions taken by Respondents that may be events of default committed by Respondents and whether Respondents operated with clean hands in regard to their duties to the Partnership.

21.     Specifically, Interrogatory Nos. 6, 7, 10, Request for Production Nos. 17, 18, 19 and Deposition Topics 6 and 9 request information and/or documents that relate to Respondents' damages with regard to the allegations contained in Respondents' Motion for Entry of Preliminary Injunction.  Respondents' argument that those written discovery requests are not directly related to matters to be heard at the July Hearing is wholly unfounded.

22.     To begin with, Respondents have sought injunctive relief, and the purpose of the July 21 hearing is to determine if Respondents indeed qualify for such.  "To obtain a preliminary injunction, a movant must show… a substantial threat that irreparable injury will result if the injunction is not granted…."  *DFW Metro Line Services v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990).  "There can be no irreparable injury where money damages would adequately compensate a plaintiff."  *Id*; *see also Spiegel v. City of Houston,* 636 F.2d 997, 1001 (5th Cir.1981) (to show likelihood of irreparable harm, "plaintiffs need to establish that at the time of the injunction it was under a substantial threat of harm which cannot be undone through monetary remedies") (internal quotes omitted).

23.     As a result, Respondents will not qualify for injunctive relief.  Clearly, written discovery requests inquiring of Respondents' damages, in the form of Interrogatories, Request for Production and a 30(b)(6) Notice of Deposition, are directly relevant to matters to be heard at the July 21 Hearing.

24.     Respondents' refusal to provide information and/or documents that relate to their damages shows that they fully intend to obstruct Movants' legitimate discovery requests, and that their Motion for Entry of Preliminary Injunction is spurious.  The only reason Respondents could possibly possess for their refusal is to unfairly dispossess Movants' of their valuable Partnership interest, so that Respondents may also unfairly benefit at Movants' expense.

25.     In addition to their objections to provide information and/or documents that inquire of their damages, Respondents also object to providing information and/or documents in response to Interrogatory Nos. 5, 7, 8, and Deposition Topics 5 and 6.  Those written discovery requests specifically request information and/or documents that relate to actions, correspondence and discussions undertaken by Respondents that violate the terms of the Partnership Agreement.

26.     The basis for Respondents' objection is again that the written discovery requests are not relevant to the matters to be heard at the July 21 Hearing.  Specifically, Respondents argue that those requests do not relate to the relief requested by Respondents.  However, Respondents are not the only party seeking injunctive relief at the July 21 hearing.

27.     As the Court is well aware, Movants argue that any events alleged by Respondents to be a default by Movants only occurred after Respondents committed acts that amount to events of default under the Partnership Agreement.  Specifically, Movants argue that Respondents defaulted under the agreement first by demanding the Partnership pay an unpermitted fee to Respondent PNC Bank, N.A. and then in actions undertaken by Respondents to interfere with Movants' right to manage the Partnership.

28.     Respondents' refusal to provide information and/or documents in response to Movants' requests on the basis that they are not relevant is completely unfounded.  Movants are entitled to learn about Respondents' actions and communications that amount to default.  Quite

simply, Movants are entitled to ask Respondents to provide details of their actions, communications and discussions as they relate to Respondents' default under the Partnership Agreement.

29.     Clearly, Movants' written discovery requests are relevant to the matters to be addressed at the July Hearing, but Respondents want instead that those facts remain undisclosed. As a result, the Court should order that Respondents' objections are overruled, and that Respondent must provide complete discovery responses to Movants' written discovery requests.

<u>**III.**</u>
<u>**CONCLUSION**</u>

30.     Movants have been prejudiced and harmed by Respondents' refusal to participate in meaningful discovery.  For the reasons outlined herein, Movants request the Court to overrule Respondents' objections to Movants' written discovery requests and compel Respondents to provide complete responses to those requests.  Movants also request the Court to compel Respondents to produce Abi Tobun for deposition on a date that permits Movants to receive Respondents' complete discovery responses and prepare to take his deposition.  Movants additionally request the Court to order sanctions against Respondents for refusing to participate in and obstructing meaningful discovery in this matter.

WHEREFORE, Movants pray that the Court grant their Motion to Compel and Motion for Sanction against Respondents Dismiss, and issue an Order overruling Respondents' baseless objections, compelling Respondents to provide complete discovery responses, and compelling Respondents to produce Abi Tobun in accordance with this Court's prior Order, along with all such other and further relief to which Movants are justly entitled.

Respectfully submitted,

*/s/ Kenneth B. Chaiken* _____
Kenneth B. Chaiken
State Bar No.  04057800
kchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Parkway
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

William S. Rhea
State Bar No. 16807100
brhea@dbc.com

**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000
(512) 457-8008 (Facsimile)

**ATTORNEYS FOR DEFENDAN TS**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on this 11th day of July, 2017.


*/s/ Kenneth B. Chaiken* _____
Kenneth B. Chaiken