

CHAIKEN & CHAIKEN, P.C.
LEGACY TOWN CENTER III
5801 TENNYSON PKWY., SUITE 440
PLANO, TX 75024
P 214-265-0250
F 214-265-1537
WWW.CHAIKENLAW.COM

July 12, 2017

The Honorable Mark Lane
U. S. District Court for the Western District of Texas
United States Federal Courthouse
601 West Fifth Street
Austin, Texas  78701

      RE:    Civil Action No. No. 1:17-cv-00584-RP, *PNC Bank, N.A., et al. v. 2013 Travis Oak Creek GP LLC, et al.*, in the United States District Court, Western District of Texas, Austin Division

Dear Judge Lane:

      The parties have a singular remaining discovery dispute not addressed by the parties' respective Motions to Compel. Specifically, an agreement has been reached with regard to each issue raised by PNC Bank, N.A. and Columbia Housing SLP Corporation in their Motion to Compel.  Similarly, an agreement has been made with regard to each issue raised by 2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc. Chula Vista Investments, Ltd. and Rene Campos in their Motion to Compel.

      However, in responding Requests for Production, 2013 Travis Oak Creek GP, LLC, et al, produced responsive documents and identified which Request for Production the documents were responsive to.  In responding to Requests for Production PNC Bank, N.A. and Columbia Housing SLP Corporation provided over 20,000 with no indication of which Request for Production each document is responsive to.  Additionally, PNC Bank, N.A. and Columbia Housing SLP Corporation have just recently served an unknown number of additional documents in response to Requests for Production, and as of this writing, they refuse to provide information so that 2013 Travis Oak Creek GP, LLC, et al, may determine to which Requests each document contained in the entire document dump is responsive.

      2013 Travis Oak Creek GP, LLC, et al, contend, and the rules support that contention, that PNC Bank, N.A. and Columbia Housing SLP Corporation must produce documents responsive to Requests for Production in a manner that identifies which Request the produced documents is responsive to pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i).[1]

---

[1] FRCP 34(b)(2)(E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information: (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request

The Honorable Mark Lane
July 12, 2017
Page 2

  If a responding party does not allow inspection, it should also disclose information about how the documents are ordinarily kept so the requesting party can make use of the production. *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 333 (N.D.N.Y. 2008). To show that documents are organized and labeled to correspond to the categories in the request, the responding party must clearly indicate which documents are responsive to specific requests for production. *City of Colton v. American Promotional Events, Inc.* 277 F.R.D. 578, 584 (C.D. Cal. 2011); *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 456 (W.D.N.C. 1991).

  This is not only required by the rules, it is also a modicum of courtesy that is particularly appropriate given the fact that PNC Bank, N.A. and Columbia Housing SLP Corporation requested emergency, expedited discovery and have essentially dumped documents in response to Requests for Production.

            Respectfully submitted

            */s/ Kenneth B. Chaiken*

            Kenneth B. Chaiken

## Certificate of Service

  I certify that a copy of the foregoing document was served on all counsel of record via the Court's ECF system on this 12th day of July, 2017.

            */s/ Kenneth B. Chaiken*
            Kenneth B. Chaiken