UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP <br><br> Plaintiffs, <br><br> v. <br><br> 2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS <br><br> Defendants. | Action No. 1:17-cv-584-RP-ML |
| 2013 TRAVIS OAK CREEK GP, LLC and 2013 TRAVIS OAK CREEK, LP, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION <br><br> Defendants. | |

## ORDER

The parties in this cause are engaged in the process of expedited discovery in preparation for a preliminary injunction hearing that is set before District Judge Robert Pitman on July 21, 2017. On July 11, 2017, the parties filed competing motions to compel various discovery requests. In separate advisories filed on July 12, 2017, the parties indicate that they have resolved nearly all issues involved in their competing motions to compel. In 2013 Travis Oak Creek GP, LLC, et al. ("Travis Oak")'s advisory, however, they contend that a single issue remains for the

1

court to resolve, namely that PNC Bank, N.A. and Columbia Housing SLP Corporation ("PNC")'s document production does not comply with Federal Rule of Civil Procedure 34(b)(2)(E)(i). Specifically, Travis Oak complains that PNC provided over 20,000 documents with no indication of which request for production each document is responsive to. PNC rejoins that its document production does indeed comply with Rule 34's "usual-course standard" for ESI.[1]

Rule 34(b)(2)(E)(i) states that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." As one court in this circuit has noted, "[t]o satisfy the usual course of business requirement, the mode of production should preserve the functional utility of the electronic information produced. . . .[T]his normally requires (1) preserving the format of the ESI and (2) providing sufficient information about the context in which it is kept and used." *McKinney/Pearl Restaurant Partners, L.P. v. Metropolitan Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 98603, at *11 (N.D. Tex. Jan. 8, 2016).

PNC has provided a declaration from its attorney James C. Bookhout ("Bookhout") in which he declares that PNC's document production (1) produced or made available electronically the ESI documents in their native form; (2) collected the electronic files from their current electronic storage locations; (3) produced documents with metadata indicating at least the file name and path when, in the ordinary course of business, those documents had associated metadata intact; and (4) produced email metadata that includes the date the email was transmitted, the parties to the email, and the subject line. (Dkt. #49 at 4–7). PNC further represents that the document production is in a form that enables Travis Oak to "easily search, sort, inspect, categorize, and review" the documents. (Dkt. #49 at 2).

---

[1] All of PNC's document production in this matter consisted of ESI.

While the Magistrate Court understands Travis Oak's concerns regarding the large number of documents produced and the time intensive nature of having to review them, it cannot say that PNC's document production fails to comply with Rule 34's requirements for ESI. PNC has represented that Travis Oak's requests for production were broad and that the documents produced according to these requests are easily searchable, able to be categorized, and contain the required system metadata permitting systemized retrieval. Accordingly, the undersigned finds that PNC has adequately complied with Travis Oak's requests for production. Because there are no longer any issues that remain in dispute, the undersigned **DENIES** both parties' motions to compel [Dkt. #43, 44] **AS MOOT**.

SIGNED July 13, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE