UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP<br><br>Plaintiffs,<br><br>v.<br><br>2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS<br><br>Defendants. | § § § § § § § § § § § § § § § § | |
| 2013 TRAVIS OAK CREEK GP, LLC and 2013 TRAVIS OAK CREEK, LP,<br><br>Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION<br><br>Defendants. | § § § § § § § § § § § § § | Civil Action No. 1:17-cv-584-RP<br>(Consolidated with 1:17-cv-560-RP) |

## MOTION TO CLARIFY OR MODIFY PRELIMINARY INJUNCTION

2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd., and Rene O. Campos (collectively "Defendants") file this Motion to Clarify or Modify Preliminary Injunction [Doc. 9], which was entered on August 2, 2017 [Doc. 73]. In support of this Motion, Defendants respectfully show as follows:

**A.     This Motion is necessary because PNC Bank N.A. and Columbia Housing SLP Corporation have failed to take out the Partnership's defaulted Chase loan and to bond around or otherwise secure the amount of Weis Builders' lien against the <u>Partnership's property</u>.**

1.  The Court entered a preliminary injunction [Doc. 73] in this case on August 2, 2017, enjoining 2013 Travis Oak Creek GP, LLC ("Travis Oak Creek GP"), 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd. and Rene O. Campos, and all persons acting in active concert with them "from taking any action that interferes with Columbia Housing SLP Corporation's ("Columbia") singular exercise of its role, authority, powers, control, rights, duties, obligations or privileges as general partner of 2013 Travis Oak Creek, LP" during the pendency of this case.  A $1 million bond was posted pursuant to the Court's order.

2.  The Court's injunction order was premised upon emphatic promises and sworn pledges by PNC Bank N.A. ("PNC Bank") and Columbia (together, the "PNC Parties") and their counsel during the preliminary injunction hearing in July 2017 that if an injunction was ordered, the PNC Parties would cause Chase Bank – the Partnership's construction lender – to be paid, thereby curing the Partnership's ongoing post-loan maturity/non-payment default; and that the PNC Parties would bond around or otherwise secure Weis Builder's general contractor's lien against the Partnership's property.  In fact, as shown below, the PNC Parties swore they would immediately take this action on behalf of the Partnership after complaining that Travis Oak Creek GP's supposed refusal to do so caused the Partnership to face imminent foreclosures.

3.  The Court will recall the substantial concern expressed by Travis Oak Creek GP during the injunction hearing that the PNC Parties would not actually take out the Chase loan or bond around or secure the Weis Builder's lien as they pledged to do, if there was any possibility

Travis Oak Creek GP remained a partner in the Partnership or there was not a finding that it and its affiliates had forfeited their interests in or regarding the Partnership.[1]

4. Three plus months after obtaining control of the Partnership through the injunction by promising and pledging they would act as fiduciaries and immediately take out the Chase loan and secure the Weis lien, Columbia and PNC Bank have done neither.[2]

5. These failures are causing harm to the Defendants that require modification or clarification of the injunction. More particularly, Chase continues to reserve all rights and remedies, thus the foreclosure the PNC Parties argued presented an imminent injury requiring the injunction remains a threat to the Partnership that the PNC Parties have not resolved, despite promises and pledges to the Court they would do so urgently. *See,* Exhibits "A" – "C" to this Motion.

6. Additionally, Rene O. Campos, 2013 Travis Oak Creek Developer, Inc. and Chula Investments, Ltd. (collectively "Guarantors") are guarantors of the Chase loan. Since the injunction order was entered, Defendants have tried to determine the status of Chase's payment receipt. But Chase Bank and the PNC Parties' counsel have refused to provide information, taking the position they have no obligation to keep these parties informed. Moreover, both Chase and the PNC Parties have made clear that Chase's reservation of rights includes the right to look to the Guarantors to make Chase whole, and the PNC Parties expect Chase to do so. *See, e.g.,*

---

[1] In seeking a preliminary injunction, PNC Bank and Columbia aggressively sought a finding that Travis Oak Creek GP and its affiliates forfeited all of their rights and interests in and with regard to the Partnership. The Court's order made no such finding, and instead confirmed there was no forfeiture of interests simply as a consequence of the Court issuing the preliminary injunction, and that "the only damage that a preliminary injunction would directly inflict on [Travis Oak Creek GP] is a loss of its purported right of control of the Partnership for the pendency of this litigation." Order [Doc. 73], p. 25.

[2] In certain Defendants' response to Plaintiffs' motion to dismiss all counterclaims [Doc. 101] at footnote 5 (p. 12), the responding Defendants inadvertently stated that PNC Bank and Columbia pledged to resolve the Chase construction loan without a payment. PNC and Columbia actually assured the Court that it would be resolved *with* a payment, *i.e.,* on a basis where the Chase loan would be taken out, as further detailed below.

Exhibits "A" – "C" to this Motion.  Therefore, by failing to fulfill the commitments they made to the Court to wrest control of the Partnership, the PNC Parties have left the Partnership at risk and apparently are trying to foist that risk off on the Guarantors, even though they cannot act for or control the Partnership and face a claim that they have forfeited their rights and interests in the Partnership.

7. Maintenance of the injunction under these circumstances without clarification or modification seriously prejudices Defendants.  Before the injunction, when Travis Oak Creek GP acted as the Partnership's general partner, the Defendants had made arrangements that would have, absent improper interference by the PNC Parties, resolved the Chase loan and Weis lien issue. The Court will recall that Travis Oak Creek GP had arranged a loan with Arbor Commercial Mortgage loan to allow the Partnership to pay Chase and a bond in connection with that loan.  As Travis Oak Creek GP's counterclaim details more fully, the PNC Parties interfered with the imminent closing of the Arbor Commercial Mortgage Loan, leaving both the Partnership and Guarantors at risk relative to Chase.

8. Because of the injunction, the Guarantors have no authority to protect their interests by pursuing a refinancing of the Chase loan on behalf of the Partnership, because the sole right to arrange financing for and otherwise manage the affairs of the Partnership, under the injunction in effect during the pendency of this case, is now vested in Columbia, and Columbia refuses to act.  Therefore, by temporarily removing Travis Oak Creek GP as the Partnership's general partner, the injunction deprives Defendants – especially Guarantors -- of any ability to protect their interests with respect to the Partnership and leaves them exposed to liabilities well in excess of the $1 million injunction bond.  And, the PNC Parties are apparently trying to take advantage of the injunction to foist all of the Partnership's liabilities off on the Defendants, in

contravention of their direct promises and representations to this Court to resolve them on behalf of the Partnership, imminently.

9. Additionally, Travis Oak Creek GP has been sued as a Defendant by Weis Builders in the state court litigation, along with the Partnership, for payment of retainage. In that litigation, Weis alleges that Travis Oak Creek GP's former status as the Partnership's general partner renders it liable for whatever the Partnership is found to owe to Weis, if anything. Bonding around or otherwise securing the Weis lien will not only protect the Partnership from a foreclosure if the Weis claim is valid, it will protect Travis Oak Creek GP from having to satisfy the Partnership's obligation, if adjudicated to exist, at a time or under circumstances when the PNC Parties assert it no longer is a partner.

10. Because the injunction was premised on the PNC Parties' commitments to take out the Chase loan and bond around the Weis lien, equity compels a modification and/or clarification of the preliminary injunction to either compel Columbia and PNC Bank to do what they pledged and promised to do or to allow Travis Oak Creek GP and the Guarantors to arrange financing on behalf of the Partnership to take out the Chase loan and a bond, both at the Partnership's cost, subject to approval of the Court.

**B. Factual Background Supporting this Motion and Showing Material Change in Facts Requiring Modification or Clarification of Injunction.**

11. In its Order [Order at p. 20] dated August 2, 2017 [Doc. 73] granting the PNC Parties' motion for a preliminary injunction, the Court observed:

> there is some evidence in the record suggesting that PNC and Columbia Housing may not have always had the Partnership's best interests at heart.

12. The Court concluded [Order at p. 22] that:[3]

> The Court concludes that the threat of foreclosure is both substantial and irreparable, and thus does not reach the issue of whether loss of control of the Partnership is an irreparable injury.

13. The Court also observed [Order pp. 23-24] the following:

> Here, the threat of foreclosure is quite real. The Construction Lender—Chase Bank—has sent the Partnership a notice of default and declared its rights to enforce all available remedies against the Partnership, including foreclosure. (Ex. P-45). On June 28, 2017, the Construction Lender began exercising its available remedies by claiming a setoff on a cash account held by the Partnership and designated as collateral against the Construction Loan. (Ex. P-7). Moreover, the Construction Lender has requested the opportunity to appraise the Property, which under federal law is one of the last steps necessary prior to foreclosure.
>
> PNC and Columbia Housing contend that the requested injunction will clarify what entity controls the Partnership and thereby allow the Partnership to secure permanent financing and pay off the Construction Lender.
>
> the Court first notes that the risk of foreclosure on the Property seriously threatens the interests of all the parties to this litigation. And all parties are in agreement that some form of equitable relief is necessary to provide clarity as to what entity is the Partnership's general partner and allow the Partnership to secure permanent financing out from under the cloud of this litigation. The parties simply disagree as to what relief is appropriate, with PNC and Columbia Housing arguing for an injunction to enforce the removal of Oak Creek, and with Oak Creek arguing for the appointment of a receiver to manage the Partnership in the interim. The Court must do something, the question is simply what.

---

[3] In failing to take out the Chase loan and bond around the Weis lien, PNC Bank and Columbia have transformed an injunction that expressly was designed by the Court to cure the Partnership's Chase loan default into an injunction that merely wrestled control of the Partnership from one partner to another.

**MOTION TO CLARIFY OR MODIFY PRELIMINARY INJUNCTION**                                    Page 6

14. During his opening remarks to the Court on July 21, 2017, Rob Hoffman (arguing on behalf of the PNC Parties) made the following statements:

```
23   dollars.  Chase has said we're going to continue pursuing
24   our rights and remedies.  And as the Court is well aware,
25   banks are regulated.  They are highly regulated.  It's a
```

Transcript p. 5.  Mr. Hoffman further stated:

```
 2          There is no way that a regulator is going to allow
 3   Chase to carry a $26-million loan -- a bad loan, defaulted
 4   loan on its book when there is a $50-million apartment
 5   complex sitting for the taking at a foreclosure sale.
```

Transcript p. 6.  He also stated:

```
10          But if -- if Chase isn't bought out quickly, if
11   Chase -- the Chase -- the default isn't resolved quickly,
12   the partnership is gone, the property is gone.  And more
```

Transcript p. 6.[4]

15. Explaining why the Court should allow his client to become the acting general partner, Mr. Hoffman stated:

```
19   witness, on the stand, under oath, PNC employee; PNC has the
20   wherewithal and has -- it's the fifth-largest bank in the
21   country -- has the wherewithal and a longstanding
22   relationship with Chase to prevent foreclosure by Chase and
23   a foreclosure by Weis, and it pledgees to do it.  It is not
24   going to let the foreclosures happen.
```

---

[4] Chase's lawyer – Jason Hopkins – was in the courtroom at the time.

**MOTION TO CLARIFY OR MODIFY PRELIMINARY INJUNCTION**                              Page 7

Transcript p. 10.

      16.    Mr. Hoffman asked the Court to consider the sworn testimony of his clients. One of those clients – David Hasselwander – testified as follows:

```
24      Q.   If Columbia Housing is allowed to exercise its
25   rights as the new general partner in the partnership, how
 1   will that help stop that harm from occurring?
 2      A.   Well, Columbia Housing would -- has the
 3   wherewithal and the ability to find replacement financing to
 4   take out the Chase loan and to solve the general contractor
 5   lien on the property.
```

Transcript p. 68.  He further testified:

```
 6      Q.   And if take-out financing is not available, how
 7   will PNC be -- and Columbia Housing be able to solve this
 8   Chase construction loan default?
 9      A.   They could pay off the loan.
10      Q.   They have those funds?
11      A.   Yes.
```

Transcript p. 69.

      17.    In closing argument, Mr. Hoffman agreed that his clients had fiduciary obligations to the Partnership immediately upon claiming to be its general partner, when he stated:

```
23           When we became the general partner, assume they
24   stop interfering, we have fiduciary duties now to that
25   partnership. And if we breach those fiduciary duties, you
```

Transcript II p. 21.[5]  Mr. Hoffman argued further:

```
23 │ stop interfering with our role as general partner, we take
24 │ on those fiduciary duties and we are going to do the job we
25 │ pledge to you.  We've sworn to you in every way possible.
 1 │ We're going to do the job and get it done.  We have that
 2 │ financial wherewithal.  We have the possibility.
```

Transcript II page 23.

      18.    Finally, Mr. Hoffman's concluding comments included the following:

```
23 │ by millions of dollars, that was his statement.  Let's see,
24 │ we're going to have to pay Chase 26 million, we're going to
25 │ have to put up 3-, 4-, $5-million to deal with Weis.  If
 1 │ this injunction is granted, as we pray, we're going to put
 2 │ up $30 million like that.  That's the big gain that
 3 │ Mr. Chaiken is accusing us of.
```

Transcript II p. 76.

C.    **<u>Authorities and Request for Relief</u>**

      Federal Rule of Civil Procedure 60(b) permits a party to request relief from a preliminary injunction on the basis that applying the injunction is no longer equitable or for "any other reason that justifies relief."  Additionally, the Fifth Court of Appeals has recognized that "[T]here is no doubt that the district court has continuing jurisdiction over a preliminary injunction."  *See Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974).  Tracking the language

---

[5] Transcript II is the transcript from July 25, 2017 closing arguments.

**<u>MOTION TO CLARIFY OR MODIFY PRELIMINARY INJUNCTION</u>**          Page 9

found in Federal Rule of Civil Procedure 60(b), the Court reasoned that a district court "is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or law, or far any other good reason." *Id.*; *see also League of United Latin American Citizens, District 19 v. City of Boerne*, 659 F.3d 421, 436 (5th Cir. 2011) *citing United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) (an injunction is always subject "to adaptation as events may shape the need") and *Sys. Fed'n No. 91, Ry. Emp. Dept., AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961) (the court's authority to modify stems from the fact "that an injunction often requires continuing supervision by the issuing court…").

     The Court should compel PNC Bank and Columbia to do what they pledged and promised they would do, if the injunction was entered, which is use their wherewithal to take out the Chase loan and bond around or otherwise secure the Weis lien, or the Court should modify the injunction and restore control over the Partnership to Travis Oak Creek GP so it may do so.  Alternatively and at a minimum, the Court should modify or clarify that the injunction does not prohibit 2013 Travis Oak Creek GP, LLC from arranging financing for the Partnership (to be approved by the Court if necessary) to take out the Chase loan and to arrange a bond (to be approved by the Court if necessary) to bond around the Weis lien, both at the Partnership's sole cost and expense. Alternatively, the Court should order such other equitable modifications of its injunction order as may be necessary to ensure that its purposes are fulfilled.

Respectfully submitted,

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken
State Bar No. 04057800
kchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Parkway
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

William S. Rhea
State Bar No. 16807100
brhea@dbc.com

**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000
(512) 457-8008 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

Karl S. Stern
State Bar No. 19175665
karlstern@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
711 Louisiana Street, Suite 500
Houston, Texas 77002
(713) 221-7000
(713) 221-7100 (Facsimile)

**ATTORNEYS FOR DEFENDANTS 2013 TRAVIS OAK CREEK GP, LLC AND RENE O. CAMPOS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Robert Hoffman, counsel for PNC Bank, National Association and Columbia Housing SLP Corporation about the matters giving rise to this Motion, and no agreements have been made to avoid the need for the Motion to be filed and heard.

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on this 13th day of November, 2017.

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken