UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP | § § § § | |
| Plaintiffs, | § | Case No. 1:17-cv-584-RP-ML |
| v. | § § § § | consolidated with Case No. 1:17-cv-560-RP |
| 2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS | § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR STATUS CONFERENCE**

Plaintiffs submit this Response to the Motion for Status Conference (the "**Motion**") [ECF Doc. No. 110] filed by Defendants.

### I.  RESPONSE

The single issue before the Court is whether the parties are required to conduct a Rule 26(f) conference, and whether discovery can commence without such a conference in contravention of FED. R. CIV. P. 26(d). The solution to this matter is simple: the Court should order the parties to hold a Rule 26(f) conference as required by the relevant federal rules.

Plaintiffs have repeatedly attempted to hold a Rule 26(f) conference with Defendants. First, the parties originally agreed to hold such a conference on September 6, 2017.[1] *See* Exhibit A. However, Kenneth Chaiken, lead counsel for Defendants, cancelled the conference on the

---

[1] This original conference date was within the time period provided in the Court's August 2, 2017 Order [ECF Doc. No. 73] (as extended by a subsequent Text Order of the Court on August 30, 2017) in which to hold the conference required under Local Rule CV-16, including a Rule 26(f) conference. *See* Local Rule CV-16(c).

morning it was to take place, claiming that there was "no need" for it. Similarly, on November 13, 2017, when Mr. Chaiken stated that he wanted to proceed with depositions in this case, Plaintiffs offered to proceed with discovery after a required Rule 26(f) conference, and suggested holding the conference two days later on November 15, 2017. Mr. Chaiken flatly refused to hold the conference. *See* Exhibit B. At no time have Plaintiffs done anything other than follow the relevant federal and local rules and the orders of the Court. But, for unexplained reasons, Defendants' counsel has declined to participate in a Rule 26(f) conference.

Defendants' Motion suggests that their refusal to attend a Rule 26(f) conference is somehow sufficient grounds to avoid the clear requirements of the Rule. This is not the law. Instead, Rule 26(f) provides that, except where exempted or where the "court orders otherwise" the parties must confer on the important matters described in Fed. R. Civ. P. 26(f)(2). *See, e.g.*, *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498–99 (S.D. Tex. 2005). Local Rule CV-16(c) also requires the parties to hold a Rule 26(f) conference. Thus, Defendants were required to attend a Rule 26(f) conference before initiating discovery.

Further, a Rule 26(f) conference is surely necessary in this case. Defendants' Motion wrongly suggests that establishing a schedule for the case is the only topic of the conference. Not so. For instance, Mr. Chaiken has demanded at least 10 depositions by December 31, 2017—nine depositions of Plaintiffs' witnesses and one or more of nonparty JPMorgan Chase Bank, N.A.—even though the discovery deadline is July 27, 2018. One of the main issues for a Rule 26(f) conference is for the parties to exchange views on the form, timing, and subjects of discovery. Given Mr. Chaiken's aggressive demands for substantial discovery up to and including the maximum number of depositions permitted by Fed. R. Civ. P. 30(a), a Rule 26(f) conference is

the perfect opportunity to discuss these issues, as well as depositions that Plaintiffs would like to conduct.

Similarly, the parties already engaged in substantial discovery during the injunctive phase of the case. Although Plaintiffs understand that Defendants may have additional questions for certain witnesses, Defendants are not entitled to engage in duplicative discovery. Among the nine depositions they seek from Plaintiffs, two have already been deposed by Mr. Chaiken. Defendants have also requested the deposition of Mark Gittelman, an in-house attorney for Plaintiffs, raising the question of how to handle matters protected by the attorney client and work product privileges. A Rule 26(f) conference would allow the parties to develop appropriate boundaries to avoid duplication and attorney client communications, before the discovery takes place. This is in keeping with the requirement that the parties participate in the Rule 26(f) conference.

Finally, another required topic of the conference is to discuss the "possibilities for promptly settling or resolving the case." *See* FED. R. CIV. P. 26(f)(2). Pursuant to the Court's Scheduling Order, the parties exchanged written offers of settlement on November 17, 2017, and written responses are due on December 8, 2017. A Rule 26(f) conference would allow the parties to discuss these proposals in person rather than exclusively rely on the cold exchange of formal letters.

## II. CONCLUSION

Plaintiffs respectfully request that the Court order the parties to participate in a Rule 26(f) conference by no later than December 11, 2017 (the next business day following the exchange of settlement responses), and grant Plaintiffs all such other and further relief to which they may be justly entitled.

| | |
|---|---|
| Dated: November 27, 2017. | By: /s/ *Robert M. Hoffman*<br>Robert M. Hoffman<br>Texas Bar No. 09788200<br>robhoffman@andrewskurth.com<br>James C. Bookhout<br>Texas Bar No. 24087187<br>jamesbookhout@andrewskurth.com<br>**ANDREWS KURTH KENYON LLP**<br>1717 Main Street, Suite 3700<br>Dallas, Texas 75201<br>Telephone:   (214) 659-4400<br>Facsimile:    (214) 659-4401<br><br>David P. Whittlesey<br>Texas Bar No. 00791920<br>dwhittlesey@andrewskurth.com<br>**ANDREWS KURTH KENYON LLP**<br>111 Congress Avenue, Suite 1700<br>Austin, Texas 78701<br>Telephone:   (512) 320-9200<br>Facsimile:    (512) 320-9292<br><br>**ATTORNEYS FOR PLAINTIFFS PNC BANK, N.A., COLUMBIA HOUSING SLP CORPORATION, AND 2013 TRAVIS OAK CREEK, LP** |

## CERTIFICATE OF SERVICE

I certify that on November 27, 2017, a copy of the foregoing document was served on all counsel of record via the Court's CM/ECF facilities.

/s/ *Robert M. Hoffman*
Robert M. Hoffman