EXHIBIT B

---

**From:** Kenneth Chaiken <kchaiken@chaikenlaw.com>
**Sent:** Monday, November 13, 2017 4:30 PM
**To:** Hoffman, Rob; 'hopkinsjm@gtlaw.com'
**Cc:** 'Karl Stern (karlstern@quinnemanuel.com)'; 'brhea@dbcllp.com'; Lisa Caldwell; Bookhout, James
**Subject:** RE: PNC Bank NA et al v. 2013 Travis Oak Creek GP et al, 1:17-cv-560 RP, W.D. Tex

Rob

You might also read Local Rule 16(c).

Sincerely,

Ken


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com

CONFIDENTIALITY NOTE:  This message is intended as a private, confidential communication between or among the parties identified in the heading and may be legally privileged. If you've gotten this by mistake, please delete it from your system immediately.  Unintended transmission does not constitute waiver of the attorney-client or other privilege.   Unless expressly stated, nothing in this message should be construed as a digital or e-signature, nor does it reflect an intent to make an agreement electronically.

---

**From:** Kenneth Chaiken
**Sent:** Monday, November 13, 2017 4:26 PM
**To:** 'Hoffman, Rob' <RobHoffman@andrewskurth.com>; 'hopkinsjm@gtlaw.com' <hopkinsjm@gtlaw.com>
**Cc:** 'Karl Stern (karlstern@quinnemanuel.com)' <karlstern@quinnemanuel.com>; 'brhea@dbcllp.com' <brhea@dbcllp.com>; Lisa Caldwell <lcaldwell@chaikenlaw.com>; Bookhout, James <JamesBookhout@andrewskurth.com>
**Subject:** RE: PNC Bank NA et al v. 2013 Travis Oak Creek GP et al, 1:17-cv-560 RP, W.D. Tex

Rob

I think you may be confusing this case with some other as we have already satisfied any discovery conferencing requirements under Rule 26(f).

Rule 26(f) conferences are not always required (See 26(f)(1)), but when they are required they are to occur at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).  As you  know since you

signed it, Judge Pittman required our joint submission of a proposed scheduling order (which we filed on September 7th) and after receiving the same, scheduled and held a telephonic scheduling conference, before he signed and entered a scheduling order dated October 16, 2017 that has a discovery deadline. The scheduling order in no way restricts the occurrence of discovery or conditions it upon the occurrence of any further conferences and Rule 26 does not require or contemplate a post scheduling order discovery conference, as a condition to conducting discovery or otherwise.

I will assume you know these things to be true, and thus are refusing to agree to a disclosure date or to provide the dates we have requested for depositions because you seek to obstruct our discovery efforts.  Accordingly,  we will move for an order compelling your disclosures (we intend to serve ours by November 22nd) and we will serve subpoenas and notices for the depositions we have requested occur cooperatively.

It is regrettable that you want to make these usually non-controversial issues controversial.

Sincerely,


Kenneth Chaiken


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com

CONFIDENTIALITY NOTE:  This message is intended as a private, confidential communication between or among the parties identified in the heading and may be legally privileged. If you've gotten this by mistake, please delete it from your system immediately.  Unintended transmission does not constitute waiver of the attorney-client or other privilege.   Unless expressly stated, nothing in this message should be construed as a digital or e-signature, nor does it reflect an intent to make an agreement electronically.

**From:** Hoffman, Rob [mailto:RobHoffman@andrewskurth.com]
**Sent:** Monday, November 13, 2017 3:52 PM
**To:** Kenneth Chaiken <kchaiken@chaikenlaw.com>; 'hopkinsjm@gtlaw.com' <hopkinsjm@gtlaw.com>
**Cc:** 'Karl Stern (karlstern@quinnemanuel.com)' <karlstern@quinnemanuel.com>; 'brhea@dbcllp.com' <brhea@dbcllp.com>; Lisa Caldwell <lcaldwell@chaikenlaw.com>; Bookhout, James <JamesBookhout@andrewskurth.com>
**Subject:** RE: PNC Bank NA et al v. 2013 Travis Oak Creek GP et al, 1:17-cv-560 RP, W.D. Tex

Hi Ken.

We have not had a rule 26(f) conference yet, which is a condition precedent to discovery from any source. Are you available on Wednesday for this purpose?

Also, plz include James Bookhout on your emails to me. Thanks.

Rob

**Rob Hoffman**
Partner

**ANDREWS KURTH KENYON LLP**
1717 Main Street, Suite 3700 **|** Dallas, Texas 75201
+1.214.659.4653 Phone **|** +1.214.632-1874 Cell
+1.214.659.4516 Assistant - Laurie Johnson
email | vCard | Bio | andrewskurthkenyon.com | Twitter

---

**From:** Kenneth Chaiken [mailto:kchaiken@chaikenlaw.com]
**Sent:** Monday, November 13, 2017 3:36 PM
**To:** Hoffman, Rob; 'hopkinsjm@gtlaw.com'
**Cc:** 'Karl Stern (karlstern@quinnemanuel.com)'; 'brhea@dbcllp.com'; Lisa Caldwell
**Subject:** RE: PNC Bank NA et al v. 2013 Travis Oak Creek GP et al, 1:17-cv-560 RP, W.D. Tex

Rob and Jason

In that neither of you have responded to the message below even though you both have received and read it, and know that we requested a response before the close of business today, I want to remind you that we will begin the subpoena process tomorrow given your joint lack of response and cooperation should the same continue through the evening today.

Sincerely,

Kenneth Chaiken


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com

CONFIDENTIALITY NOTE:  This message is intended as a private, confidential communication between or among the parties identified in the heading and may be legally privileged. If you've gotten this by mistake, please delete it from your system immediately.  Unintended transmission does not constitute waiver of the attorney-client or other privilege.   Unless expressly stated, nothing in this message should be construed as a digital or e-signature, nor does it reflect an intent to make an agreement electronically.


**From:** Kenneth Chaiken
**Sent:** Thursday, November 09, 2017 9:49 AM
**To:** Hoffman, Rob <RobHoffman@andrewskurth.com>; hopkinsjm@gtlaw.com
**Cc:** 'Karl Stern (karlstern@quinnemanuel.com)' <karlstern@quinnemanuel.com>; 'brhea@dbcllp.com'

3

<brhea@dbcllp.com>; Lisa Caldwell <lcaldwell@chaikenlaw.com>
**Subject:** PNC Bank NA et al v. 2013 Travis Oak Creek GP et al, 1:17-cv-560 RP, W.D. Tex

Rob and Jason:

Now that discovery is permitted in our case, we intend to promptly depose JP Morgan Chase Bank ("Chase"), through one or more of its representative having knowledge of the following:

1. The full extent and substance of any and all negotiations, communications, correspondence and/or discussions between any representatives or employees of Chase, on the one hand, and PNC Bank and/or Columbia Housing SLP Corp. on the other hand, about PNC Bank's decision to terminate its Forward Commitment to provide permanent financing to 2013 Travis Oak Creek, LP, whether occurring before or after termination occurred;
2. The full extent and substance of all negotiations , communications, correspondence and/or discussions between any representatives or employees of Chase, on the one hand, and any representatives or employees of Arbor Commercial Mortgage, on the other hand, prior to and after Arbor's withdrawal as a possible bridge loan lender for 2013 Travis Oak Creek, LP;
3. The full extent and substance of any and all negotiations , communications, correspondence and/or discussions between any representatives or employees of Chase, on the one hand, and any representatives or employees of PNC Bank and/or Columbia Housing SLP Corp. on the other hand, about Arbor Commercial Mortgage being a lender to 2013 Travis Oak Creek, LP;
4. The full extent and substance of any and all negotiations , communications, correspondence and/or discussions between any representatives or employees of Chase, on the one hand, and any representatives or employees of 2013 Travis Oak Creek, LP or 2013 Travis Oak Creek GP, LLC, about Arbor Commercial Mortgage being a lender to 2013 Travis Oak Creek, LP;
5. The full extent and substance of any and all negotiations , communications, correspondence and/or discussions between any representatives or employees of Chase, on the one hand, and any representatives or employees of PNC Bank and/or Columbia Housing SLP Corp. on the other hand, about a potential or actual default under the Chase construction loan to 2013 Travis Oak Creek, LP;
6. The full extent and substance of any and all negotiations , communications, correspondence and/or discussions between any representatives or employees of Chase, on the one hand, and any representatives of 2013 Travis Oak Creek, LP or 2013 Travis Oak Creek GP, LLC, on the other hand, about a potential or actual default under the Chase construction loan to 2013 Travis Oak Creek, LP;
7. The full extent and substance of any and all negotiations , communications, correspondence and/or discussions between any representatives or employees of Chase, on the one hand, and any guarantor (or its representative) of 2013 Travis Oak Creek, LP's construction loan obligation, on the other hand, about a potential or actual default under the Chase construction loan to 2013 Travis Oak Creek, LP;
8. The full extent and substance of any and all negotiations , communications, correspondence and/or discussions between any representatives or employees of Chase, on the one hand, and any representatives of 2013 Travis Oak Creek, LP, PNC Bank and/or Columbia Housing SLP Corp. on the other hand, about resolving any potential or actual default under the Chase construction loan to 2013 Travis Oak Creek, LP, since June 1, 2017;
9. Any and all agreements between and among Chase on the one hand, and any or all of 2013 Travis Oak Creek, LP, PNC Bank and/or Columbia Housing SLP Corp. on the other hand, about resolving any potential or actual default under the Chase construction loan to 2013 Travis Oak Creek, LP; and,

10. Any and all negotiations , communications, correspondence and/or discussions since June 1, 2017, between any representatives or employees of Chase, on the one hand, and any representatives or employees of PNC Bank and/or Columbia Housing SLP Corp. on the other hand, mentioning the Chase construction loan, foreclosure of the real property securing it or the liability of any guarantor of the loan.

To the extent she is not someone who Chase would designate to testify on its behalf about the above listed matters, we also intend to depose Dianne Stark.

We request your cooperation in scheduling these depositions, without need for a subpoena, so they can occur on a mutually convenient date or dates before December 15, 2017.  We reserve the right to cause the issuance and service of a subpoena or multiple subpoenas for dates and times that work for us, should we not hear back from both of you before November 13, 2017, with several alternative available dates and details of where you would like to conduct these depositions.

Sincerely,


Kenneth B. Chaiken
Chaiken & Chaiken, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas  75024
214/265-0250 main
214/722-9494 direct
214/265-1537 fax
kchaiken@chaikenlaw.com

CONFIDENTIALITY NOTE:  This message is intended as a private, confidential communication between or among the parties identified in the heading and may be legally privileged. If you've gotten this by mistake, please delete it from your system immediately.  Unintended transmission does not constitute waiver of the attorney-client or other privilege.   Unless expressly stated, nothing in this message should be construed as a digital or e-signature, nor does it reflect an intent to make an agreement electronically.


Confidentiality Notice: The information contained in this email and any attachments to it may be legally privileged and include confidential information intended only for the recipient(s) identified above. If you are not one of those intended recipients, you are hereby notified that any dissemination, distribution or copying of this email or its attachments is strictly prohibited. If you have received this email in error, please notify the sender of that fact by return email and permanently delete the email and any attachments to it immediately. Please do not retain, copy or use this email or its attachments for any purpose, nor disclose all or any part of its contents to any other person. Andrews Kurth Kenyon LLP operates as a Texas limited liability partnership. Andrews Kurth Kenyon DMCC is registered and licensed as a Free Zone company under the rules and regulations of DMCCA. Andrews Kurth Kenyon (UK) LLP is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA Registration No.598542). Thank you.