# EXHIBIT C

9/27/2017 3:28 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-006178
Terri Juarez

CAUSE NO. D-GN-16-006178

| | | |
|---|---|---|
| JOHN R. KELLER MASONRY, INC., § | | IN THE DISTRICT COURT OF |
|     Plaintiff § | | |
| § | | |
| vs. § | | |
| § | | |
| WEIS BUILDERS, INC. and § | | |
| FEDERAL INSURANCE COMPANY, § | | TRAVIS COUNTY, TEXAS |
| Jointly and Severally, § | | |
|     Defendants / Third-Party Plaintiffs § | | |
| § | | |
| vs. § | | |
| § | | |
| 2013 TRAVIS OAK CREEK, LP, § | | |
| 2013 TRAVIS OAK CREEK, GP, LLC, § | | |
| 2007 TRAVIS HEIGHTS, LP, and § | | |
| 2007 TRAVIS HEIGHTS, GP, LLC, § | | |
|     Third-Party Defendants § | | 250TH JUDICIAL DISTRICT |

## RESPONSE TO MOTION TO LIFT STAY

TO THE HONORABLE JUDGE:

Third-Party Defendant 2013 Travis Oak Creek GP, LLC ("Respondent") files this Response to Defendant/Third-Party Plaintiff Weis Builders, Inc.'s ("Weis") Motion to Lift Stay, and respectfully show as follows:

1.   On or about June 26, 2017, Third-Party Defendant 2013 Travis Oak Creek GP, LLC ("Oak Creek GP") filed an Emergency Motion to Abate or Stay, informing this Court of the pendency of litigation between the partners of 2013 Travis Oak Creek, LP (the "Partnership") in the U.S. District Court for the Western District, about who is the *rightful* general partner of the Partnership.  This Court signed an agreed order dated July 14, 2017 staying this matter "until a ruling is made in the U.S. Western District Court, Austin Division, Case No. 1:17-00584, **resolving** the dispute over which entity – 2013 Travis Oak Creek GP, LLC or PNC Bank, N.A./Columbia Housing SLP – is the **rightful** general partner of Defendant 2013 Travis Oak Creek, L.P." (emphasis added).

**RESPONSE TO MOTION TO LIFT STAY**　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

2. On September 12, 2017, Weis moved to lift the stay, arguing that Judge Pitman has made a ruling that resolved the dispute over which entity is the rightful general partner of the Partnership via an order dated June 19, 2017. Weis is mistaken, because the dispute over which entity is the *rightful* general partner of the Partnership remains pending and unresolved in the case in the United States District Court.

3. When a motion to stay is granted, the stay remains in effect and all action in the cause is suspended until the cause of the abatement or stay is cured. *See, e.g., Permanente Medical Assoc. v. Johnson*, 917 S.W.2d 515, 517 (Tex. App. – Waco 1996, orig. proceeding); *Texas Employers' Insurance v. Baeza*, 584 S.W.2d 317, 321 (Tex. App. – Amarillo 1979, no writ).

4. As an initial matter, the order Weis relies upon in its motion to lift stay is dated August 2, 2017, not "Jun 19, 2017" [sic] as reported by Weis in its motion. That order is attached to Weis' Motion to Lift Stay as Exhibit "A." In that order, Judge Pitman granted a motion for preliminary injunction finding Oak Creek GP was removed as the general partner of the Partnership and enjoining action that interferes with Columbia Housing SLP Corporation's singular exercise of its role, authority, powers, control, rights, duties, obligations or privileges as general partner of the Partnership. Order, p. 27.

5. But the Court did not *resolve* the dispute in the case regarding which entity is the *rightful* general partner of 2013 Travis Oak Creek, LP., nor could it have done so via a preliminary injunction order. An order of preliminary injunction is not a decision on the merits of an underlying case, and its findings and conclusions are not binding at a trial on the merits. *University of Texas v. Camenisch*, 415 U.S. 390, 395 (1981). Indeed, Judge Pitman confirmed the following in his order:

    a.    2013 Travis Oak Creek GP, LLC's loss of control over 2013 Travis Oak Creek, LP is temporary during the pendency of the U.S. District Court litigation;[1]

    b.    2013 Travis Oak Creek GP, LLC did not forfeit its general partner interest or any other interest as a consequence of the Court issuing a preliminary injunction;[2] and,

    c.    Both sides assert a present and ongoing right to control the Partnership such that the removal and its propriety remain subject to a final determination of the issue on the merits.[3]

6. As observed and confirmed by Judge Pitman in the above-referenced portions of his August 2nd order, the dispute about who is the *rightful* general partner of the Partnership remains the subject of pending claims in ongoing litigation in the U.S. District Court, and is among the primary issues to be decided and resolved in that case. *See,* Order, p. 1 ([t]his litigation concerns a dispute as to what entity is the rightful general partner of [the Partnership]").

7. At most, Oak Creek GP *temporarily* has been removed as the Partnership's acting general partner, without forfeiture of any rights or interests, and the question and dispute about who is the *rightful* general partner will not be answered and resolved until the conclusion of the federal court litigation. Accordingly, the cause for the stay in this case remains uncured, and the stay should remain in effect until the question of who the *rightful* general partner of the Partnership is, has been *resolved* by the Court before which the issue has been placed in controversy, as a primary issue so its jurisdiction to resolve that dispute is not disturbed or interfered with.

8. As noted in the agreed motion to abate or stay, a stay is needed in this case to prevent the occurrence of any action in or in connection with this case that impacts or affects the

---

[1] Order at p. 26.
[2] Order at p. 25.
[3] "[i]f, at the conclusion of this litigation the Court finds that an injunction was improvidently granted and that Oak Creek was improperly removed as general partner, then its forfeited interests can be reinstated." Order at pp. 24-25.

Partnership or its claims and defenses or rights, or that will impair or interfere with Judge Pitman's jurisdiction over the question of who is authorized to represent or act for the Partnership, for any purposes.

9. In this case, Weis has chosen to allege that both the Partnership and Oak Creek GP are liable for the breach of contract, foreclosure of liens, Texas Prompt Pay Act and Texas Constitution Trust Fund Act claims Weis asserts in this case against the Partnership, for the sole reason that Oak Creek GP "is the general partner of [the Partnership] and therefore, is liable for all claims against [the Partnership]." *See,* Weis' First Amended Third Party Petition filed February 24, 2017. Oak Creek GP's status defense (i.e., whether it can be liable as a general partner) in this case will be largely, if not entirely, dependent on the resolution of the disputes before Judge Pitman about who is the Partnership's rightful general partner.

10. Additionally, Oak Creek GP intends to assert substantive defenses to the claims asserted against it and the Partnership, whether the Partnership does so or not. Ordinarily, Oak Creek GP would be entitled to assert and prosecute all such defenses, without question about its right or ability to do so, in order to protect or defend itself from liability. And, in this case, there is a greater than usual need for Oak Creek GP to do so, given that the Partnership is now represented by counsel who may not act to assert or prosecute those defenses on behalf of the Partnership, for reasons that may be detrimental to Oak Creek GP. Oak Creek GP accordingly finds itself in the untenable position of asserting defenses and taking defensive action that the Partnership's acting general partner may object to, and in turn claim constitutes interference with Columbia Housing SLP Corporation's temporary performance of its role, authority, powers, control, rights, duties or obligations as the acting general partner of the Partnership. Oak Creek GP cannot be placed in the position of having to choose between asserting its defenses, or acting

in a manner that may be alleged to violate the preliminary injunction in the federal court litigation.

11. In any event, if the stay is lifted, this Court necessarily will be called upon to adjudicate facts or claims that will require some decision regarding who is the rightful general partner, which will impair or interfere with the jurisdiction of the U.S. District Court to decide those issues. And, lifting the stay may place Oak Creek GP in a position of being unable to defend itself, without exposure to a claim it has violated the preliminary injunction in the U.S. District Court case, or placing this Court in the position of having to evaluate the scope of that preliminary injunction, which could again impair or interfere with the U.S. District Court's jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Respondent 2013 Travis Oak Creek GP, LLC prays that this Court deny Defendant/Third-Party Plaintiff Weis Builders, Inc.'s Motion to Lift Stay, granting such other and further relief, both in law and in equity, to which Respondent may be justly entitled.

Respectfully submitted,

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken
State Bar No. 04057800

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, Texas  75024
kchaiken@chaikenlaw.com
Telephone:     (214) 265-0250
Facsimile:      (214) 265-1537

and

        Matthew J. Sullivan
mjsullivan@dbcllp.com
State Bar No. 19488325
William H. Rhea
brhea@dbcllp.com
State Bar No. 16807100
**DUBOIS BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, Texas 78701
Telephone:	(512) 457-8000
Facsimile:	(512) 457-8008

**ATTORNEYS FOR 2013 TRAVIS OAK CREEK, GP, LLC; 2007 TRAVIS HEIGHTS, LP; and 2007 TRAVIS HEIGHTS, GP, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing *Response to Motion to Lift Stay* has been served on all counsel of record via electronic service and/or electronic mail on this 27th day of September, 2017.

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken