UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PNC BANK, N.A. COLUMBIA §<br>HOUSING SLP CORPORATION, and §<br>2013 TRAVIS OAK CREEK, LP §<br>§<br>    Plaintiffs, §<br>§<br>v. §<br>§<br>2013 TRAVIS OAK CREEK GP, LLC, §<br>2013 TRAVIS OAK CREEK §<br>DEVELOPER, INC., §<br>CHULA INVESTMENTS, LTD., §<br>and RENE O. CAMPOS §<br>§<br>    Defendants. §<br>-------------------------------------------------------<br>2013 TRAVIS OAK CREEK GP, LLC §<br>and 2013 TRAVIS OAK CREEK, LP, §<br>§<br>    Plaintiffs, §<br>§<br>v. §<br>§<br>PNC BANK, N.A. and COLUMBIA §<br>HOUSING SLP CORPORATION §<br>§<br>    Defendants. § | Civil Action No. 1:17-cv-584-RP<br>(Consolidated with 1:17-cv-560-RP) |

**REPLY TO PLAINTIFFS' REPONSE TO MOTION
TO CLARIFY OR MODIFY PRELIMINARY INJUNCTION**

2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd., and Rene O. Campos (collectively "Defendants") file this Reply to Plaintiffs' Response to their Motion to Clarify or Modify Preliminary Injunction [Doc. 103], and respectfully show as follows:

**1. This is what we know:**

a. As the Court observed in its August 2, 2017 order [Doc. 73 at p. 23, emphasis added], "PNC and Columbia Housing contend[ed] the requested injunction will clarify what entity controls the Partnership **and thereby allow the Partnership to secure permanent financing and pay off the Construction Lender**" (*i.e., Chase Bank*). In the same Order (at p. 20), the Court also observed "[t]here is some evidence in the record suggesting that PNC and Columbia Housing may not have always had the Partnership's best interests at heart."[1]

b. Plaintiffs mischaracterize Defendants' main argument. Defendants do not assert that PNC and Columbia promised the Court they would prevent Chase (who they characterize as the Partnership's senior lender) from foreclosing on the Lucero Apartment Complex. To be clear, Defendants clearly assert the following:

> The Court's injunction order was premised upon emphatic promises and sworn pledges by PNC Bank N.A. ("PNC Bank") and Columbia (together, the "PNC Parties") and their counsel during the preliminary injunction hearing in July 2017 that if an injunction was ordered, the PNC Parties would cause Chase Bank – the Partnership's construction lender – to be paid, thereby curing the Partnership's ongoing post-loan maturity/non-payment default; and that the PNC Parties would bond around or otherwise secure Weis Builder's general contractor's lien against the Partnership's property. In fact, as shown below, the PNC Parties swore they would immediately take this action on behalf of the Partnership after complaining that Travis Oak Creek GP's supposed refusal to do so caused the Partnership to face imminent foreclosures.

c. The motion specifically complains about the fact that three plus months after obtaining control of the Partnership through the injunction they obtained upon promising and pledging they would act as fiduciaries and immediately refinance and take out the Chase loan and secure the Weis lien, and that the Court entered for that purpose, Columbia and PNC Bank had done neither. And Columbia and PNC Bank still have not done either of these things, as discussed

---

[1] The Court has been referred to relevant excerpts from the preliminary injunction hearing transcript and can interpret the full extent of PNC's, Columbia's and their counsel's promises and commitments regarding the Partnership's Chase loan and the Weis lien.

**REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO
CLARIFY OR MODIFY PRELIMINARY INJUNCTION** Page 2

in more detail below and acknowledged in their response to the motion to modify.

      d.      While the Defendant guarantors of the Chase loan were attempting to determine the status of the PNC Parties' efforts to refinance the Chase debt and cure the Partnership's obligations thereunder after the injunction was entered, PNC and Columbia were concealing from the guarantors that they had no intention of refinancing the debt or curing the default on behalf of the Partnership.[2]

      e.      The motion to modify [at pp. 3-4, ¶6] correctly predicted that in failing to fulfill the refinance/take out commitments they made to the Court in order to wrest control of the Partnership, the PNC Parties would leave the Partnership at risk with regard to that debt while trying to foist that risk off on the Defendant guarantors.

      f.      In the August 2, 2017 Order [Doc. 73 at p. 23] the Court expressed its concern that time was of the essence in allowing Columbia to take the "necessary steps to secure financing and cure [the Partnership's] default."

      g.      As the Partnership's acting general partner, Columbia has failed to cause the Partnership to refinance the Chase loan with a new loan (as the Partnership Agreement requires and as Columbia promised the Court it would do as a condition of being granted the right of control via an injunction), or cure the Partnership's default.

      h.      Instead, on October 12, 2017, PNC [not acting as a partner or as a new lender] invested in an acquisition and assignment of the still-in-default Chase debt, and on November 4, 2017, PNC acting as the new holder of that obligation, filed a suit in state court to recover the amount of the Partnership's defaulted debt to Chase from the Defendant guarantors.

---

[2] PNC's and Columbia's Motion for Preliminary Injunction acknowledges the Chase construction loan was a temporary financing arrangement, and the Partnership Agreement required its retirement upon maturity via a refinance by the Partnership, with a new loan. *See* Motion [Doc. 10 (in the Northern District proceeding), at p. 5].

**REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO**
**<u>CLARIFY OR MODIFY PRELIMINARY INJUNCTION</u>**        **Page 3**

i. Annoyed by the removal of the state court case to this Court and Defendants' request that it be consolidated with this case, PNC and Columbia: i) seek remand of the second filed suit; ii) object to a proposed consolidation of the suit; iii) misrepresent to the Court that they have done precisely what they have stated they would do if the injunction was granted; iv) object to any notion that the Court can compel them to refinance the Chase debt; v) object to any notion that the Court can compel them to bond around the Weis lien; vi) object to the notion of 2013 Travis Oak Creek GP, LLC being reinstated as the acting general partner; and, vii) object to any modification or clarification of the injunction or its limits.

j. Because of the injunction, the Defendant guarantors continue to have no ability to protect their interests, or the Partnership's, by pursuing a refinancing of the still-in-default Chase loan under circumstances where refinancing of that debt on behalf of the Partnership is the contemplated mechanism under the Partnership Agreement for resolving that debt and where Columbia – the currently authorized party able to cause the refinance to occur, will not satisfy what even it alleges is a general partner obligation under the Partnership Agreement to cause such a refinance. Columbia instead prefers to assist PNC Bank in its ongoing acts of self-dealing, to cause the Partnership to avoid its debt obligation and its contractual obligation to the remaining partners, to refinance the debt.

k. If the injunction is not modified to allow the Defendant guarantors to pursue the refinancing of the Partnership's Chase loan obligation, they will have no other option but to in effect, enforce the Partnership's debt obligation against the Partnership and its acting general partner Columbia, via counterclaims or third-party claims just as any guarantor may do when a primary obligor of the guaranteed debt refuses to meet its contractual obligations to resolve that debt.

**REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO**
<u>**CLARIFY OR MODIFY PRELIMINARY INJUNCTION**</u>                                                                   **Page 4**

**2.      This is what the Court can and should do:**

The Court should modify the injunction, vacate it, or appoint a receiver.[3]  Federal Rule of Civil Procedure 60(b) permits a party to request relief from a preliminary injunction on the basis that applying the injunction is no longer equitable or for "any other reason that justifies relief." Additionally, the Fifth Court of Appeals has recognized that "[T]here is no doubt that the district court has continuing jurisdiction over a preliminary injunction." *See Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974).  Tracking the language found in Federal Rule of Civil Procedure 60(b), the Fifth Circuit reasoned that a district court "is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or law, or far any other good reason." *Id.*; *see also League of United Latin American Citizens, District 19 v. City of Boerne*, 659 F.3d 421, 436 (5th Cir. 2011) *citing United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) (an injunction is always subject "to adaptation as events may shape the need") and *Sys. Fed'n No. 91, Ry. Emp. Dept., AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961) (the court's authority to modify stems from the fact "that an injunction often requires continuing supervision by the issuing court…").

The Court has been misled by the PNC Parties.  They have not acted equitably or in accordance with what the PNC Parties themselves allege are a general partner's obligations under the Partnership Agreement to refinance the temporary Chase loan or their promise to do so, and to bond around the Weis lien.  While PNC Bank's antics in buying the Chase note allow it to control whether or not a foreclosure will occur, *Columbia* -- the acting general partner – clearly has not cured the Partnership's default under the loan, nor does it intend to do so via the refinancing the Court expressly anticipated would occur imminently.  And with regard to the Weis lien and

---

[3] A motion requesting such an appointment will be filed on December 8, 2017.

**REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO
<u>CLARIFY OR MODIFY PRELIMINARY INJUNCTION</u>**                                                                           **Page 5**

litigation—Columbia is doing nothing other than what 2013 Travis Oak Creek GP, LLC was doing before the injunction, with Columbia's consent no less, which is litigate with Weis (although 2013 Travis Oak Creek GP, LLC also was prepared to post a bond around the Weis lien when it closed the Arbor loan that would have refinanced the Chase note—a closing that was imminent but for Columbia's and PNC's interference with its occurrence).

It is ironic that a party claiming the Court can enforce a general partner's Partnership Agreement obligations in the context of an injunction proceeding now argues the Court cannot modify the injunction to enforce that party's refinance obligation and promise, or its bonding obligation or promise to bond. PNC and Columbia should be estopped to so argue, but in any event, the above-cited authority clearly authorizes the Court to enforce those obligations and promises as a condition of the injunctive relief, thus the Court may do so.

Additionally or in the alternative, vacating the injunction and reinstating 2013 Travis Oak Creek GP, LLC as the acting general partner, so it can pursue a refinance of the Partnership's debt, is another option available to the Court. *Id.* Allowing 2013 Travis Oak Creek GP, LLC the opportunity to pursue such financing – even if the injunction is not otherwise modified or vacated – to aid the Court in compelling Columbia to fulfill the refinance promise and obligation, is yet another equitable option available to the Court. And in the event the injunction remains in effect, the Court can adjust the bond to further protect Defendants.

    Respectfully submitted,

    */s/ Kenneth B, Chaiken*
    Kenneth B. Chaiken
    State Bar No. 04057800
    kchaiken@chaikenlaw.com

    **CHAIKEN & CHAIKEN, P.C.**
    Legacy Town Center III
    5801 Tennyson Parkway

        Plano, Texas 75024
        (214) 265-0250 telephone
        (214) 265-1537 facsimile

        William S. Rhea
        State Bar No. 16807100
        brhea@dbc.com

        **DuBOIS, BRYANT & CAMPBELL, LLP**
        303 Colorado Street, Suite 2300
        Austin, TX  78701
        (512) 457-8000
        (512) 457-8008 (Facsimile)

        **ATTORNEYS FOR DEFENDANTS**

        Karl S. Stern
        State Bar No. 19175665
        karlstern@quinnemanuel.com
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        711 Louisiana Street, Suite 500
        Houston, Texas 77002
        (713) 221-7000
        (713) 221-7100 (Facsimile)

        **ATTORNEYS FOR DEFENDANTS 2013 TRAVIS OAK CREEK GP, LLC AND RENE O. CAMPOS**

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on this 7th day of December, 2017.

        */s/ Kenneth B, Chaiken*
        Kenneth B. Chaiken