# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PNC BANK N.A.,                          )
COLUMBIA HOUSING SLP CORPORATION        )
                                        )
          Plaintiffs,                   )
     vs.                                ) Case No. 17-CV-584-RP
2013 TRAVIS OAK CREEK GP, LLC,          )
2013 TRAVIS OAK CREEK DEVELOPER INC     )
CHULA INVESTMENTS LTD.,                 )
RENE O. CAMPOS,                         )
          Defendants.                   )
                                        )

EXCERPT TRANSCRIPT OF OPENING STATEMENTS

AND TESTIMONY OF DAVID HASSELWANDER IN THE

PRELIMINARY INJUNCTION HEARING

BEFORE THE HONORABLE ROBERT PITMAN,
TUESDAY JULY 21, 2017, 10:00 A.M.

FOR THE PLAINTIFF:   ROBERT M. HOFFMAN, ESQ.
                     JAMES C. BOOKHOUT, ESQ.
                     DAVID P. WHITTLESEY, ESQ.

FOR THE DEFENDANT:   KENNETH B. CHAIKEN, ESQ.
                     WILLIAM S. RHEA, ESQ.
                     MILLICENT M. LUNDBURG, ESQ.

Proceedings recorded by mechanical stenography, transcript produced using computer aided transcription.

Pamela J. Andasola, CSR/RMR/FCRR

2

# INDEX PAGE

**OPENING STATEMENTS:**                                                **PAGE**

   By Mr. Hoffman                                             3
   By Mr. Chaiken                                             13


**WITNESSES:**                                                          PAGE

  For the Plaintiff:

     DAVID HASSELWANDER
      Direct Examination By Mr. Bookhout            37
      Cross-Examination By Mr. Rhea                 71
      Redirect Examination By Mr. Bookhout         109
      Recross-Examination By Mr. Rhea              123


**EXHIBITS:**

| For the Plaintiff: | OFFERED | RECEIVED | REFUSED |
|---|---|---|---|
| 3 | 40 | 40 | |
| 4 | 44 | 44 | |
| 7 | 57 | 57 | |
| 10 | 63 | 63 | |
| 11 | 65 | 65 | |
| 12 | 67 | 67 | |
| 37 | 113 | 113 | |
| 41 | 47 | 48 | |
| 45 | 56 | 56 | |
| 60 | 114 | 115 | |

| For the Defendant: | OFFERED | RECEIVED | REFUSED |
|---|---|---|---|
| 11 | 90 | 91 | |
| 59 | 93 | 93 | |

| | |
|---|---|
| 1 | MORNING SESSION, JULY 21, 2017 |
| 2 | ***** |
| 3 | (The following transcript is an excerpt |
| 4 | of the OPENING STATEMENTS, and testimony |
| 5 | of DAVID HASSELWANDER, as per the |
| 6 | request of ordering counsel.) |
| 7 | ***** |

==================
OPENING STATEMENT
==================

10  MR. HOFFMAN: Thank you. May it please the Court.
11  Your Honor, here's where everybody is at 10 a.m.
12  today. There was a $26-million construction loan by Chase
13  on this project. It's a short-term loan. It was supposed
14  to be paid off before or by May of this year. It was not
15  paid off. It went into default. It threatens foreclosure.
16  It threatens to take this property, this -- of this
17  single-purpose entity away from this partnership and lose
18  everything that that partnership -- lose the entire purpose
19  of this partnership's existence.
20  Now the Court might be wondering under normal
21  commercial -- normal commercial situations, why hasn't there
22  been a permanent loan to take out the construction loan?
23  That would be what we would all expect. And that gets us to
24  the basics of this matter that's before the Court.
25  The general contractor, Weis Builders, filed a

1  And there's no dispute -- you will not see a
2  Certificate of Substantial Completion signed by the builder.
3  Those are beyond dispute.
4  So what are the defendants saying, you might
5  wonder?  Well, these are ticky-tacky defaults under the
6  partnership agreement.  These were circumstances beyond our
7  control.  Don't count these.  They're immaterial.  They're
8  immaterial.
9  Your Honor, by definition, since they can't get a
10 permanent loan to avoid the default of the construction
11 loan, and because of these three defaults -- these three
12 breaches of the partnership agreement, they are by
13 definition material to the livelihood, the existence of this
14 partnership.
15 Your Honor, Weis Builders not only filed a lien,
16 but it filed a lawsuit to foreclose on its lien.  As you
17 know, in Texas that's the way a mechanic's lien is
18 foreclosed on, so we already have one foreclosure proceeding
19 in the works in action.
20 Chase, because it wasn't -- it was a $26-million
21 loan was defaulted on, Chase has sent a Notice of Default.
22 Chase has sent off partnership funds of nearly a million
23 dollars.  Chase has said we're going to continue pursuing
24 our rights and remedies.  And as the Court is well aware,
25 banks are regulated.  They are highly regulated.  It's a

6

```
 1  highly regulated industry.
 2           There is no way that a regulator is going to allow
 3  Chase to carry a $26-million loan -- a bad loan, defaulted
 4  loan on its book when there is a $50-million apartment
 5  complex sitting for the taking at a foreclosure sale.
 6           I don't doubt that Chase wants to see what happens
 7  at this hearing before it pursues foreclosure remedy.  And,
 8  in fact, Chase has a lawyer here today to watch and to
 9  monitor this hearing.
10           But if -- if Chase isn't bought out quickly, if
11  Chase -- the Chase -- the default isn't resolved quickly,
12  the partnership is gone, the property is gone.  And more
13  importantly -- well, as importantly is a better way to say
14  it -- this property is designated "affordable housing," the
15  next buyer, the next owner after foreclosure -- it, he,
16  she -- they don't have to designate it affordable housing.
17  This property is in danger of losing its affordable-housing
18  designation.
19           That's where we are 10 a.m. today.  Here's where
20  we urge the court to be at 5 p.m. today: if the injunction
21  is granted and the first general partner, Travis -- yes,
22  first general partner, Travis Oak GP -- is enjoined from
23  interfering with our partnership right, our automatic right
24  under the partnership, for them to accept the removal and
25  let Columbia Housing act as the general partner, as the
```

C E R T I F I C A T E

1
2
3       I, Pamela J. Andasola, Certified Shorthand
4  Reporter, Registered Merit Reporter, Federal Certified
5  Realtime Reporter, in my capacity as Official Reporter do
6  hereby certify that I was present and recorded the above
7  proceedings in stenotype and reduced the same to typewritten
8  form, that the foregoing 127 pages constitute a true and
9  complete record of the proceedings, to the best of my
10 ability, had and done on July 21, 2017, before the Honorable
11 ROBERT PITMAN, Courtroom 4 of the United States District
12 Court, Western District of Texas, Austin Division.
13
14
15                    Dated this 31st day of August, 2017.
16
17
18       s/Pamela J. Andasola
         PAMELA J. ANDASOLA, CSR/RMR/FCRR
19
20
21
22
23
24
25