UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP<br><br>Plaintiffs,<br><br>v.<br><br>2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS<br><br>Defendants. | |
| 2013 TRAVIS OAK CREEK GP, LLC and 2013 TRAVIS OAK CREEK, LP,<br><br>Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION<br><br>Defendants. | Civil Action No. 1:17-cv-584-RP<br>(Consolidated with 1:17-cv-560-RP) |

**ORDER APPOINTING RECEIVER**

Before the Court is the Motion to Appoint a Receiver filed by 2013 Travis Oak Creek GP, LLC [Doc. 120]. The Court finds that the Motion is well-taken and Orders it GRANTED.

It is ORDERED that: _____ is appointed Receiver for 2013 Travis Oak Creek, L.P. (the "Partnership"), and for the Partnership's property and assets, with the full powers of a federal equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order, until further order of the Court is entered modifying or terminating the receivership.

A.     **Powers of the Receiver.**

It is further ORDERED that the Receiver is directed and authorized to accomplish the following:

1. Assume full control of the Partnership and any property owned by the Partnership, including removing any officer, director, independent contractor, employee or agent of the Partnership, from control and management of the affairs of the Partnership and any property owned by the Partnership;

2. Solely and exclusively exercise all the lawful powers of the Partnership and/or its general partner;

3. Take sole and exclusive custody, control and possession of all funds, property, and other assets in the possession of, or under the control of the Partnership, wherever situated. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information and digital data and other papers and documents.

4. Enter and take all necessary steps to secure the real property of the Partnership;

5. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to the Partnership;

6. Prevent the withdrawal or misapplication of funds entrusted to or received by the Partnership;

7. Collect all money owed to the Partnership;

8. Receive and open the mail or other deliveries addressed to the Partnership;

9. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign jurisdictions necessary to preserve or increase the assets of the Partnership necessary to carry out the duties pursuant to this Order and/or to defend the Partnership or prosecute Partnership claims by and against third parties where appropriate;

10. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities, upon obtaining leave of this Court and thereafter, only upon further order of this Court;

11. Issue subpoenas to obtain documents and records pertaining to the Partnership, its property and this receivership, and conduct discovery in this action on behalf of the receivership estate;

12. Open one or more bank or securities accounts as designated depositories for funds of the Partnership. The Receiver shall deposit all funds of the Partnership in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver is authorized to invest receivership funds in U.S. Treasury securities, money market funds or other interest-bearing accounts as appropriate in the Receiver's judgment;

13. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Partnership prior to the date of entry of this Order, except for payments that the

Receiver deems necessary or advisable to secure assets and those that are payable in the ordinary course of the Partnership's business; and,

14. Proceed to negotiate and close appropriate financing for the Partnership as the Receiver finds advisable and in the interests of the Partnership, including the financing to refinance and cure the Partnership's default under its construction loan from JPMorgan Chase Bank, N.A., subject to obtaining leave of Court to actually close the same.

**B.    Delivery to Receiver.**

It is FURTHER ORDERED that immediately upon service of this Order upon them, Plaintiffs, Defendants and the Partnership and any other person or entity served with a copy of this order shall, immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

1. Possession and custody of all funds, property, and all other assets, owned beneficially or otherwise, wherever located, by the Partnership;

2. Possession and custody of documents of the Partnership, including, but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

3. All keys, computer passwords, entry codes, PIN numbers and combinations to locks necessary to gain or to secure access to any of the Partnerships' property or assets or documents of the Partnership, including but not limited to, access to business premises, means of communication, accounts, computer systems, or other property; and,

4. Information identifying the accounts, employees, properties or other assets or obligations of the Partnership.

**C.      Cooperation with the Receiver.**

IT IS FURTHER ORDERED that Plaintiffs, Defendants, the Partnership, their agents and representatives, and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of his duties. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing all keys, entry codes, PIN numbers, and combinations to locks necessary to gain or secure access to any of the assets, property or documents of the Partnership, and any password required to access any computer or electronic files in any medium of the Partnership; advising all persons who owe money to Partnership that all debts should be paid directly to the Receiver; and signing any documents reasonably required by the Receiver to recover the Partnership's assets.

**D.      Stay.**

IT IS FURTHER ODERED that except with leave of this Court, no Plaintiff or Defendant may:

1.      Attempt to or actually foreclose, forfeit, alter or terminate any of each other's interests in the Partnership or its property;

2.      Effectuate or continue effectuating any self-help remedies, rights of offset, or actions the purpose of which is to assume or take possession of such other parties' rights or interests in the Partnership, or those of the Receiver or any agent of the Receiver; and,

3.      Doing any act or thing to interfere with the Temporary Receiver taking control, possession or management of the Partnership of its property subject to the receivership, or to in

any way interfere with the Receiver or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Partnership.

**E.     Receiver's Report to the Court and Compensation.**

IT IS FURTHER ORDERED that the Receiver maintain written accounts, itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; make such written accounts and supporting documentation available to the parties for inspection, and, within sixty (60) days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. The Receiver and all personnel hired by the Receiver shall be compensated solely out of funds now held by or in the possession or control of or which may in the future be received by the Partnership, or from proceeds of the sale of the Partnership's assets, and shall not be entitled to any other compensation. The compensation of the Receiver and his professionals shall be entitled to priority as administrative expenses. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than ninety (90) days after the date of this Order and subsequent requests filed quarterly thereafter. The requests for

compensation shall itemize the time and nature of services rendered by the Receiver and all personnel hired by the Receiver. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**F.     No bond.**

IT IS FURTHER ORDERED that the Receiver is appointed without bond.

**G.     Expedited Discovery.**

IT IS FURTHER ORDERED that the Receiver may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d). The Receiver may take depositions of representatives of the Partnership, Plaintiffs and Defendants and non-parties subject to two calendar days' notice pursuant to FRCP 30(a) and FRCP 45, that notice may be given personally, by facsimile, or by electronic mail, and more than ten depositions may be taken.

The Receiver may conduct expedited discovery to enable the Partnership to fulfill its duties and obligations and protect the Partnership from further loss or damage.

**H.     Force and Effect.**

This order shall remain in full force and effect until further order of the Court and this Court retains jurisdiction of this matter for all purposes.

Signed this _____ day of _____, 2017.

HONORABLE ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE