UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PNC BANK, N.A. COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP<br><br>　　　Plaintiffs,<br><br>v.<br><br>2013 TRAVIS OAK CREEK GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS<br><br>　　　Defendants.<br>-------------------------------------------------------<br>2013 TRAVIS OAK CREEK GP, LLC and 2013 TRAVIS OAK CREEK, LP,<br><br>　　　Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A. and COLUMBIA HOUSING SLP CORPORATION<br><br>　　　Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§ |
| | Civil Action No. 1:17-cv-584-RP<br>(Consolidated with 1:17-cv-560-RP) |

## REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

　　　2013 Travis Oak Creek GP, LLC, 2013 Travis Oak Creek Developer, Inc., Chula Investments, Ltd., and Rene O. Campos (collectively "Defendants") file this Reply in Support of their Motion to Consolidate [Doc. 107], and respectfully show as follows:

1.      Ironically, in response to the pending Motion to Consolidate, the Court has not heard from the lawyer representing PNC Bank, N.A. who filed the so-called Guaranty Litigation in state court. Instead, PNC Bank's counsel in this case has chosen to respond to the Motion.

2.      The opposition is grounded in three arguments. First, PNC argues the motion to consolidate is premature because a pending motion to remand the Guaranty Litigation to state court somehow deprives the Court of subject matter jurisdiction to grant a consolidation motion. PNC cites no authority for the proposition. Second, PNC argues that the Guaranty Litigation has little or nothing to do with the issues in this case. This argument ignores the obvious relationship and overlap in issues between the parties, and subject matters of both suits. Finally, throwing up a proverbial "Hail Mary", PNC argues there is a substantial risk of confusion of the issues and prejudice to PNC. This argument is unpersuasive.

      A.      **Subject Matter Jurisdiction Clearly Exists**

3.      The Court has subject matter jurisdiction over the Guaranty Litigation. Indeed, there is no dispute that Plaintiff and Defendants in that case are completely diverse, that the amount in controversy in that case exceeds $75,000, and that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a). The only issue raised by the motion for remand is the procedural propriety of the removal, which actually is not a jurisdictional issue. *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) (explaining the difference between challenges based purely on statutory removal procedures, and challenges based on lack of subject matter jurisdiction). *See also In re Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir.) (discussing the same distinction).

4.  Conspicuously absent from PNC Bank's response is any authority holding that a Court is required to suspend its consideration of a motion to consolidate, until it decides a remand motion that is not grounded in an absence of subject matter jurisdiction. The Court should decline PNC Bank's invitation to apply a non-existent, putative no-jurisdiction rule.

**B.  The Guaranty Litigation and this Case Share a Common Nucleus of Operative Facts and Parties, and both Arise from a Common Transaction and Legal Inquiry**

5.  The facts concerning the disputes and controversies between the parties are well known to the Court given their extensive presentation already. PNC Bank is a plaintiff in this case and in the Guaranty Litigation and all of the Defendants in the Guaranty Litigation other than Eureka Multi-family Group are parties to both cases.

6.  Importantly, for purposes of evaluating the motion to consolidate, the Court should take judicial notice that throughout its Amended Complaint in this action, PNC complains about the failure of the Partnership to pay off or refinance the Chase loan and alleges claims for monetary damages related to that failure against all of the parties it has sued in this case (other than Eureka Multifamily Group). *See* Doc. 9 ¶¶ 13, 14, 20, 23(ii)(a), 23(v), 35-39 and 55 (including breach of contract, breach of fiduciary duty and breach of guaranty claims). PNC also concedes that 2013 Travis Oak Creek, LP (the "Partnership") arranged a construction loan from Chase Bank that all partners agreed was a temporary loan that would be paid off or refinanced, with new financing.

2635444.1

7.      Thus far in this case, issues related to the Chase construction loan, the Partnership's post-maturity default thereunder, and the obligation of an acting general partner to cure such default by refinancing it, have been litigated.[1]  This Court already has partially litigated the issue of the efforts of 2013 Travis Oak Creek GP, LLC to cause the required refinance to occur to cure the Partnership default, and it recently has been called upon to litigate Columbia's failure to do so upon being designated the Partnership's acting general partner during the litigation.[2] The Court has before it, in this case, counterclaims involving the Chase Bank loan and the Court will be asked to entertain additional counter-claims or third party claims concerning PNC Bank's efforts to enforce the Chase debt against, by Defendants, seeking contribution, indemnity or equitable subrogation rights from or against the Partnership and Columbia Housing— its acting general partner. Those claims would be compulsory counterclaims or third party claims, in this case, further underscoring why consolidation of the Guaranty Litigation is required. And, in this case, the Court will be asked to evaluate the proper legal treatment of PNC's acquisition of the Chase loan.  Defendants anticipate that the Court might find the acquisition to qualify as the effective refinance of the debt itself such that it is no longer is in default, and thus not enforceable against the guarantors. That issue will, in large part, be dependent upon PNC Bank's relationship to the Partnership as a partner, and evaluation of the duties and obligations that flow from that

---

[1] On August 2, 2017, this Court wrote  [Doc. 73 at p. 23, emphasis added] "PNC and Columbia Housing contend[ed] the requested injunction will clarify what entity controls the Partnership **and thereby allow the Partnership to secure permanent financing and pay off the Construction Lender"** (*i.e.,* **Chase Bank**).  The Court also expressed [Doc. 73 at p. 23] its concern that time was of the essence in allowing Columbia to take the "necessary steps to secure financing and cure [the Partnership's] default."

[2] Now pending before the Court in this action are a motion to modify or clarify the preliminary injunction, and a motion to appoint receiver filed against PNC and Columbia because they failed to honor their pledge to the Court to refinance the Chase loan if the injunction was granted, and Columbia's failure to meet its Partnership Agreement obligation or duty to cure the Partnership's default under the Chase loan, by refinancing the debt.  [Docs. 103 and 120]

partnership relationship, and PNC's admissions in this case about how the Chase debt default is required to be resolved.

8. The cases present a clear example of precisely the type of overlap of parties and subject matter necessary to justify consolidation of related cases. Consolidation of the case for discovery and pretrial activity will allow for the parties to efficiently litigate the related claims and controversies, avoid parallel proceedings and the possibility of duplication of efforts.

C. **Consolidation Will Create No Prejudice or any Risk of Confusion of the Issues**

9. PNC's concerns about a jury trial waiver and alleged absence of defenses to its claim to enforce the guaranty are misplaced and incorrect. But neither creates confusion or has any risk of confusion. If PNC is correct and there has been a jury waiver, the court can sever for bench trial purposes, any claims or defenses that it finds to be affected by such a waiver. The Court also will have ample opportunity prior to trial to resolve any disputes about the availability or non-availability of defenses.

10. With regard to PNC's argument that a jury may be confused by the relationships of PNC and Columbia as partners, and PNC acting a lender, that risk of confusion is created by the conflicts of interest PNC has repeatedly and voluntarily undertaken throughout its relationship with the Defendants in both cases. And to be clear, the conflict between PNC Bank acting as a lender and as partner prominently already exists in this case. Finally, whether they like it or not, PNC's role as a partner and as a lender— both with regard to its termination of the Forward Commitment and its acquisition and decision to enforce the Chase note as it has, will be the highlight of the breach of fiduciary duty claim that already exists against it in this case, and that claim as Defendants anticipate amending it.

Respectfully submitted,

*/s/ William S. Rhea*
William S. Rhea
State Bar No. 16807100
brhea@dbc.com

**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX 78701
(512) 457-8000
(512) 457-8008 (Facsimile)

Kenneth B. Chaiken
State Bar No. 04057800
kchaiken@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Parkway
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

Karl S. Stern
State Bar No. 19175665
karlstern@quinnemanuel.com

**QUINN EMANUEL URQUHART & SULLI-VAN, LLP**
711 Louisiana Street, Suite 500
Houston, Texas 77002
(713) 221-7000
(713) 221-7100 (Facsimile)

**ATTORNEYS FOR DEFENDANTS 2013 TRAVIS OAK CREEK GP, LLC AND RENE O. CAMPOS**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on this 13th day of December, 2017.

                                  */s/ William S. Rhea*
                                  William S. Rhea