IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A., COLUMBIA HOUSING SLP CORPORATION, and 2013 TRAVIS OAK CREEK, LP, <br><br> Plaintiffs, <br><br> v. <br><br> 2013 TRAVIS OAK CREEK, GP, LLC, 2013 TRAVIS OAK CREEK DEVELOPER, INC., CHULA INVESTMENTS, LTD., and RENE O. CAMPOS, <br><br> Defendants. | § § § § § § § § § § § § § § § | 1:17-cv-584-RP <br> (*consolidated with* 1:17-cv-560-RP) |
| 2013 TRAVIS OAK CREEK, GP, LLC and 2013 TRAVIS OAK CREEK, LP, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK., N.A. and COLUMBIA HOUSING SLP CORPORATION, <br><br> Defendants. | § § § § § § § § § § § § § § § | |

**ORDER**

Before the Court is 2013 Travis Oak Creek, LP's, 2013 Travis Oak Creek, GP, LLC's, and Rene O. Campos's ("Movants") Motion to Reopen Case to Enforce Settlement Agreement. (Dkt. 204). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be granted.

**I. BACKGROUND**

On January 7, 2019, the parties in this case filed a Joint Motion to Abate, representing that they were in the process of preparing a settlement. (Dkt. 192). In response, the Court stayed the case

1

until February 18, 2019. (Dkt. 193). After several requests to extend the stay, (Dkts. 194, 196, 197, 198), the parties filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), dismissing all claims and counterclaims in this action with prejudice. (Dkt. 202). In their stipulation, the parties asked the Court to retain jurisdiction over this action for the purpose of enforcing their settlement agreement. (*Id.* at 1–2 ("This stipulation of dismissal is without prejudice to the Parties' reserved rights to enforce their settlement agreement, if and as may be necessary, in this Court.")).

On October 7, 2019 the Court entered a Final Judgment. (Dkt. 203). In its final judgment, the Court explicitly retained "jurisdiction to enforce the parties' settlement and resolve any disputes related to it." (Dkt. 203, at 2 ("**IT IS ORDERED** that the Court shall retain jurisdiction to enforce the parties' settlement agreement and resolve any disputes related to it.")).

Movants allege that Respondents have refused to fulfill certain terms of the settlement. (Dkt. 204, at 2). As a result of Respondents' alleged actions, Movants filed a Motion to Reopen Case to Enforce Settlement Agreement on December 1, 2021. (*Id.*). Respondents filed a response on December 15, 2021. (Dkt. 205). Movants filed a reply on December 22, 2021. (Dkt. 206).

## II. DISCUSSION

"Enforcement of a settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "'[A] district court's jurisdiction over a case that is settled and voluntarily dismissed by stipulation cannot extend past the filing date absent an express contingency or extension of jurisdiction.'" *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010)). But a district court is "authorized to embody the settlement contract in its dismissal order (or, what has the same effect,

retain jurisdiction over the settlement contract) if the parties agree." *SnallBizPros*, 618 F.3d at 463. (quoting *Kokkonen*, 511 U.S. at 381–82).

To ensure that a court retains jurisdiction to enforce the terms of a settlement agreement, "the filing's effectiveness must be contingent upon a future act (such as the district court issuing an order retaining jurisdiction)." *Id.* A district court "may make a settlement agreement part of its dismissal order: either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002).

### III. DISCUSSION

The Court has the power to reopen this case for the purposes of enforcing the parties' settlement agreement. A court may "reopen a case to enforce a settlement agreement if the order of dismissal contains language expressly retaining jurisdiction over the enforcement of the settlement agreement. *Goudelock v. McLemore*, 985 F.Supp.2d 816, 817 (N.D. Miss. 2013) (citing *Kokkonen*, 511 U.S. at 382). Here, the Court's order expressly retained jurisdiction over enforcement of the settlement agreement.

Movants have not addressed the merits of a motion to enforce the agreement. Instead, Movants ask the Court to reopen this case to allow them to file a motion to enforce settlement. Respondents' main argument in opposition is that Movants have not presented any precedent that justifies this reopening the case. (Resp., Dkt. 205, at 3). But it is undisputed that this Court's Final Judgment reads: "**IT IS ORDERED** that the Court shall retain jurisdiction to enforce the parties' settlement agreement and resolve any disputes related to it." (Final Judg., Dkt. 203, at 2). The Court retains jurisdiction to enforce the settlement because its Final Judgment explicitly discussed enforcement jurisdiction and made the "settlement agreement part of its dismissal order . . . by

separate provision." *Hospitality House*, 298 F.3d at 430. Accordingly, for good cause shown, the Court will grant Movants' motion.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Movants' Motion to Reopen Case to Enforce Settlement, (Dkt. 204), is **GRANTED**. The case is reopened for the purposes of enforcing the settlement agreement.

**IT IS FURTHER ORDERED** that Movants submit a motion to enforce the settlement agreement on or before **December 2, 2022.**

**SIGNED** on November 18, 2022.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE